UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-00670-RGK-AGRx | Date | Hearing: 3/24/14 |
|---|---|---|---|
| Title | *Angel Aguiar v. Merisant Company et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order re:** Defendants' Motion to Dismiss (DE 14)

I.   **INTRODUCTION**

Plaintiff Angel Aguiar ("Plaintiff") filed a putative class action complaint in this Court on January 28, 2014. The Complaint names as defendants Merisant Company ("Merisant") and Whole Earth Sweetener Co., LLC ("Whole Earth") (collectively "Defendants"). Plaintiff's Complaint arises out of the allegedly deceptive marketing, advertising, labeling, and sales of PureVia Stevia ("PureVia"), a sugar-alternative sweetener. The Complaint lists causes of action for: (1) Unjust enrichment; (2) Breach of express warranty; (3) Breach of implied warranty; (4) Violation of the consumer fraud laws of various states; (5) Violation of California Business and Professions Code section 17200 et seq. based on fraudulent acts and practices; (6) Violation of California Business and Professions Code section 17200 et seq. based on commission of unlawful acts; (7) Violation of California Business and Professions Code section 17200 et seq. based on unfair acts and practices; (8) For injunctive relief under the California Consumers Legal Remedies Act; (9) and violation of California Business and Professions Code section 17200 et seq. based on false advertising. The Complaint seeks certification of a nationwide and a California class; declaratory relief; injunctive relief; restitution; disgorgement; damages; and attorney's fees and costs.

Defendants filed a Motion to Dismiss on February 21, 2014. For the reasons that follow, the Court denies Defendants' Motion in part and grants Defendants' Motion in part.

II.   **FACTUAL BACKGROUND**

This factual background is based on the allegations contained in the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-00670-RGK-AGRx | Date | Hearing: 3/24/14 |
|---|---|---|---|
| Title | ***Angel Aguiar v. Merisant Company et al.*** | | |

Plaintiff is an individual consumer who is a citizen of California. Plaintiff purchased the sugar-alternative sweetener PureVia at a Target store in Los Angeles in February, May, August, and October of 2013 and on or about January 22, 2014.

Defendants Merisant and WholeEarth are privately held Delaware corporations. Defendant WholeEarth is a subsidiary of Merisant. Defendants allegedly market, advertise, distribute, and sell PureVia in California and throughout the United States.

PureVia is a tabletop packet sweetener for food and beverages containing, among other ingredients, extract from the stevia plant. According to Plaintiff, PureVia is made predominantly with either synthetic isomaltulose, commonly known as Palatinose, or with synthetic dextrose. Plaintiff alleges that from 2008 to 2010, the primary ingredient in PureVia was isomaltulose. Plaintiff also alleges that from 2008 to the present, the top ingredient in PureVia has been dextrose.[1] PureVia also contains an extract from the stevia plant called rebaudioside A, or "Reb A." According to Plaintiff's allegations, Reb A constitutes less than 5 percent of the composition of PureVia.

According to Plaintiff, Defendants have consistently marketed PureVia as a natural sweetener primarily made from the stevia plant. Plaintiff alleges that the packaging and labeling of PureVia contain images of a natural stevia leaf and the words "all natural zero calorie sweetener." Plaintiff further alleges that the PureVia website portrays PureVia as a natural sweetener. The website allegedly states, among other things, that

- PureVia is a "great tasting all natural alternative to sugar."

- "A pure extract of the naturally sweet stevia plant is the secret to PureVia's sweetness."

- PureVia is "made from ingredients found in nature."

- "PureVia is a sweet little zero calorie marvel that comes from the leaves of a plant called stevia. The stevia plant grows sweeter day by day, with a little help from rich soil, warm sun and generous rain."

- "PureVia only contains natural sweeteners."

According to Plaintiff, these statements caused Plaintiff and other members of the class to believe that PureVia is a natural sweetener primarily made from the stevia plant. Plaintiff alleges that he and other

---

[1]It is unclear from Plaintiff's Complaint whether isomaltulose or dextrose was the primary ingredient between 2008 and 2010. Because Plaintiff did not purchase PureVia until 2013, the apparent contradiction in the Complaint does not appear to be material to this Motion.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 14-00670-RGK-AGRx | Date | Hearing: 3/24/14 |
|---|---|---|---|
| Title | *Angel Aguiar v. Merisant Company et al.* | | |

members of the putative class relied on the representations made on PureVia's packaging when purchasing the product.

