SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
CHRISTOPHER M. BURKE (214799)
cburke@scott-scott.com
4771 Cromwell Avenue
Los Angeles, CA 90027
Telephone: 213-985-1274
Facsimile: 213-985-1278

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
JOSEPH P. GUGLIELMO (*pro hac vice)*
jguglielmo@scott-scott.com
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile: 212-223-6334

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
AMANDA F. LAWRENCE (*pro hac vice*)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

*Counsel for Plaintiff*

[Additional Counsel on Signature Page.]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL AGUIAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERISANT COMPANY, and WHOLE EARTH SWEETENER COMPANY, LLC,<br><br>Defendants. | Civil No.: 2:14-cv-00670-RGK-AGR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION**<br><br>**REDACTED**<br><br>Judge:   Hon. R. Gary Klausner<br>Date:    July 28, 2014<br>Time:   9:00 a.m.<br>Ctrm:   850 |

## TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................................... 1

II.    FACTUAL BACKGROUND ................................................................................ 2

III.   ARGUMENT ....................................................................................................... 4

    A.   THE PROPOSED CLASS DEFINITION IS ASCERTAINABLE .................................................................................... 4

        1.   Self-Identification Is the Accepted Method of Establishing Class Membership in Consumer Class Actions ............................................................................................... 4

        2.   Defendants' Remaining Arguments That the Class Is Not Ascertainable Are Red Herrings ............................................... 9

    B.   CERTIFICATION OF A MULTI-STATE CLASS IS PROPER ...... 13

        1.   There Are Sufficient Contacts with California Such That Nationwide Application of California Law Comports with Due Process ..................................................................... 14

        2.   Defendants Fail to Demonstrate California Law Should Not Be Applied Nationwide ................................................... 16

IV.    CONCLUSION ................................................................................................... 20

i

PLAINTIFF'S OPPOSITION TO                    Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Algarin v. Maybelline, LLC*,
   12CV3000 AJB (DHB), 2014 WL 1883772 (S.D. Cal. May 12, 2014) .............. 8

*Am. Eurocopter Corp. v. CJ Sys. Aviation Grp.*,
   407 S.W. 3d 274 (Tex. Ct. App. 2013) ........................................................... 19

*Astiana v. Ben&Jerry's,*
   C 10-4387 PJH, 2014 WL 60097 (N.D. Cal. Jan. 7, 2014)............................... 13

*Astiana v. Kashi Co.,*
   291 F.R.D. 493 (S.D. Cal. 2011) ...................................................................... 9

*Bacardi U.S.A., Inc. v. Major Brands, Inc.,*
   13-20791-CIV, 2014 WL 2200042 (S.D. Fla. Mar. 20, 2014) ......................... 17

*Boundas v. Abercrombie & Fitch Stores, Inc.*,
   280 F.R.D. 408 (N.D. Ill. 2012) ........................................................................ 5

*Brazil v. Dole Packaged Foods, LLC*,
   12-CV-01831-LHK, 2014 WL 2466559 (N.D. Cal. May 30, 2014) .................. 8

*Bruno v. Eckhart Corp.*,
   280 F.R.D. 540 (C.D. Cal. 2012) ..................................................................... 18

*Bruno v. Quten Research Inst., LLC*,
   280 F.R.D. 524 (C.D. Cal. 2011) ............................................................... 14, 16

*Campusano v. BAC Home Loans Servicing LP*,
   CV 11-4609 PSG (JCx), 2013 WL 2302676 (C.D. Cal. April 29, 2013) ............ 4

*Carpetland U.S.A. v. Payne,*
   536 N.E.2d 306 (Ind. Ct. App. 1989) .............................................................. 19

*Carrera v. Bayer Corp.*,
   727 F.3d 300 (3d Cir. 2013) .............................................................................. 7

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

*Chavez v. Blue Sky Natural Bev. Co.*,
268 F.R.D. 365 (N.D. Cal. 2010) ............................................................. 4, 9, 14

*Collectable Promotional Products, Inc. v. Disney Enterprises, Inc.*,
CIV-06-1187-D, 2009 WL 1543449 (W.D. Okla. June 2, 2009) ..................... 17

*De La Torre v. Legal Recovery Law Office*,
12CV2579-LAB (WMc), 2013 WL 5462294 (S.D. Cal. Sept. 30, 2013) ......... 17

*Delarosa v. Boiron, Inc.*,
275 F.R.D. 582 (C.D. Cal. 2011) .................................................................. 9, 19

*Dunningam v. Metro. Life Ins. Co.,*
214 F.R.D. 125 (S.D.N.Y. 2003) ........................................................................ 6

*Forcellati v. Hyland's, Inc.,*
876 F. Supp. 2d 1155 (C.D. Cal. 2012) ............................................................ 13

*Forcellati v. Hyland's, Inc.*,
No. CV 12–1983–GHK, 2014 WL 1410264 (C.D. Cal. April 9, 2014) .... 5, 8, 13

*Fox v. Sherwin-Williams Co.,*
Docket No. 287999, 2010 WL 46905 (Mich. Ct. App. Jan 7, 2010) ................. 19

*Gannon v. Network Tel. Services, Inc.*,
CV 12-9777-RGK, 2013 WL 2450199 (C.D. Cal. June 5, 2013) ..................... 13

*Herrera v. LCS Fin. Services Corp.*,
274 F.R.D. 666 (N.D. Cal. 2011) ....................................................................... 6

*Hodes v. Van's Int'l Foods*,
CV 09-01530 RGK(FFMx), 2009 WL 2424214 (C.D. Cal. July 23, 2009) ...... 12

*In re Galvan v. KDI Distribution Inc.*,
SACV 08–0999–JVS (ANx), 2011 WL 5116585
(C.D. Cal. Oct. 25, 2011)..................................................................................... 6

*In re Pizza Time Theatre Sec. Litig.*,
112 F.R.D. 15 (N.D. Cal. 1986) ....................................................................... 20