Plaintiff contends that the representation that PureVia is primarily made from the stevia plant is false because PureVia is primarily made from either isomaltulose or dextrose, not stevia. According to Plaintiff, no reasonable consumer would have reason to know that PureVia only contains a small amount of the stevia-derived ingredient Reb A.

Plaintiff also contends that the representation that PureVia is a *natural* sweetener is false. According to Plaintiff, Reb A is a highly processed, high-purity stevia extract and is not what most consumers consider to be natural stevia. Plaintiff alleges that the term "stevia" typically refers to the crude stevia preparation of liquid or powder obtained through a natural process of drying and crushing stevia leaves and then extracting their contents with hot water. Natural crude stevia can be purchased in health food stores.

Plaintiff alleges that, unlike crude stevia extract, Reb A is obtained through a harsh and unnatural chemical purification process. This patented process begins with the extraction of the sweet glycols from the *Stevia rebaudinia* plant. The dried leaves of the stevia plant are steeped in hot water for up to six hours. The water is then filtered and its pH adjusted by adding calcium hydroxide. After heating and cooling the filtrate, the solution is neutralized by adding ferric chloride. The precipitate that forms is filtered out of the solution and then passed through several cation-exchange resins. The filtrate is then concentrated and spray-dried, producing a powdered extract. This extract is dissolved in methanol, warmed, and agitated to produce Stevioside, one of the sweet glycosides found in extract of Stevia. The precipitate is filtered from the solution. The remaining filtrate is evaporated to remove any remaining methanol and the resulting syrup diluted with water and passed through polysulfone-based ultrafiltration membranes. The filtrate is concentrated and spray dried to obtain a powder of Reb A. This powder is dissolved in ethanol, agitated until a precipitate forms, and the precipitate is filtered and dried. The Reb A is again mixed with ethanol and slowly agitated for about one hour, causing crystals to form. These crystals are then filtered and dried.

Plaintiff contends that consumers would not consider a "harshly chemically processed" product to be natural. According to Plaintiff, "[a] reasonable consumer understands a natural product to be one that does not contain man-made, synthetic ingredients, is not subject to harsh chemical processes, and is only minimally processed." (Pl.'s Compl. at ¶ 34.)

Plaintiff alleges that he purchased PureVia based on Defendants' labeling, advertising, and marketing of PureVia as a natural sweetener primarily made from the stevia plant. Plaintiff further alleges that he suffered damages because PureVia costs more than comparable sweeteners that do not purport to be natural.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-00670-RGK-AGRx | Date | Hearing: 3/24/14 |
|---|---|---|---|
| Title | ***Angel Aguiar v. Merisant Company et al.*** | | |

## III.   JUDICIAL STANDARD

The federal pleading standard states in relevant part that "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion, the court must assume allegations in the challenged complaint are true, and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, a pleading must contain sufficient factual matter that, if accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## IV.   DISCUSSION

Defendants ask the Court to dismiss Plaintiff's Complaint for failure to state a claim on which relief can be granted. Defendants raise five arguments. First, Defendants contend that Plaintiff has failed to allege that PureVia is not objectively "natural." Second, Defendants argue that no reasonable consumer could be misled by PureVia's labeling. Third, Defendants urge the Court to defer to the FDA's jurisdiction pursuant to the doctrine of "primary jurisdiction." Fourth, Defendants contend that there is no cause of action for unjust enrichment under California law. Fifth, Defendants argues that Plaintiff has not pleaded a breach of express warranty. The Court considers these arguments below.

### A.   Defendants' Request for Judicial Notice

Defendants filed a Request for Judicial Notice on February 21, 2014. Defendants ask the Court to take notice of: (1) PureVia's packaging; (2) PureVia's website; (3) various Food and Drug Administration and U.S. Department of Agriculture records; (4) packaging of other stevia-based sweeteners; and (5) packaging of artificial sweeteners. Plaintiff opposes the Court taking notice of any documents except PureVia's packaging and certain FDA and USDA documents.