*In re POM Wonderful LLC Marketing and Sales Practices Litig.*,
ML 10-02199 DDP (RZx), 2012 WL 4490860 (C.D. Cal. Sept. 28, 2012) ...... 18

iii

PLAINTIFF'S OPPOSITION TO                     Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

*In re POM Wonderful LLC,*
  ML 10-02199 DDP RZX, 2014 WL 1225184 (C.D. Cal. Mar. 25, 2014).........18

*In re Seagate Tech. Sec. Litig.,*
  115 F.R.D. 264 (N.D. Cal. 1987) ...........................................................................14

*In re Static Random Access memory (SRAM) Antitrust Litig.,*
  264 F.R.D. 603 (N.D. Cal. 2009) .............................................................................6

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
  267 F.R.D. 583 (N.D. Cal. 2010) .............................................................................6

*Johns v. Bayer Corp.,*
  280 F.R.D. 551 (S.D. Cal. 2012)..........................................................................9, 19

*Johnson v. Gen. Mills, Inc.,*
  275 F.R.D. 282 (C.D. Cal. 2011) .............................................................................9

*Jones v. ConAgra Foods, Inc.,*
  C 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014) ....................12

*Keilholtz v. Lennox Hearth Products Inc.,*
  268 F.R.D. 330 (N.D. Cal. 2010) ...........................................................15, 16, 18

*Lanovaz v. Twinings North America, Inc.,*
  No. C-12-02646, 2014 WL 1652338 (N.D. Cal. April 24, 2014).......................5

*Mazza v. American Honda Motor Co., Inc.,*
  666 F.3d 581 (9th Cir. 2012)...................................................................13, 16, 17

*McCann v. Foster Wheeler, LLC,*
  48 Cal. 4th 68 (Cal. 2010) .....................................................................................19

*McCrary v. Elations Co., LLC,*
  EDCV 13-00242 JGB (OPx), 2014 WL 1779243
  (C.D. Cal. Jan. 13, 2014) ............................................................................4, 5, 6, 8

*McLaughlin v. Michelin Tire Corp.,*
  778 P.2d 59 (Wyo. 1989) .......................................................................................19

*Omega Engineering, Inc. v. Eastman Kodak Co.,*
  30 F. Supp. 2d 226 (D. Conn. 1998) ....................................................................19

iv

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

*Parkinson v. Hyundai Motor Am.*,
   258 F.R.D. 580 (C.D. Cal. 2008) ...............................................................*passim*

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) ...................................14

*Pokorny v. Quixtar, Inc.*,
   601 F.3d 987 (9th Cir. 2010)...............................................................................17

*Price v. Chevrolet Motor Div. of Gen. Motors Corp.*,
   765 A.2d 800 (Pa. Super. 2000) .........................................................................19

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
   627 F.3d 402 (9th Cir. 2010) ................................................................................1

*Red v. Kraft Foods, Inc.*,
   CV 10-1028-GW, 2012 WL 8019257 (C.D. Cal. Apr. 12, 2012)........................6

*Ries v. Arizona Beverages USA LLC*,
   287 F.R.D. 523 (N.D. Cal. 2012) ...................................................................5, 8, 9

*Saltzman v. Pella Corp.*,
   257 F.R.D. 471 (N.D. Ill. 2009) *aff'd*, 606 F.3d 391 (7th Cir. 2010) ..................5

*Schmaltz v. Nissen*,
   431 N.W.2d 657 (S.D. 1988)...............................................................................19

*Sethavanish v. ZonePerfect Nutrition Co.*,
   12-2907-SC, 2014 WL 580696 (N.D. Cal. 2014) ............................................7, 8

*Tokoshima v. Pep Boys-Manny Moe & Jack of California*,
   C-12-4810-CRB, 2014 WL 1677979 (N.D. Cal. Apr. 28, 2014).........................4

*Werdebaugh v. Blue Diamond Growers*,
   12-CV-2724-LHK, 2014 WL 2191901 (N.D. Cal. May 23, 2014) .....................8

*Williams v. Beechnut Nutrition Corp.*,
   185 Cal. App. 3d 135 (Cal. Ct. App. 1986).......................................................19

*Williams v. Gerber Products Co.*,
   552 F.3d 934 (9th Cir. 2008)...............................................................................11

v

PLAINTIFF'S OPPOSITION TO                Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

*Wolph v. Acer Am. Corp.*,
   272 F.R.D. 477 (N.D. Cal. 2011) ........................................................................... 9

*Xavier v. Philip Morris USA Inc.*,
   787 F. Supp. 2d 1075 (N.D. Cal. 2011) ............................................................. 13

*Zeisel v. Diamond Foods, Inc.*,
   C10-01192 JSW, 2011 WL 2221113 (N.D. Cal. June 7, 2011) ......................... 12

*Zinser v. Accufix Research Institute, Inc.*,
   253 F.3d 1180 (9th Cir. 2001) .......................................................................... 16

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 23 ..................................................................................... 4, 11, 20

Fed. R. Civ. P. 23(b)(3) ................................................................................... 12

California Business & Professions Code § 17200, *et seq.* ...................................... 2

California Business & Professions Code § 17500, *et seq.* ...................................... 2

California Civil Code § 1750, *et seq.* ................................................................... 2

**OTHER AUTHORITIES**

NEWBERG ON CLASS ACTIONS §10.14 (4TH ED. 2012) ............................................ 5

vi

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

## I.   INTRODUCTION

Plaintiff Angel Aguiar ("Plaintiff") hereby opposes Defendants' Merisant Company ("Merisant") and Whole Earth Sweetener Company LLC ("Whole Earth") (collectively, "Defendants") Motion to Deny Class Certification ("D. Mot."). ECF No. 85.[1]  Through this class action, Plaintiff seeks to remedy the false and deceptive marketing and labeling of Defendants' tabletop sweetener – PureVia® Stevia ("PureVia" or the "Product") – as "all natural" derived predominantly from the stevia plant in a process similar to "brewing tea."  ¶¶16, 17.[2]  Contrary to what Defendants' marketing messages conveyed to unsuspecting consumers, PureVia consists primarily of synthetic bulking agents and only a minute amount of stevia-derived extract Rebaudioside A ("Reb A") and is manufactured through a multi-step, chemical extraction process.  ¶¶20, 25.