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As a general matter, courts do not hear evidence on a Rule 12(b)(6) motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 n.45 (9th Cir. 2001). An exception exists for "unattached evidence on which the complaint 'necessarily relies.'" *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 n.19 (9th Cir. 2011). The Court may also take judicial notice under Rule 201 of "matters of public record." *Id.* (citing Lee, 250 F.3d at 689.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-00670-RGK-AGRx | Date | Hearing: 3/24/14 |
|---|---|---|---|
| Title | *Angel Aguiar v. Merisant Company et al.* | | |

### 1.     The Court Takes Judicial Notice of PureVia's Packaging

Plaintiff makes reference to PureVia's packaging in his Complaint. "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The Court finds that Plaintiff's Complaint necessarily relies on PureVia's packaging. The Court accordingly takes judicial notice of the packaging in deciding this Motion.

### 2.     The Court Takes Judicial Notice of January 6, 2014 FDA Letter

On January 6, 2014, Leslie Kux, FDA's Assistant Commissioner for Policy, sent a letter responding to three district courts' referrals of food labeling cases to FDA. (*See* Def.'s Mtn. to Dismiss, Ex. 1.) Plaintiff does not oppose the Court taking judicial notice of this letter. Because this letter figures prominently into the parties' arguments regarding whether the Court should defer to FDA's jurisdiction, the Court takes notice of this letter. The Court declines to take notice of other FDA or USDA materials.

### 3.     The Court Does Not Take Notice of Other Documents

The Court has reviewed Defendants' Request for Judicial Notice. The Court does not believe that the other documents cited in the Request are relevant to deciding this Motion and the Court declines to take judicial notice of them.

### B.     Plaintiff's Complaint Adequately Alleges that PureVia Contains "Synthetic" Ingredients

Plaintiff's Complaint alleges that PureVia contains "synthetic isomaltulose or dextrose." (Compl. ¶ 20.) Defendants contend that there is insufficient "factual enhancement" in the Complaint showing that ingredients in PureVia are synthetic. The Court disagrees.

Plaintiff alleges that the isomaltulose or dextrose contained in PureVia is "synthetic." Defendants, citing Merriam-Webster's Dictionary, assert that to be "synthetic," a substance cannot be "existing in or produced by nature." (Def.'s Opp. at 16.) Under Defendants' definition of "synthetic," then, Plaintiff's Complaint plainly alleges that the isomaltulose or dextrose contained in PureVia is not "existing in or produced by nature." The Court does not believe that Federal Rule of Civil Procedure 9(a) requires Plaintiff to plead any "further factual enhancement" to state a plausible claim under these circumstances. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### C.     Plaintiff Does Not Need to Plead An Objective Definition of "Natural" In Its Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-00670-RGK-AGRx | Date | Hearing: 3/24/14 |
|---|---|---|---|
| Title | ***Angel Aguiar v. Merisant Company et al.*** | | |

Defendants contend that Plaintiff "fails to plead any objective definition of 'natural.'" (Pl.'s Mtn for S.J., at 8.) Defendants further contend that, because Reb A and other ingredients in PureVia allegedly "exist in nature," Plaintiff cannot possibly demonstrate that PureVia is not "natural." (Pl.'s Mtn for S.J., at 8-9.) The Court disagrees, finding that the relevant statutes do not require Plaintiff to plead "objective" definitions of the terms he claims are misleading.

California's Unfair Competition Law prohibits "unlawful, unfair or fraudulent business act or practice." Cal. Bus. Prof. Code § 17200. The false advertising law prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. Prof. Code § 17500. California's Consumer Legal Remedies Act prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Plaintiff's claims under these statutes are governed by the "reasonable consumer" test. *See Williams v. Gerber Products Co.*, 552 F.2d 934, 938 (9th Cir. 2008) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506-507 (2003)). Under this test, Plaintiff must demonstrate that "members of the public are likely to be deceived." *See id.* (quoting *Freeman*, 68 F.3d at 289 (quoting *Bank of West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992))). Notably, "[t]he California Supreme Court has recognized 'that these laws prohibit 'not only advertising which is false, but also advertising which [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public'." *Id.* (quoting *Kasky v. Nike*, 27 Cal. 4th 939, 951 (2002) (quoting *Leoni v. State Bar*, 39 Cal. 3d 609, 626 (1985))).