---

[1]   Defendants' Motion is an obvious attempt to circumvent this Court's page limitation on briefs.  Plaintiff raised the two issues addressed in this Motion in her Motion for Class Certification, filed May 29, 2014.  ECF No. 71 at 8-11.  Entitled to only twenty pages to oppose Plaintiff's class certification motion, Defendants summarized the two arguments made in this Motion in their class certification opposition brief (ECF No. 86 at 18-20) and then proceeded to file this Motion, which references five exhibits (ECF Nos. 87-3-87-7 (Exs. 7-11 attached to the Declaration of Jonathan Brightbill, ECF No. 87)) that also contain legal argument, to obtain ***more than*** twenty additional pages to present their argument in opposition to Plaintiff's Motion for Class Certification.  Accordingly, Plaintiff intends to move to strike Defendant's Motion and exhibits (as soon as seven days from the meet and confer on this issue has elapsed) pursuant to this Court's inherent power to control its docket.  *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).  The soonest Plaintiff can notice her anticipated motion to strike for a hearing is August 11, 2014, two weeks after the hearing on Plaintiff's Motion for Class Certification on July 28, 2014.  In the interest of efficiency, Plaintiff will request that the Court hear the motions simultaneously.

[2]   All "¶_" and "¶¶_" references are to Plaintiff's Class Action Complaint ("Complaint"), ECF No. 1.  The misrepresentations Plaintiff challenges are listed in the Complaint at ¶¶16-17.

1

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

In their Motion, Defendants make two primary arguments.  First, Defendants devote a large part of their brief to attacking the ascertainability of the proposed class.  As discussed below, Defendants' arguments must be rejected.  Plaintiff has proposed a reliable model of verifying class membership through corporate records of retail outlets that sold PureVia.  Moreover, as in numerous consumer food labeling class actions, Plaintiff's class definition (all persons in the U.S. that have purchased PureVia during the class period) is objectively definite.  Thus, the class definition satisfies the ascertainability requirement.  Second, Defendants challenge the applicability of California law to the multistate class of consumers.  This argument also fails as Plaintiff has demonstrated sufficient contacts with California, while Defendants have failed to meet their burden in defeating application of California law under the choice-of-law analysis.  California law is well-suited to redress the harm Defendants caused across the United States.  Accordingly, Defendants' Motion should be denied.

## II.    FACTUAL BACKGROUND

This class action arises from Defendants' unfair, deceptive, and unlawful business practices with respect to the marketing, advertising, labeling, and sales of PureVia.  Plaintiff Aguiar asserts claims on behalf of a multi-state class for breach of express and implied warranties, and violation of California's Unfair Competition Law ("UCL") (California Business & Professions Code §17200, *et seq*.), Consumer Legal Remedies Act ("CLRA") (California Civil Code §1750, *et seq*.), False Advertising Law ("FAL") (California Business & Professions Code §17500, *et seq*.), and the consumer protection laws of various states.  ¶¶60-148.

Seeking to capitalize on the rising demand for natural products, Defendants introduced PureVia, a purportedly stevia-based sugar-alternative tabletop sweetener in 2008.  ¶¶3, 30.  The introduction of PureVia was accompanied by an integrated, uniform nationwide marketing campaign, the main purpose of which

2

PLAINTIFF'S OPPOSITION TO                          Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

was to convey that PureVia would meet consumers' demand for "natural" products. ¶16. Specifically, the uniform message of Defendants' marketing campaign disseminated through the various states was that PureVia was "all natural" and primarily consisted of Reb A derived from the stevia plant through a process similar to "brewing tea." ¶¶16, 18. As part of Defendants' scheme to enhance the "naturalness" appeal of PureVia, Defendants also utilized natural imagery, such as leaves of the stevia plant and other statements to the same effect, such as "pure extract," "found in nature," and "natural sweetness." ¶¶6, 16. These misrepresentations remained on PureVia's packaging throughout the class period despite the slight graphical changes that the product underwent. Specifically, the critical misrepresentation that PureVia was "all natural" always has been part of PureVia's packaging since the product's inception, and consequently, all PureVia purchasers have been exposed to uniform misrepresentations.

The "all natural" misrepresentations were not only critical to PureVia's marketing, they were extremely important to Plaintiff and other consumers. Plaintiff's marketing expert, Dr. Zauberman further confirms this principle. He opined that a reasonable consumer understands "natural" to mean "existing in nature" and free of "anything artificial." Expert Report of Professor Gal Zauberman Report, ¶4, ECF No. 72-8.

Although Defendants represented to consumers that PureVia was "all natural," the truth is that PureVia is primarily made from synthetic bulking agents

3

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

and only a minute amount of the stevia-derived Reb A.  ¶¶7, 18, 20.  In addition, even the miniscule amount of Reb A (less than 2%) is derived through a harsh and unnatural multistep, patented chemical process.  ¶¶7, 20, 23, 25.  Accordingly, had consumers known the truth about PureVia, they would have not considered it to be "natural," and consequently, would not have paid a price premium for a benefit they did not receive.   Where all the Rule 23 requirements are satisfied (*see generally* ECF No. 77, Plaintiff's Motion for Class Certification), Plaintiff should be permitted to seek redress for this harm on a classwide basis.