Plaintiff has alleged that reasonable consumers understand the term "natural," as applied to a food product like PureVia, to denote a product that "does not contain man-made, synthetic ingredients, is not subject to harsh chemical processes, and is only minimally processed." (Pl.'s Compl., at ¶ 34.) Defendants cite no law requiring Plaintiff to plead an objective definition of the term Plaintiff claims is misleading. The Court does not believe that the reasonable consumer test requires Plaintiff to specify a specific dictionary definition of the term "natural" in order state a claim for relief. Instead, Plaintiff may state a claim by alleging how labeling PureVia as, among other things, "all natural" would be likely to deceive a significant portion of reasonable consumers. Plaintiff has done so by specifically alleging how reasonable consumers define the term "natural," and by alleging why PureVia does not conform to that definition.

### D.     Defendants Have Not Shown that Consumer Deception Is Impossible

Defendants contend that no reasonable consumer could be misled by PureVia's "natural" claim or its packaging, and that Plaintiff's claims should therefore be dismissed at the pleading stage. The Court disagrees.

As the Ninth Circuit has observed, "California courts ... have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.2d at 938-39 (citing *Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal. App.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-00670-RGK-AGRx | | Date | Hearing: 3/24/14 |
|---|---|---|---|---|
| Title | ***Angel Aguiar v. Merisant Company et al.*** | | | |

4th 115, 134-35 (2007)) (additional citations omitted). Dismissal of claims under the Unfair Competition Law is appropriate only in "rare situations." *Id*. at 939. One such situation is where "the advertisement itself [makes] it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *See id*. (citing *Freeman*, 68 F.3d at 285). Defendants contend, in effect, that the circumstances of this case make it impossible to prove that PureVia's packaging and advertising were likely to deceive reasonable consumers. The Court addresses Defendants' arguments below.

> 1. *The Fact that "Crude" Stevia Cannot Be Sold As Food Product Does Not Make Consumer Deception Impossible As A Matter Of Law*

Plaintiff contends that the "highly processed, high-purity stevia extract Reb A in PureVia is not what most consumers, including Plaintiff and members of the Classes, consider to be natural stevia." (Compl. ¶ 22.) In support of this contention, Plaintiff alleges that "[s]tevia typically refers to the crude stevia preparation (powder or liquid), which is obtained through the ***natural process*** of drying and crushing stevia leaves and then extracting them with hot water. The natural crude stevia extract can be purchased as a supplement in health food stores." (Compl. ¶ 23.) (emphasis in original).

In opposition, Defendants argue that "no reasonable consumer would ever expect Pure Via or any other zero calorie sweetener to contain 'crude stevia' because nobody sells such a food in the United States. It is *illegal* to sell crude stevia as a sweetener–a violation of the law that FDA has enforced." (Def.'s Opp. at 13.)

Defendants' position is without merit. First, even assuming that it would be illegal for PureVia to contain crude stevia, it would not make it "impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." Whether consumers are aware that it is illegal to sell crude stevia is a question of fact. If a majority of consumers associate the word "stevia" with crude stevia and not Reb A, it could be possible for Plaintiff to prove likelihood of consumer deception notwithstanding the fact that crude stevia cannot be sold as a food product. Second, Plaintiff alleges that PureVia is not "natural" for several reasons, only one of which has to do with the absence of crude stevia from the product. Defendants' illegality argument does not purport to address Plaintiff's other allegations, including that PureVia contains synthetic dextrose and/or isomaltulose, and that Reb A's processing renders it a non-natural ingredient. For these reasons, even if it were illegal to sell crude stevia as a food product, this fact would not, by itself, warrant dismissal at this juncture.

> 2. *Defendants' Disclosures And List Of Ingredients On Packaging Do Not Render Deception Impossible*

Defendants argue that no reasonable consumer could be deceived by PureVia's "natural" claim in light of the disclosures and ingredients list on the packaging. First, Defendants argue that no reasonable consumer could conclude that crude stevia was the primary ingredient in PureVia because "the ingredients panel of the box tells consumers that Pure Via contains 'Reb A (Stevia Extract),' not

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 14-00670-RGK-AGRx | Date | Hearing: 3/24/14 |
|----------|-------------------|------|------------------|
| Title | *Angel Aguiar v. Merisant Company et al.* | | |

crude stevia. The box also lists the Reb A stevia extract as the *second* ingredient." (Def.'s Opp. at 12.) Second, Defendants argue that the Pure Via website explains in detail the process for extracting Reb A and, therefore, no reasonable consumer could be deceived about the nature of that process. Defendants' arguments are without merit.