## III.   ARGUMENT

### A.   THE PROPOSED CLASS DEFINITION IS ASCERTAINABLE

#### 1.   Self-Identification Is the Accepted Method of Establishing Class Membership in Consumer Class Actions

The ascertainability standard in this Circuit requires only that the ***class definition*** be "precise, objective and presently ascertainable," *Chavez v. Blue Sky Natural Bev. Co*., 268 F.R.D. 365, 376 (N.D. Cal. 2010), though the class definition "'need not be so ascertainable that every potential member can be identified at the commencement of the action.'"  *Tokoshima v. Pep Boys-Manny Moe & Jack of California,* C-12-4810-CRB, 2014 WL 1677979, at *9 n.11 (N.D. Cal. Apr. 28, 2014).[3]   Instead, "[i]n this Circuit, it is enough that the class definition describes 'a set of common characteristics sufficient to allow' a prospective plaintiff 'to identify himself or herself as having a right to recover based on the description.'"  *McCrary v. Elations Co., LLC*, EDCV 13-00242 JGB (OPx), 2014 WL 1779243, at *8 (C.D. Cal. Jan. 13, 2014).   Put differently, to "show ascertainability, Plaintiffs need only show that the endeavor is feasible." *Campusano v. BAC Home Loans Servicing LP*, CV 11-4609 PSG (JCx), 2013 WL

---

[3]   Unless otherwise indicated, all internal citations are omitted and emphasis is added.

PLAINTIFF'S OPPOSITION TO                          Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

2302676, at *4 (C.D. Cal. April 29, 2013).

Defendants argue that the proposed class is unascertainable because Plaintiff has "'offered no verifiable means of identifying class members.'"  D. Mot. at 8. The accepted method of establishing class membership is self-identification through "[a] simple statement or an affidavit, where claims are small or are not readily amenable to verification."  Newberg on Class Actions §10.14 (4th ed. 2012).  As held in numerous other food labeling consumer class actions, Plaintiff's class definition is objectively definite – all purchasers of PureVia tabletop sweetener in the U.S., thus satisfying the ascertainability requirement on the basis of putative class members' self-identification through the use of sworn statements. *See, e.g., McCrary*, 2014 WL 1779243, at *7 (self-identified purchasers of a dietary drink); *Lanovaz v. Twinings North America, Inc.*, No. C-12-02646, 2014 WL 1652338, at *3 (N.D. Cal. April 24, 2014) (rejecting defendants' argument that lack of company records to identify the purchasers defeats class ascertainability in misbranded tea case); *Forcellati v. Hyland's, Inc.*, No. CV 12–1983–GHK, 2014 WL 1410264, at *5 (C.D. Cal. April 9, 2014) (rejecting defendants' argument that self-identified class deprives defendants of their due process rights to challenge individual members' claims and permitting self-identification); *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 525 (N.D. Cal. 2012) (finding ascertainability on the basis of class members' self-identification attesting that they purchased iced tea with "natural" on the label during the class period); *Boundas v. Abercrombie & Fitch Stores, Inc.*, 280 F.R.D. 408, 417-18 (N.D. Ill. 2012) (finding ascertainability on the basis of affidavits which "can be evaluated during the claims administration"); *Saltzman v. Pella Corp.,* 257 F.R.D. 471, 475-76 (N.D. Ill. 2009) *aff'd*, 606 F.3d 391 (7th Cir. 2010) (rejecting defendant's argument and finding ascertainability on sales records, notice, and photographic verification of the purchased product).  Moreover, at least one court has recently emphasized that

5

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

"the fact that particular persons may make false claims of membership does not invalidate the objective criteria used to determine inclusion." *McCrary*, 2014 WL 1779243, at \*8. Defendants' concern over the "likelihood of fraudulent claims" (D. Mot. at 9) is immaterial to the issue of ascertainability.

Furthermore, self-identification is particularly appropriate where class membership also may be established and/or verified through the use of corporate records, publicly available IRI data, and customer information obtainable through third-party retailers and wholesalers of PureVia. *See In re Galvan v. KDI Distribution Inc.*, SACV 08–0999–JVS (ANx), 2011 WL 5116585, at \*4 (C.D. Cal. Oct. 25, 2011) ("[W]hile [defendant] cannot directly identify the class members, it can . . . identif[y] the retailers who sold its [product]."); *Red v. Kraft Foods, Inc.*, CV 10-1028-GW (AGRx), 2012 WL 8019257 (C.D. Cal. Apr. 12, 2012) (acknowledging that self-identification is sufficient "[where] defendant has access to a master list of either consumers or retailers who dealt with the items at issue."). The proposed class is not rendered unascertainable merely because an analysis of data is necessary to determine class membership. *See Dunningam v. Metro. Life Ins. Co.,* 214 F.R.D. 125, 136 (S.D.N.Y. 2003). The "fact that class membership could be determined through 'slow and burdensome' manual review of files d[oes] not defeat ascertainability." *In re TFT-LCD (Flat Panel) Antitrust Litig*., 267 F.R.D. 583, 592 (N.D. Cal. 2010); *see also Herrera v. LCS Fin. Services Corp*., 274 F.R.D. 666, 673 (N.D. Cal. 2011) ("'It is not fatal for a class definition to require some inquiry into individual records, as long as the inquiry is not "so daunting as to make the class definition insufficient."'"); *In re Static Random Access memory (SRAM) Antitrust Litig*., 264 F.R.D. 603, 608 (N.D. Cal. 2009) (finding ascertainability where "[p]laintiffs will be able to identify all products that contain Defendants' SRAM by analyzing Defendants' documents, testimony from Defendants' personnel, third party transactional data, third party

6

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

discovery responses that state whether their products contain SRAM, BoMs from OEMs and contract manufacturers, and publicly available information").

In discovery, Defendants produced Distribution Data that identified the vast majority of all retail outlets where PureVia was sold during the class period. From this data, Plaintiff has identified the three largest PureVia retail outlets, accounting for nearly two-thirds of all PureVia sales in the United States. *See* Declaration of Amanda F. Lawrence ("Lawrence Decl."), Exhibit 1. Plaintiff already has served all three of these retailers with subpoenas to obtain records identifying class members. This information can be used to identify and/or verify self-identified class members. *See, e.g.,* Lawrence Decl., Exhibit 2 (declaration of a claims administrator in another consumer food case describing methods of verifying self-identified class members). Defendants' own cases confirm that corporate data may well serve as a method of identifying class membership. *Sethavanish v. ZonePerfect Nutrition Co.*, 12-2907-SC, 2014 WL 580696, at *5 (N.D. Cal. 2014) ("[R]etailer or banking records may make it economically and administratively feasible to determine who is in (and who is out) of a putative class."); *Carrera v. Bayer Corp.*, 727 F.3d 300, 306, 308 n.2 (3d Cir. 2013) ("[***R]etailer records may be a perfectly acceptable method of proving class membership***" and "corporate records [ ] will actually identify class members at the certification stage, [although] ascertainability only requires the plaintiff to show that class members ***can be*** identified").