In assessing these arguments, the Court must begin with the Ninth Circuit's opinion in *Williams v. Gerber Products*. 552 F.3d 934. In *Williams*, plaintiffs challenged several features of the packaging Gerber used to sell "Fruit Juice Snacks." *Id*. at 936. Plaintiff challenged the use of the words "Fruit Juice" near images of oranges, peaches, strawberries, and cherries. *Id*. Plaintiffs contended that this juxtaposition was deceptive because the product did not contain juice from any of the fruits depicted. *Id*. Plaintiffs also challenged a statement on the packaging describing the product as made "with real fruit juice and other all natural ingredients." *Id*. Plaintiffs contended that this description was deceptive because the two most prominent ingredients were corn syrup and sugar. *Id*.

The district court granted Gerber's motion to dismiss. It held that "no reasonable consumer upon review of the package as a whole would conclude that Snacks contains juice from the actual and fruit-like substances displayed on the packaging particularly where the ingredients are specifically identified. *Id*. at 939 (quoting *Williams*, 439 F. Supp. 2d 1112, 1116 (S.D. Cal.)). The Ninth Circuit reversed, observing that it "disagree[d] with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Id*. at 939.

*Williams* instructs that whether disclosures on the back of a product's packaging mitigate allegedly misleading representations on the front of a product's packaging is primarily a question of fact. While it is possible that the facts will ultimately support Defendants' contention that reasonable consumers would not be misled by the totality of PureVia's packaging, the Court cannot say that no consumer could be misled as a matter of law. Dismissal is therefore inappropriate at this juncture.

### 3.    *Even If PureVia's Packaging Disclosed That Its Ingredients Were Processed, Plaintiff Still Adequately Alleges Consumer Deception.*

Defendants contend that no reasonable consumer could conclude that Pure Via does not contain processed ingredients because the package states that "[e]ach ingredient is *processed* to assure consistency, stability, and safety." (Def.'s Opp. at 12.) (emphasis added). Defendants subtly misconstrue Plaintiff's allegations. Plaintiff alleges that reasonable consumers would understand PureVia's "natural" claim to mean that the product "does not contain man-made, synthetic ingredients, is not subject to harsh chemical processes, and is only minimally processed." (Pl.'s Compl. at ¶ 34.) Plaintiff does not allege that consumers would expect PureVia to be wholly unprocessed. Plaintiff instead alleges that the specific, intensive process Defendants use to produce Reb A does not conform to reasonable consumers' understanding of the term "natural." After reviewing Plaintiff's allegations about how Reb A is produced, the Court cannot say that it would be impossible for reasonable consumers to have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-00670-RGK-AGRx | Date | Hearing: 3/24/14 |
|---|---|---|---|
| Title | *Angel Aguiar v. Merisant Company et al.* | | |

misled by Defendants' claim that PureVia is "all natural."

### C. Deference To The FDA Is Unwarranted

Defendants argue that "the doctrine of primary jurisdiction counsels that this case should be dismissed or indefinitely stayed in favor of the expertise and regulatory processes of FDA." The Court disagrees.

"Primary jurisdiction" is a "prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts." *Syntek Semiconductor Co., Ltd. v. Microchip Technology Inc.*, 307 F.3d 775, 780 (9th Cir. 2002). "Primary jurisdiction is properly invoked when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Id.* (quoting *Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002). "Although the question is a matter for the court's discretion, courts in considering the issue have traditionally employed such factors as (1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id.* at 781 (citing *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir. 1987).