Defendants extensively cite to *Carrera v. Bayer Corp.,* 727 F.3d 300 (3d Cir. 2013), for the proposition, *inter alia,* that a class is not ascertainable and may not be certified because plaintiffs are unlikely "'to retain receipts'" of an "'inexpensive product'" such as PureVia. D. Mot. at 9. Not only is *Carrera* not controlling, it has been found to be inconsistent with Ninth Circuit law by several district courts. Recently, Judge Bernal refused to follow *Carrera*, explaining:

7

PLAINTIFF'S OPPOSITION TO                                  Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

> ***Carrera eviscerates low purchase price consumer class actions in the Third Circuit. . . . While this may now be the law in the Third Circuit, it is not currently the law in the Ninth Circuit.*** In this Circuit, it is enough that the class definition describes "a set of common characteristics sufficient to allow" a prospective plaintiff to "identify himself of herself having a right to recover based on the description."

*McCrary*, 2014 WL 1779243, at *24; *also see Brazil v. Dole Packaged Foods, LLC*, 12-CV-01831-LHK, 2014 WL 2466559, at *6 (N.D. Cal. May 30, 2014) (rejecting defendants' ascertainability argument and noting that "'*Carrera* is not the law in the Ninth Circuit'"); *Werdebaugh v. Blue Diamond Growers*, 12-CV-2724-LHK, 2014 WL 2191901, at *10 (N.D. Cal. May 23, 2014) (same); *Algarin v. Maybelline, LLC*, 12CV3000 AJB (DHB), 2014 WL 1883772, at *8 n.6 (S.D. Cal. May 12, 2014) (same); *Forcellati*, 2014 WL 1410264, at *5 ("Given that facilitating small claims is 'the policy at the very core of the class action mechanism,' we decline to follow *Carrera*.").[4]

Despite that *Carrera* is not the law in this Circuit, Defendants nevertheless argue that certification is improper because the putative class members are unlikely to produce a valid proof of purchase. This argument is identical to that made by the defendants in *Ries v. Artizona Beverages USA LLC,* 287 F.R.D. 523 (N.D. Cal. 2012), where putative class members filed suit against a beverage maker for deceptively labeling its tea product as "all natural," when in fact it contained high fructose corn syrup and citric acid. Like Defendants do here, the *Ries* defendants urged the court to find that the class was not ascertainable because a series of "'fact-intensive mini trials'" would be necessary to establish each plaintiff's class membership. *Id.* at 535. In rejecting this argument, the court stated, "[t]his is

---

[4] Although one district court has denied class certification, finding *Carrera* to be persuasive, *Sethavanish*, 2014 WL 580696, Plaintiff respectfully submits the case is against the weight of authority from the district courts in the Ninth Circuit that have considered the issue.

8

PLAINTIFF'S OPPOSITION TO                                Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

simply not the case. If it were, there would be no such thing as a consumer class action." *Id.* (citing *Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 482 (N.D. Cal. 2011)). Similarly, in *Astiana v. Kashi Co.,* 291 F.R.D. 493 (S.D. Cal. 2011), the court certified a class of consumers who purchased defendants' products labeled as "all natural" and rejected the identical ascertainability arguments Defendants raise here. *Id.* at 500. Numerous district courts have addressed the same argument and concluded that in cases such as this, where the claims are small and the proof of purchase is lacking, certification was warranted. *See, e.g.*, *Johns v. Bayer Corp.,* 280 F.R.D. 551, 560 (S.D. Cal. 2012) (multivitamins); *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 595 (C.D. Cal. 2011) (homeopathic products); *Johnson v. Gen. Mills, Inc.*, 275 F.R.D. 282, 286 (C.D. Cal. 2011) (yogurt products); *Chavez*, 268 F.R.D. at 377 (beverages). To accept Defendants' invitation to bar all consumer class actions against it based on ascertainability would be contrary to the prevailing law in Ninth Circuit, which only requires that the class definition be objective enough to permit a class member to identify herself or himself – which it is.

### 2. Defendants' Remaining Arguments That the Class Is Not Ascertainable Are Red Herrings

Defendants argue that even if it is administratively feasible to identify class members, the class still is unascertainable because it "does not objectively exclude uninjured purchasers who did not buy the Pure Via products labeled 'All Natural.' Nor does the definition exclude those who were not injured because they read Whole Earth's disclaimers and so did not think the product was 'crude' stevia or not 'chemically processed.'" D. Mot. at 10-11. These arguments fail for a number of reasons.

***First***, it is simply incorrect that the class includes those who purchased product other than PureVia® Stevia, such as "PureVia® Turbinado Raw Cane Sugar and Stevia Blend," as Defendants assert. D. Mot. at 11. As reiterated in the

9

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

proposed class definition, Plaintiff's action relates only to Defendants' false and misleading labeling and marketing of PureVia® Stevia, a tabletop sweetener alternative, and not to entirely different products sold by Defendants, such as their stevia-based liquid or baking blend. *See* ¶¶1, 16, 40, 48. Simply put, Plaintiff is not seeking recovery for any product that did not bear the "all natural" statements at issue here. This reason is merely a regurgitation of Defendants' claim that class member self-identification is impermissible, which Plaintiff rebuts above.