The Court does not believe that this case should be stayed or dismissed in deference to FDA's jurisdiction. Importantly, it does not appear that FDA plans to promulgate a formal definition of the term "natural" in the near future. (*See* Def.'s Mtn. to Dismiss, Ex. 1.) On January 6, 2014, Leslie Kux, FDA's Assistant Commissioner for Policy, sent a letter responding to three district courts' referrals of food labeling cases to FDA. (*Id.*) The letter observed that "[a]t present, priority food public health and safety matters are largely occupying the limited resources that FDA has to address foods matters." (*Id.*) The letter went on to note that "even if [FDA] were to embark on a public process to define 'natural' in the context of food labeling, there is no assurance that we would revoke, amend, or add to the current policy, or develop any definition at all." (*Id.*) It would be impractical to stay or dismiss this case without any assurances that FDA plans to define the term "natural" as it pertains to food labeling. This decision is consistent with the decisions of several California district courts declining to dismiss "natural" mislabeling claims on the basis of primary jurisdiction. *See, e.g., Fagan v. Neutrogena Corp.*, 5:13-CV-01316-SVW-OP, 2014 WL 92255, at *1 (C.D. Cal. Jan. 8, 2014); *In re ConAgra Foods, Inc.*, 2:11-CV-05379-MMM-AGR, 2013 WL 4259467, at *2 (C.D. Cal. Aug. 12, 2013); *Ivie v. Kraft Foods Global, Inc.*, 2013 WL 3296616, at *7-8 (N.D. Cal. June 28, 2013); *Janney v. General Mills*, 2013 WL 5587945, at *2 (N.D. Cal. Oct. 10, 2013).

### D. Unjust Enrichment

Defendants contend that California law does not recognize a cause of action for unjust

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-00670-RGK-AGRx | Date | Hearing: 3/24/14 |
|---|---|---|---|
| Title | *Angel Aguiar v. Merisant Company et al.* | | |

enrichment. The Court agrees.

"[C]ourts have repeatedly held that 'there is no cause of action in California for unjust enrichment." *In re Apple & AT&T Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) (quoting *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 794 (2003). "[P]laintiffs can not assert unjust enrichment claims that are merely duplicative of statutory or tort claims." *Id.* (citations omitted).

Because California law does not recognize an independent cause of action for unjust enrichment, the Court dismisses Plaintiff's unjust enrichment claim.

### E.        Breach of Express Warranty

Defendants argue that Plaintiff has not pleaded a breach of express warranty. The Court disagrees.

"To prevail on a theory of breach of express warranty, [Plaintiff] must prove that [Defendants] made affirmations of fact or promises that became part of the basis for the bargain." *Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997) (citing Cal. Com. Code § 2313). "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986) (citing *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682 (1954)). Statements made in advertising can be construed as express warranties. *See id*.

Plaintiff has adequately pleaded breach of express warranty. Plaintiff alleges that Defendant warranted that PureVia is "all natural" and that he purchased the product in reliance on this representation. *See Parker v. J.M. Smucker Co.*, 2013 WL 4516156 (N.D. Cal. Aug. 23, 2013) ("'All Natural' is an affirmative claim about a product's qualities, and it does not amount to mere puffery because it is not outrageous and generalized.") Plaintiff further alleges that Defendants breached that warranty because PureVia contained synthetic ingredients and/or ingredients that were not "natural." Finally, Plaintiff alleges that this breach caused him harm because it caused him to forego purchasing less expensive alternatives to PureVia. The Court believes that determining whether there was a breach of any express warranty will depend on whether PureVia is "all natural." For the reasons discussed above, that question cannot be resolved on the pleadings. Dismissal of Plaintiff's breach of express warranty claim is therefore inappropriate at this juncture. *See, e.g., Allen v. ConAgra Foods, Inc.*, 2013 WL 4737421, at *11 (N.D. Cal. Sept. 3, 2013) (plaintiff stated breach of express warranty claim in connection with "fat free" and "calorie free" butter spray); *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 900 (N.D. Cal. 2012) ("pure, natural & organic" cosmetic products); *Vicuna v. Alexia Foods, Inc.*, 2012 WL 1497507, at *2 (N.D. Cal. Apr. 27, 2012) ("all natural" potato products).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-00670-RGK-AGRx | Date | Hearing: 3/24/14 |
|---|---|---|---|
| Title | *Angel Aguiar v. Merisant Company et al.* | | |

## V.      CONCLUSION

For the above reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion. The Court grants Defendants' Motion as to Plaintiff's unjust enrichment claim. The Court denies Defendants' Motion as to all other claims.

**IT IS SO ORDERED.**

:

**Initials of Preparer**                                    mku