***Second***, Defendants' argument that PureVia's labeling has undergone numerous labeling changes since 2008 (D. Mot. at 12) misrepresents the testimony of Merisant's Marketing Director, Cheryl Gill,



***Third***, Defendants' assertion that the product label directed consumers to the product website (and thus, may have understood the truth about the product) is irrelevant to the issue of ascertainability. Rather, this issue is only relevant to

10

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

whether Plaintiff can prove a substantive element of her claim – that is, whether the statements at issue are deceptive to the reasonable consumer.[5]  Moreover, it is of little import that Plaintiff or other class members could have read Defendants' website prior to purchasing PureVia because "reasonable consumers [are not] expected to look beyond misleading representations . . ." to find the truth about the product.  *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

***Fourth***, the purportedly "different subjective consumer definitions of 'natural'" again has nothing to do with ascertainability, as Defendants claim (D. Mot. at 12), but is only relevant to the Rule 23 commonality/predominance inquiry and whether Plaintiff can prove on a classwide basis whether the statements at issue are deceptive to the reasonable consumer.  If Plaintiff obtains a judgment on her claims, Plaintiffs will have defeated this very argument.[6]

---

[5]   Defendants also misrepresent the testimony of Plaintiff's expert, Dr. Zauberman.  Specifically, Zauberman never "conceded that Pure Via purchasers who read and understood the website could not have been injured [by the labeling]."  D. Mot. at 12.  Instead, Dr. Zauberman repeatedly testified that the marketing research on consumer preference clearly demonstrates that the level of processing that PureVia undergoes, whether posted on Merisant's website or not, is inconsistent with the understanding of what "natural" means to reasonable consumers.  *See* Exhibit 6 to Declaration of Jonathan Brightbill (ECF No. 87-2), Zauberman Dep. at 73:16-75:19; 97:07-98:20.

[6]   Defendants selectively quote and misrepresent Plaintiff's testimony, indicating that Ms. Aguiar's understanding of the word "natural" did not pertain to the level of processing that a food product undergoes.  D. Mot. at 12.  Plaintiff testified several times with clarity that to her, "natural" meant that the product was "not chemically processed" (Exhibit 3 to Declaration of Jonathan Brightbill (ECF No. 87-1), Aguiar Dep. at 57:12, 67:10-12, 144:05-06) and also, that it contained "no chemicals" (*id*. at 15:02-04, 15:18-22, 25:10-13, 28:05-08, 32:18-20, 31:05-18).

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

*Fifth*, Defendants' cited authority is inapposite because those cases involve products that were sold in numerous varieties, with different ingredients and/or with packaging statements that varied throughout the proposed class periods. For instance, the court in *Hodes  v. Van's Int'l Foods*, CV 09-01530 RGK(FFMx), 2009 WL 2424214 (C.D. Cal. July 23, 2009), specifically observed that certification would require the court to "engage in its own investigation as to which of ***Van's 19 frozen waffle varieties*** class members purchased, how much each class member spent and ***whether those particular varieties contained nutritional inaccuracies***." *Id.*, at \*4. As explained above, there is no analogous ascertainability problem here.  Moreover, as the court in *Zeisel v. Diamond Foods, Inc.,* C10-01192 JSW, 2011 WL 2221113 (N.D. Cal. June 7, 2011) observed, the *Hodes* "court ***did not conclude that the proposed class was not ascertainable***. Rather, the court concluded that the Plaintiffs had not established the superiority and predominance requirements of Rule 23(b)(3)." *Id*., at \*6 n.10.  Other cases on which Defendants rely suffer from the same shortcoming.  *See, e.g., Jones v. ConAgra Foods, Inc.*, C 12-01633 CRB, 2014 WL 2702726, at \*10 (N.D. Cal. June 13, 2014) (involving three different products types each with "'***literally dozens of varieties with different can sizes, ingredients, and labeling over time***'"



.

12

and with some including the challenged language, while others did not); *Gannon v. Network Tel. Services, Inc.*, CV 12-9777-RGK (PJWx), 2013 WL 2450199 (C.D. Cal. June 5, 2013) (TCPA case where no records existed to determine class membership which would require the court to inquire whether each potential class member consented to receiving unauthorized text messages); *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011) (noting that "smoker's rate of cigarette consumption and cigarette brand of choice are liable to change over time"); *Astiana v. Ben&Jerry's,* C 10-4387 PJH, 2014 WL 60097 (N.D. Cal. Jan. 7, 2014) (class unascertainable where the defendant "sourced cocoa from as many as 15 different suppliers" but only one provided cocoa alkalized with synthetic ingredient).

There is only *one* product at issue in this case – the PureVia® Stevia manufactured, marketed, and sold in the United States since 2008 through the present. Every class member was exposed to the identical "all natural" statement on all PureVia packaging without variation as to geographic location or time during which it was purchased. Therefore, there are no ascertainability issues that could preclude certification of the class.

**B.    CERTIFICATION OF A MULTI-STATE CLASS IS PROPER**

Defendants' motion to deny certification of a nationwide class relies on the misconception that, after *Mazza v. American Honda Motor Co., Inc.,* 666 F.3d 581 (9th Cir. 2012)*,* California law cannot apply to a multi-state class. D. Mot. at 15-17. However, choice-of-law analyses are case-by-case, fact-specific inquiries. *Forcellati v. Hyland's, Inc.,* 876 F. Supp. 2d 1155, 1161 (C.D. Cal. 2012). Indeed, contrary to Defendants' argument, district courts have applied the California consumer protection laws to nationwide classes. *See, e.g., Forcellati*, 2014 WL 1410264, at \*4; *Bruno v. Quten Research Inst., LLC,* 280 F.R.D. 524 (C.D. Cal.

13

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

2011); *Parkinson v. Hyundai Motor Am.,* 258 F.R.D. 580, 589 (C.D. Cal. 2008); *Chavez,* 268 F.R.D. at 375-80.  The Court should do the same here.

**1.      There Are Sufficient Contacts with California Such That Nationwide Application of California Law Comports with Due Process**

Defendants' first argument is that certification of a multi-state class would violate due process.  However, application of a single state's law to a nationwide class comports with due process where the state has a "'significant contact or significant aggregation of contacts' to the claims asserted by each member of the plaintiff class, contacts 'creating state interests,' in order to ensure that choice of [substantive state] law is not arbitrary or unfair." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 821-22, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985).   Plaintiff has demonstrated that application of California law to a multi-state class is neither "arbitrary" nor "unfair," and thus, does not violate due process.  ECF No. 77-1, Mem. ISO Plaintiff's Motion for Class Certification, at 8-10.

While Defendants are quick to minimize their contacts with California (D. Mot. at 16), when viewed holistically, there can be no doubt that sufficient contacts with California exist.  To begin with, the focus of the analysis is on ***both*** the plaintiff's and defendants' contacts with the forum state. *In re Seagate Tech. Sec. Litig.,* 115 F.R.D. 264, 270, 272 (N.D. Cal. 1987).   Here, Plaintiff is a lifelong resident of California who purchased PureVia at both Target and Albertson's in California.  Exhibit 3 to Declaration of Jonathan Brightbill (ECF No. 87-1), Aguiar Dep. at 49:20-25.  Defendants likewise have sufficient contacts with California.

14

Courts have found sufficient contacts in evaluating nationwide consumer classes in analogous cases. For example, in *Keilholtz v. Lennox Hearth Products Inc.,* 268 F.R.D. 330, 339 (N.D. Cal. 2010), the court certified a nationwide consumer class where it was found that 19% of the allegedly faulty fireplaces were



PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

sold in California.  The court noted that "[a]lthough nineteen percent does not represent a simple majority of Defendants' overall sales, it exemplifies a significant amount of contact between Defendants and California." *Id*. at 339-40. Here, as discussed above, California stores comprise a significant percentage of the top retailers' stores.  By comparison, the remainder was spread out among the other 49 states, thus setting up a situation where *no forum* would be appropriate.

Similarly, in *Parkinson,* 258 F.R.D. at 589, the court certified a nationwide class and found that the defendant had a substantial presence in California due to its in-state business practices, and that a significant number of class members resided in California.  For example, the Court noted that there were fifty California dealerships, a large volume of California automobile sales, and that it was "likely that more class members reside in California than any other state."  *Id.* at 598.  The exact same holds true here.  *See also Bruno,* 280 F.R.D.  at 538 *(*selling approximately 30% of the allegedly misrepresented products in California amounted to a "significant aggregation of contacts with California" even though the products were produced out-of-state).  Therefore, due process concerns are adequately met in maintaining a multi-state Class in this case.

## 2. Defendants Fail to Demonstrate California Law Should Not Be Applied Nationwide

Because Plaintiff has met her burden of demonstrating that California has sufficient contacts to the claims in this case, the burden then shifts to Defendants to defeat the presumption that California law applies.  *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001).  Defendants must make this showing under California's three-step governmental interest test.  *Mazza*, 666 F.3d at 590. First, they must show that the relevant laws of the affected jurisdictions are materially different. *Id*. Then, Defendants must show that the foreign jurisdictions have an "interest in the application of [their] own law under the circumstances of

16

PLAINTIFF'S OPPOSITION TO                                    Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

the particular case" such that "a true conflict exists." *Id*. Finally, if they can show that there is a true conflict, Defendants must engage in a comparative impairment analysis and demonstrate that the foreign states' interests in this matter are stronger than California's such that the foreign states "would be more impaired if [their] law[s] were not applied." *Id*. Defendants have failed to meet this burden and prove that California law should not apply to the multi-state Class.

As to the first prong, Defendants have not met their burden of showing how each state's law materially differs from the law of California. Defendant must show how the differences are material "on the facts of this case." *Pokorny v. Quixtar, Inc.,* 601 F.3d 987, 995 (9th Cir. 2010). Defendants' best attempt at meeting their burden is to attach a compendium listing the laws of the various states, and self-servingly claiming that differences in such laws were "material."[9] Courts have found the compendium approach insufficient to satisfy a defendant's burden. For example, in *Keilholtz*, plaintiffs brought claims under the UCL and CLRA involving the sale of glass-front gas-burning fireplaces. The "Defendants

---

[9] The "compendium" contains legal arguments, case citations, and verbiage drafted by defense counsel. Therefore, it is an impermissible addition to the twenty-page limitation for Defendants' opening brief and should be stricken or disregarded. *See, e.g., Collectable Promotional Products, Inc. v. Disney Enterprises, Inc.*, CIV-06-1187-D, 2009 WL 1543449, at *1 n.1 (W.D. Okla. June 2, 2009) (refusing to consider exhibit in the form of a chart comparing Defendants' statement of undisputed facts with CPP's response that went "well beyond a comparison of factual statements, and contain[ed] extensive argument," characterizing it "as an inappropriate means of avoiding the page limit"); *cf. Bacardi U.S.A., Inc. v. Major Brands, Inc.,* 13-20791-CIV, 2014 WL 2200042, at *13 n.27 (S.D. Fla. Mar. 20, 2014) (noting that the filing of an appendix was "an apparent attempt to avoid the page limits set forth in the Local Rules and this Court's orders"); *De La Torre v. Legal Recovery Law Office*, 12CV2579-LAB (WMc), 2013 WL 5462294, at *3 (S.D. Cal. Sept. 30, 2013) (remarking that "the parties cannot circumvent page limits by simply incorporating by reference other documents, such as attached or lodged exhibits").

17

PLAINTIFF'S OPPOSITION TO                                    Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

argue[d] that the consumer protection statutes of the non-forum states are different from those of California and they attach[ed] an appendix which catalogue[d] state-by-state variations involving reliance, scienter, damages and other elements necessary to Plaintiffs' claims." *Keilholtz*, 268 F.R.D. at 341. The court found that the defendants had not met their burden of showing material differences between the various states' laws and thus applied California law. *Id.*; *see also Parkinson*, 258 F.R.D. at 598-99 (finding no conflict exists in regard to plaintiffs' claims under the CLRA and UCL despite defendant's appendix cataloging state-by-state variations involving privity, notice, reliance, scienter, damages, and other elements necessary to plaintiffs' claims); *Bruno v. Eckhart Corp.*, 280 F.R.D. 540, 550 (C.D. Cal. 2012) ("Defendants cannot profitably rely on the work of a different party in a different case with different facts…."); *In re POM Wonderful LLC Marketing and Sales Practices Litig.*, ML 10-02199 DDP (RZx), 2012 WL 4490860, at *4 (C.D. Cal. Sept. 28, 2012), *class decertified on other grounds*, *In re POM Wonderful LLC*, ML 10-02199 DDP RZX, 2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) (where defendant submitted a chart of each state's consumer protection laws but made no attempt to show that a **true** conflict actually existed, it "fail[ed] to carry its burden to demonstrate that the interests of any foreign jurisdiction outweigh California's interest in applying its own consumer protection laws to the facts of this case.").

Similarly, the "differences" in state laws Defendants summarized fail to establish the materiality in those differences.  For example, as to scienter (D. Mot. at 19), there is ample evidence in this case that Defendants knew or should have known that their labeling and advertising claims were deceptive.  *See* Sec. II, *supra*.  Thus, any differences in state laws regarding intent for consumer protection laws are immaterial under the facts of this case.  *See Parkinson,* 258 F.R.D. at 98 (California's consumer protection statutes "are largely homogeneous with those of

18

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

Civil No.: 2:14-cv-00670-RGK-AGR

the other fifty states."). The same holds true for Plaintiff's warranty claims. To begin with, the law on express warranty in many states is similar to California's law on this claim.[10] Furthermore, Defendants point out that reliance may not be required in other states. D. Mot. at 18. However, under California law, Plaintiff need only establish her own reliance and class wide reliance is presumed. *See Delarosa,* 275 F.R.D. at 586. Any statute of limitations defense Defendants raise is likewise a classwide issue. *See Johns*, 280 F.R.D. at 560.

Even if the Court were to find that Defendants have demonstrated material differences, Defendants have failed to show that the interests of other states are superior to those of California under these facts. *See* D. Mot. at 20 (failing to consider the facts but instead blindly applying *Mazza*). No analysis is included in their brief concerning each jurisdiction's interest in the application of its own law, and Defendants have not weighed the interests of the various jurisdictions to determine "which state's interest would be more impaired if its policy were subordinated to the policy of other state." *McCann v. Foster Wheeler, LLC,* 48 Cal. 4th 68, 87-88 (Cal. 2010). Because Defendants bear the burden of proving all three steps in the California choice-of-law analysis, Defendants' superficial analysis fails. Also, the evidence indicates Defendants labeled PureVia and placed the product into the chain of commerce to a nation of affected consumers,

---

[10]    *See Williams v. Beechnut Nutrition Corp.,* 185 Cal. App. 3d 135, 142 (Cal. Ct. App. 1986))(California requires the existence of a warranty and a breach of that warranty which has proximately caused plaintiff's injury); *Omega Engineering, Inc. v. Eastman Kodak Co.,* 30 F. Supp. 2d 226, 246 (D. Conn. 1998) (same); *McLaughlin v. Michelin Tire Corp.,* 778 P.2d 59, 90 (Wyo. 1989) (same); *Price v. Chevrolet Motor Div. of Gen. Motors Corp.,* 765 A.2d 800, 809 (Pa. Super. 2000) (same); *Carpetland U.S.A. v. Payne,* 536 N.E.2d 306, 310 (Ind. Ct. App. 1989) (same); *Schmaltz v. Nissen,* 431 N.W.2d 657, 660-61 (S.D. 1988) (same); *Am. Eurocopter Corp. v. CJ Sys. Aviation Grp.,* 407 S.W. 3d 274, 291 (Tex. Ct. App. 2013) (same); *Fox v. Sherwin-Williams Co.,* Docket No. 287999, 2010 WL 46905, at *3 (Mich. Ct. App. Jan 7, 2010) (concurring and dissenting in part) (same).

19

PLAINTIFF'S OPPOSITION TO                                    Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

including those in and from California. For this reason, California has a strong interest in applying its law to this case. *See Parkinson,* 258 F.R.D. at 589 ("California has a strong interest in policing wrongful conduct allegedly occurring within its borders, including when the victims of such conduct are out-of-state residents"). In fact, application of California law would only further any other state's interests. After all, "[i]t is also apparent that each jurisdiction would rather have the injuries of its citizens litigated and compensated under another state's law than not litigated or compensated at all" – the likely result if this class action cannot proceed. *See In re Pizza Time Theatre Sec. Litig.*, 112 F.R.D. 15, 20 (N.D. Cal. 1986).

If this Court finds that certification of a multi-state class is somehow precluded, Plaintiff requests that, in the alternative, a California-only class of consumers be certified. Such a class would meet all the requirement of Rule 23 and no conflict-of-laws issue would exist.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Deny Class Certification.

DATED:  July 7, 2014                    SCOTT+SCOTT,
                                        ATTORNEYS AT LAW, LLP


                                        By: */s/ Amanda F. Lawrence*
                                            Amanda F. Lawrence (*pro hac vice*)
                                            alawrence@scott-scott.com
                                            156 South Main Street
                                            P.O. Box 192
                                            Colchester, CT 06415
                                            Telephone: 860-537-5537
                                            Facsimile: 860-537-4432

                                            Joseph P. Guglielmo (*pro hac vice*)
                                            jguglielmo@scott-scott.com

20

PLAINTIFF'S OPPOSITION TO                          Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile: 212-223-6334

Christopher M. Burke (214799)
cburke@scott-scott.com
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
4771 Cromwell Avenue
Los Angeles, CA 90027
Telephone: (213) 985-1274
Facsimile:  (213) 985-1278

E. Kirk Wood
WOOD LAW FIRM, LLC
P.O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-908- 4906
Facsimile: 866-747-3905
ekirkwoodl@bellsouth.net

Greg L. Davis
DAVIS & TALIAFERRO
7031 Halcyon Park Drive
Montgomery, AL 36117
Telephone: 334-832-9080
Facsimile: 334-409-7001
gldavis@knology.net

*Attorneys for Plaintiff*

21

PLAINTIFF'S OPPOSITION TO                          Civil No.: 2:14-cv-00670-RGK-AGR
DEFENDANTS' MOTION TO DENY
CLASS CERTIFICATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify that the foregoing is true and correct. Executed on July 7, 2014.

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP


*/s/* Amanda F. Lawrence
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

22