SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
CHRISTOPHER M. BURKE (214799)
cburke@scott-scott.com
4771 Cromwell Avenue
Los Angeles, CA 90027
Telephone: 213-985-1274
Facsimile: 213-985-1278

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
JOSEPH P. GUGLIELMO (*pro hac vice*)
jguglielmo@scott-scott.com
The Chrysler Building
405 Lexington Avenue
40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile: 212-223-6334

*Counsel for Plaintiff*

[Additional Counsel on Signature Page.]

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
AMANDA F. LAWRENCE (*pro hac vice*)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANGEL AGUIAR, Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,

   vs.

MERISANT COMPANY, and WHOLE
EARTH SWEETENER COMPANY
LLC,

                    Defendants.

Civil No.: 2:14-cv-00670-RGK-AGR

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE PLAN, AND SCHEDULING DATE FOR FINAL FAIRNESS HEARING**

Judge:   Hon. R. Gary Klausner
Date:    September 15, 2014
Time:    9:00 a.m.
Ctrm:    850

# <u>TABLE OF CONTENTS</u>

I.    FACTUAL AND PROCEDURAL HISTORY ........................................... 1

    A.    Summary of Plaintiff's Claims ........................................ 1

    B.    Procedural History ........................................................ 2

    C.    Settlement Negotiations ................................................ 3

II.   THE TERMS OF THE PROPOSED SETTLEMENT ....................... 3

    A.    Defendants Agree to Pay a Substantial Sum into a Fund to Compensate Consumers Who Purchased Pure Via ......................... 4

    B.    Defendants Agree to Changes in the Labeling of Pure Via ................ 4

    C.    Defendants Agree to Class Certification for Settlement Purposes Only ......................................................................... 5

    D.    Defendants Will Pay Plaintiff's Incentive Award and Court-Awarded Attorneys' Fees and Expenses ......................... 5

III.  THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT ....................................................................... 5

    A.    Legal Standard .............................................................. 6

    B.    The Factors Weigh in Favor of Granting Preliminary Approval .......... 8

        1.    The Settlement Is the Result of Arm's-Length Negotiations ...................................................... 8

        2.    The Strength of Plaintiff's Case and Risk, Expense, Complexity, and Likely Duration of Further Litigation ............ 8

        3.    The Risk of Maintaining Class Action Status through Trial ............................................................. 9

        4.    The Amount Offered in Settlement ........................... 9

        5.    The Stage of the Proceedings ................................ 10

        6.    The Experience and Views of Counsel ..................... 11

        7.    The Presence of a Governmental Participant ............. 11

        8.    The Reaction of the Class Members to the Settlement ........... 11

IV.   THE COURT SHOULD CONDITIONALLY CERTIFY THE SETTLEMENT CLASS ............................................................ 11

    A.    The Proposed Settlement Class .................................... 11

i

B.    Legal Standard ..................................................................... 12

C.    The Settlement Class Satisfies the Requirements of Rule 23(a) ........ 12

    1.    The Class Is Sufficiently Numerous ......................................... 12

    2.    Common Questions of Law and Fact Exist ............................. 13

    3.    Plaintiff's Claims Are Typical of Those of the Class .............. 14

    4.    Adequate Representation Is Satisfied ....................................... 14

D.    The Settlement Class Satisfies the Requirements of Rule 23(b)(3) ...................................................................................... 15

    1.    Common Legal and Factual Questions Predominate .............. 15

    2.    A Class Action Is the Superior Means to Adjudicate the Claims ..................................................................................... 16

E.    The Court Should Appoint Class Counsel for the Settlement Class ...................................................................................... 17

V.    THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN .......................................................................................... 17

A.    The Notice Plan .................................................................... 17

B.    The Proposed Method of Notice is Appropriate ................................. 18

C.    The Proposed Content of Notice Is Adequate .................................... 18

VI.    PROPOSED SCHEDULE OF EVENTS ........................................ 19

VII.    CONCLUSION ........................................................................ 19

ii

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**CASES**

4

*Abdullah v. U.S. Sec. Assoc., Inc.*,
5
   731 F.3d 952 (9th Cir. 2013)................................................................13

6

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ..............................................................12, 15
7

8

*Arnold v. Fitflop USA, LLC*,
   11-CV-0973 W (KSC), 2014 WL 1670133 (S.D. Cal. Apr. 28, 2014) .............18
9

10

*Californians for Disability Rights, Inc. v. California Dep't of Transp.*,
   249 F.R.D. 334 (N.D. Cal. 2008) ........................................................14

11

12

*Churchill Vill., LLC v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004)..............................................................7

13

14

*Dukes v. Walmart, Inc.*,
   509 F.3d 1168 (9th Cir. 2007) ...........................................................14

15

16

*Forcellati v. Hyland's, Inc.*,
   CV 12-1983-GHK(MRWx), 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014).......14

17

18

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998).............................................................16

19

20

*Howerton v. Cargill, Inc.*,
   No. 1:13-cv-00336-LEK-BMK (D. Haw.)............................................3

21

*In re Tableware Antitrust Litig.*,
   484 F. Supp. 2d 1078 (N.D. Cal. 2007) ................................................8

22

23

*In re Wells Fargo Loan Processor Overtime Pay Litig.*,
   MDL Docket No. C-07-1841(EMC), 2011 WL 3352460 (N.D. Cal. Aug. 2, 2011)....................................................................................19
24

25

*Leyva v. Medline Indus. Inc.*,
   716 F.3d 510 (9th Cir. 2013) .............................................................12
26

27

28

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) ............................................................. 6

*Lundell v. Dell, Inc.*,
  No. C05-3970 JWRS, 2006 WL 3507938 (N.D. Cal. Dec. 5, 2006) .................. 6

*Ma v. Covidien Holding, Inc.*
  12-02161-DOC, 2014 WL 360196 (C.D. Cal. Jan. 31, 2014) ......................... 13

*Martin and Barry, et al. v. Cargill, Inc.*,
  No. 1:14-cv-00218-LEK-BMK (D. Haw.) ............................................... 3

*Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ................................................... 9, 11

*Nigh v. Humphreys Pharmacal, Inc.*,
  No. 12cv2714-MMA-DHB, 2013 WL 5995382
  (S.D. Cal. Oct. 23, 2013) .........................................................*passim*

*Officers for Justice v. Civil Service Com'n of City and Cnty of San
  Francisco*,
  688 F.2d 615 (9th Cir. 1982) ...................................................... 9, 10

*Rodriguez v. D.M. Camp & Sons*,
  1:09-CV-00700-AWI-JLT, 2012 WL 6115651 (E.D. Cal. Dec. 7, 2012) ......... 11

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ...................................................... 8, 18

*Simpson v. Fireman's Fund Ins. Co.*,
  231 F.R.D. 391 (N.D. Cal. 2005) ..................................................... 14

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ......................................................... 14

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) .......................................................... 6

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ...................................... 13

iv

*Weeks v. Kellogg Co.*,
 CV 09-08102 (MMM)(RZX), 2013 WL 6531177 (C.D. Cal. Nov. 23,
 2013) ....................................................................................................... 16, 17

*West v. Circle K Stores, Inc.*,
 No. Civ. S-04-0438 WBS GGH, 2006 WL 1652598 (E.D. Cal. June 13,
 2006) ................................................................................................................... 7

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
 Rule 23 ............................................................................................... 11, 12, 18
 Rule 23(a) ............................................................................................ 5, 12, 17
 Rule 23(a)(1) ......................................................................................... 12
 Rule 23(a)(2) ......................................................................................... 13, 14
 Rule 23(a)(3) ......................................................................................... 14
 Rule 23(a)(4) ......................................................................................... 14, 17
 Rule 23(b) ............................................................................................. 12
 Rule 23(b)(3) ................................................................................. *passim*
 Rule 23(c)(2)(B) .................................................................................. 17
 Rule 23(e) ............................................................................................ 1, 17, 19
 Rule 23(e)(1) ........................................................................................ 17
 Rule 23(e)(1)(C) .................................................................................. 20
 Rule 23(e)(2) ........................................................................................ 7
 Rule 23(g)(1) ........................................................................................ 17
 Rule 30(b)(6) ........................................................................................ 2

**OTHER AUTHORITIES**

Manual for Complex Litigation §13.14 (4th ed. 2004) ........................................... 7

v

MEMORANDUM OF LAW IN SUPPORT OF    Civ. No.: 2:14-cv-00670-RKG(AGRx)
PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Angel Aguiar ("Plaintiff") respectfully submits this Memorandum of Law in Support of her Unopposed Motion for Preliminary Approval of Class Action Settlement.  Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiff seeks the entry of an Order:  (i) granting preliminary approval of the proposed Class Settlement Agreement[1] filed concurrently herewith as Exhibit 1 to the Declaration of Amanda F. Lawrence ("Lawrence Decl."); (ii) conditionally certifying the Settlement Class for purposes of such settlement and appointing Plaintiff as representative for the Settlement Class; (iii) approving Plaintiff's selection of Class Counsel; (iv) approving the proposed notice plan; and (v) setting a hearing date for final approval of the Settlement.

## I.   FACTUAL AND PROCEDURAL HISTORY

### A.   Summary of Plaintiff's Claims

This case arises out of alleged deceptive and misleading marketing of Pure Via products.  ¶1.[2]   Plaintiff alleges Merisant Company ("Merisant") and Whole Earth Sweetener Company LLC ("Whole Earth") (collectively, "Defendants") label, advertise, and otherwise market Pure Via products and their ingredients as natural sweeteners primarily made from the stevia plant.  ¶5.  Plaintiff claims the labeling of Pure Via as a natural sweetener is deceptive, misleading, and false.  ¶¶22-28.  By this conduct, Plaintiff alleges consumers were injured and Defendants breached warranties to consumers and violated consumer protection statutes in forty states plus the District of Columbia as well as the California Business and Professions Code.  ¶¶60-144.

---

[1]     Unless otherwise defined herein, all capitalized terms have the meaning ascribed to them in the Class Settlement Agreement ("Settlement Agreement").

[2]     All "¶__" and "¶¶__" references are to the Complaint (filed Jan. 28, 2014).

1

## B.    Procedural History

On January 28, 2014, Plaintiff filed her Complaint (the "Action") in the Central District of California.   ¶1.   Defendants filed a motion to dismiss the Complaint on February 21, 2014 (ECF No. 14), which Plaintiff opposed on March 3, 2014 (ECF No. 26).   The Court denied, in part, and granted (as to the unjust enrichment claims) Defendants' motion to dismiss the Complaint on March 24, 2014 (ECF No. 56), and Defendants filed an Answer to the Complaint on May 22, 2014 (ECF No. 70) in which they denied wrongdoing.

Plaintiff served discovery requests on Defendants on March 21 and March 27, 2014, and Defendants served discovery requests on Plaintiff on March 21 and March 28, 2014.  Lawrence Decl., ¶3.  The Parties proceeded to engage in formal discovery, including the production of thousands of pages of documents.  *Id.* Plaintiff issued five subpoenas on third-party marketers and retailers of Pure Via. *Id.,* ¶4.  Plaintiff also took a Fed. R. Civ. P. 30(b)(6) deposition of the Defendants on May 14, 2014.  *Id.,* ¶5.  Shortly thereafter, on May 27, 2014, Plaintiff was deposed.  *Id.,* ¶6.  Two days later, Plaintiff filed her motion for class certification, including two expert reports, (ECF No. 71) which Defendants opposed on June 30, 2014, likewise submitting two expert reports (ECF No. 86).  In between those dates, Defendants took lengthy depositions of each of Plaintiff's experts. Lawrence Decl., ¶7.  On the same date that Defendants opposed Plaintiff's motion for class certification, they likewise filed a motion to deny class certification (ECF No. 85).  One week later, Plaintiff opposed that motion.  (ECF No. 89).  Plaintiff's counsel was prepared to depose Defendants' class certification experts on July 9 and 10, 2014, but, as discussed below, the Parties were able to reach an agreement in principle to resolve the case prior to those dates.   Lawrence Decl., ¶8. Therefore, on July 14, 2014, Plaintiff withdrew her motion for class certification (ECF No. 104), and, at the same time, Defendants withdrew their motion to deny

2

class certification (ECF No. 105).   Both motions were withdrawn without prejudice, in anticipation of pursuing this Class Settlement Agreement.

### C.   Settlement Negotiations

During the intense motion and discovery practice for class certification, the Parties began to discuss settlement.   Beginning on April 29, 2014,   Plaintiff's counsel and Defendants' counsel had numerous telephonic discussions surrounding resolution of the case.   Lawrence Decl., ¶9.   The Parties monitored the settlement negotiations in a similar case,  *Howerton v. Cargill, Inc.*, No. 1:13-cv-00336-LEK-BMK (D. Haw.) and *Martin and Barry, et al. v. Cargill, Inc.*, No. 1:14-cv-00218-LEK-BMK (D. Haw.) and continued to discuss a similar resolution of this case. As discussed above, these discussions occurred while the Parties were engaged in hard fought and intense litigation of the matter, which included extensive document review and numerous depositions, including of highly reputable experts. Ultimately, on July 8, 2014, counsel for Plaintiff and counsel for Defendants reached a resolution in principle of the case and informed the Court of the existence of a Memorandum of Understanding outlining the terms of the Settlement.  Lawrence Decl., ¶10.

## II.   THE TERMS OF THE PROPOSED SETTLEMENT

In exchange for a release by Settlement Class Members of claims related to Defendants' labeling, marketing, and advertising of Pure Via, Defendants have agreed to undertake several important remedial measures.   First, to remedy the alleged misrepresentations on the Pure Via product labels, Defendants have agreed to changes in their marketing and labeling.   Second, Defendants will contribute $1.65 million into an independently-administered settlement fund, which will be used to compensate Pure Via consumers who allegedly were misled by Defendants' past labeling practices, as well as to disseminate notice to the Settlement Class such that affected persons may avail themselves of this remedial

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Civ. No.: 2:14-cv-00670-RKG(AGRx)

monetary payment. Third, Defendants agree to certification of the Settlement Class for purposes of achieving settlement.

## A. Defendants Agree to Pay a Substantial Sum into a Fund to Compensate Consumers Who Purchased Pure Via

Under the terms of the Settlement Agreement, Settlement Class Members who submit valid claims will receive cash in an amount ranging from $5.00 to $30.00, based on the dollar amount, or the number, of their purchases during the Class Period. (§4.3, 4.4).[3] If, after the payment of all valid claims and all other costs and fees specified in the Agreement, any Residual Fund remains in the Settlement Fund, each claim shall be proportionately increased on a *pro rata* basis up to one hundred percent (100%) of the eligible Settlement Class Member's Initial Claim Amount. (§4.5(a)). Conversely, if the Settlement Fund is insufficient to cover all valid claims and all other costs and fees, each Claim shall be reduced on a *pro rata* basis. (§4.5(b)). If any funds remain in the Settlement Fund balance following this calculation, then, upon motion by Plaintiff and upon approval by the Court pursuant to the *cy pres* doctrine, the Settlement Administrator shall distribute the Residual Fund to the American Diabetes Association (§4.5(c)). The Residual Fund will not be returned to Defendants. (*Id.*).

## B. Defendants Agree to Changes in the Labeling of Pure Via

The Settlement requires Defendants to modify the labeling of Pure Via and to modify the purevia.com website. (§§4.6, 4.7). Specifically, Defendants will add an asterisk on Pure Via packaging, along with adding the following statement, or something substantially similar, below the ingredients panel or somewhere of equal or greater prominence: either "*For more information about our ingredients go to purevia.com" or "*For more information about our natural standard go to purevia.com" (§4.6).

---

[3]   All "§__" and "§§__" references are to the Settlement Agreement.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Civ. No.: 2:14-cv-00670-RKG(AGRx)

Defendants also agree to make significant additions to the purevia.com website to further explain the manufacturing processes for the ingredients in Pure Via (§4.7). The purevia.com FAQ website modifications will include significant additions that will provide information regarding Pure Via, the processes for making it, its ingredients, and why Defendants believe it is natural. (*See id.*). With these additions, consumers will be further able to obtain information regarding the source and processing of the ingredients in Pure Via. The injunctive relief provides consumers with significant information to make their own determination as to whether they deem Pure Via to be "natural."

### C. Defendants Agree to Class Certification for Settlement Purposes Only

Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and Defendants agree to certification of the proposed Settlement Class for purposes of achieving this Settlement. Defendants have reserved all of their objections to class certification for litigation purposes and have reserved all rights to challenge certification of a class in this case in the event final approval of the Settlement does not occur.

### D. Defendants Will Pay Plaintiff's Incentive Award and Court-Awarded Attorneys' Fees and Expenses

The Settlement Agreement provides that Plaintiff's Counsel may apply for an award of reasonable Attorney's Fees and Expenses not to exceed 30% of the total sum of the Settlement Fund, and an Incentive Award to the Plaintiff of up to $4,000.00. (§§8.1, 8.5). Defendants agree not to oppose these applications. (§8.4).

## III. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT

Plaintiff's Counsel has worked diligently to reach the proposed Settlement and believes the claims resolved in the proposed Settlement have merit. Lawrence

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Civ. No.: 2:14-cv-00670-RKG(AGRx)

Decl., ¶13.  Plaintiff and her counsel recognize, however, the expense and length of continued proceedings necessary to prosecute the claims through trial and appeal and has taken into account the uncertain outcome and risk of litigation, as well as the difficulties and delays inherent in such litigation.  Plaintiff's Counsel has evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the instant Settlement.  Lawrence Decl., ¶11.  Based on the above-described evaluation, Plaintiff's Counsel has determined that the Settlement is fair, reasonable, and adequate and in the best interest of the Settlement Class.  (*Id.*).

Defendants have denied, and continue to deny, that their labeling of Pure Via is false, deceptive, or misleading to consumers or violates any legal requirement.  Defendants' willingness to resolve this Action on the terms and conditions embodied in the Settlement is based on, *inter alia*: (i) the time and expense associated with litigating this Action through trial and any appeals; (ii) the benefits of resolving the Action, including limiting further expense, inconvenience, and distraction, disposing of burdensome litigation, and permitting Defendants to conduct their business unhampered by the distractions of continued litigation; and (iii) the uncertainty and risk inherent in any litigation.

## A.    Legal Standard

"The Ninth Circuit has stated that 'there is an overriding public interest in settling and quieting litigation,' and this is 'particularly true in class action suits.'" *Lundell v. Dell, Inc.,* No. C05-3970 JWRS, 2006 WL 3507938, at \*2 (N.D. Cal. Dec. 5, 2006) (citing *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998). Approval of a class action settlement is a two-step process; first, the court enters a preliminary approval order, and second, following notice of the proposed

6

settlement to the class and a final fairness hearing, the court enters a final approval order.  *West v. Circle K Stores, Inc.*, No. Civ. S-04-0438 WBS GGH, 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006); Manual for Complex Litigation §13.14 (4th ed. 2004).  By this motion, Plaintiff requests that the Court take the first step and preliminarily approve the proposed Settlement, thereby allowing notice of the Settlement and the final approval hearing to be sent to the Settlement Class.

A district court may approve a class action settlement only after determining it is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  In making this determination, a court should consider: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.  *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 576-77 (9th Cir. 2004).  As explained by the court in *West*, "[g]iven that some of these factors cannot be fully assessed until the court conducts its fairness hearing, 'a full fairness analysis is unnecessary at [the preliminary approval] stage[.]'" 2006 WL 1652598, at *9.[4]  Accordingly, when determining whether to grant preliminary approval, the Court should "simply conduct a cursory review of the terms of the parties' settlement for the purpose of resolving any glaring deficiencies before ordering the parties to send the proposal to class members."  *Id*.  Preliminary approval of a settlement and notice to the class is appropriate if "'the proposed settlement appears to be [1] the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible

---

[4]     Unless otherwise indicated, all citations are omitted and emphasis is added.

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Civ. No.: 2:14-cv-00670-RKG(AGRx)

approval . . . .'" *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).  Even though the Court need not, at the preliminary approval stage, assess the final approval factors, a review of those factors shows that this Settlement merits preliminary approval.

### B. The Factors Weigh in Favor of Granting Preliminary Approval

#### 1. The Settlement Is the Result of Arm's-Length Negotiations

The courts of this Circuit "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution . . . and have never prescribed a particular formula by which that outcome must be tested." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).  This Settlement was achieved after numerous negotiations by the Parties on behalf of their respective clients and only after multiple settlement proposals were exchanged, rejected, and then modified prior to being accepted.  Lawrence Decl., ¶9.  As detailed above, Plaintiff's Counsel obtained extensive information and documents from Defendants through in-depth discovery and depositions.  Through this, Plaintiff's Counsel obtained a full understanding of the processing of Pure Via's ingredients, which Defendants used as a basis for its labeling.  Lawrence Decl., ¶11.  A presumption of fairness arises when a settlement is negotiated at arm's length by well-informed counsel. *Nigh v. Humphreys Pharmacal, Inc.*, No. 12cv2714-MMA-DHB, 2013 WL 5995382, at *7 (S.D. Cal. Oct. 23, 2013).

#### 2. The Strength of Plaintiff's Case and Risk, Expense, Complexity, and Likely Duration of Further Litigation

In this case, Plaintiff is confident in the strength of her claims.  Plaintiff nonetheless recognizes that Defendants have several factual and legal defenses that, if successful, would defeat or substantially impair the value of Plaintiff's claims.  Defendants have denied, and continue to deny, any liability and maintain that their current labeling is truthful and not misleading.  Indeed, Defendants have

8

vigorously opposed certification of a litigation class, arguing (among other things) that the class is not ascertainable and the class cannot be certified nationwide.

Litigation to date has been costly, and certainly further litigation would be costly, complex, and time consuming.  Such litigation could include dispositive motions; further contested class certification proceedings and appeals; more costly nationwide discovery, including dozens more depositions; and trial.  Each step towards summary judgment and trial would likely be subject to Defendants' vigorous opposition and appeal.  "Avoiding such a trial and the subsequent appeals in this complex case strongly militates in favor of settlement rather than further protracted and uncertain litigation."  *Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004).

### 3.    The Risk of Maintaining Class Action Status through Trial

Although Plaintiff feels confident that class certification would be granted, Defendants have actively contested class certification.   Should the class be certified and this Settlement not approved, Defendants could file an interlocutory appeal.  This raises further risk that the class may be decertified.  As the average price of each Pure Via Consumer Product is around $4.00, it is unlikely that any individual plaintiff would pursue litigation to recover this amount.  As such, a class action represents consumers' best chance for recovery.  Given this risk, this factor weighs in favor of preliminary approval.  *See, e.g., Nigh*, 2013 WL 5995382, at *7 (finding factor favored approval where defendants represented they would vigorously contest class certification).

### 4.    The Amount Offered in Settlement

"[T]he very essence of a settlement is compromise, 'yielding of absolutes and an abandoning of highest hopes.'"  *Officers for Justice v. Civil Service Com'n of City and Cnty of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982).  Thus, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the

9

potential recovery will not per se render the settlement inadequate or unfair." *Id.* at 628. "This is particularly true in cases, such as this, where monetary relief is but one form of the relief requested by the plaintiffs." *Id.* "It is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Id.*

At trial, Plaintiff would pursue judgment against Defendant seeking, *inter alia*, restitution for Class Members and injunctive relief. As outlined above, this is the precise relief the Settlement provides to the Settlement Class - $1.65 million in monetary relief for the Class as well as injunctive relief. The Settlement enables Settlement Class Members who purchased even one Pure Via product to receive $5.00, which is more than the average Pure Via Consumer Product's price. (§4.4(c)). This relief may not have been available had the Settlement not been reached.

Furthermore, Defendants agreed to make significant label changes, including qualification of the "natural" representations with detailed explanations of how Pure Via is made and how the stevia leaf extract in Pure Via is produced. (§4.6). Thus, the $1.65 million settlement and meaningful injunctive relief is fair and reasonable for resolution of these claims. *See supra* Part IV.B.2; §4.1(a).

### 5. The Stage of the Proceedings

As discussed above, thousands of documents were obtained through discovery. Lawrence Decl., ¶3. In addition, numerous depositions were taken in this case, including two expert depositions. *Id.,* ¶7. Through this discovery, Plaintiff's Counsel obtained a full understanding of the processing of Pure Via's ingredients, which Defendants used as a basis for their labeling. Lawrence Decl., ¶11. Thus, this factor also weighs in favor of preliminary approval. *See, e.g., Nigh*, 2013 WL 5995382, at *7.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Civ. No.: 2:14-cv-00670-RKG(AGRx)

### 6. The Experience and Views of Counsel

"'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *Nat'l Rural Telecomm. Coop.*, 221 F.R.D. at 528. Counsel for all parties are highly experienced in complex class action litigation. All counsel have been privy to the entirety of the record in this case. They have reviewed the discovery provided and approved the attached Settlement Agreement. It is the collective opinion of Class Counsel that the attached Settlement is in the best interest of the Settlement Class. Thus, this factor weighs in favor of preliminary approval.

### 7. The Presence of a Governmental Participant

This factor is irrelevant. There has been no government action in this matter, which is a dispute between private entities.

### 8. The Reaction of the Class Members to the Settlement

Plaintiff has agreed to the settlement terms and has signed the Settlement Agreement. Formal notice to the Settlement Class will be provided upon preliminary approval by the Court. Thus, this factor is more appropriately weighed at the final approval stage. *See, e.g., Rodriguez v. D.M. Camp & Sons*, 1:09-CV-00700-AWI-JLT, 2012 WL 6115651, at *8 (E.D. Cal. Dec. 7, 2012).

## IV. THE COURT SHOULD CONDITIONALLY CERTIFY THE SETTLEMENT CLASS

### A. The Proposed Settlement Class

For settlement purposes only, Plaintiff requests that the Court conditionally certify pursuant to Rule 23 the Settlement Class defined as:

> All persons who, during the Class Period, both resided in the United States and purchased in the United States any of the Pure Via Consumer Products for their household use or personal consumption and not for resale. Excluded from the Settlement Class and

11

Settlement Class Members are: (a) Merisant's board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

(§§2.12, 2.29).

As discussed below, the proposed Settlement Class satisfies all of the Rule 23 certification requirements.

## B.      Legal Standard

To certify the Settlement Class, the Rule 23(a), and at least one prong of the Rule 23(b), criteria need to be satisfied. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *see Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). Rule 23(a) provides that an action may be maintained as a class action if: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see, Leyva v. Medline Industries Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). As is relevant here, the Rule 23(b)(3) requirements have been distilled into two general elements, commonly referred to as the "predominance" and "superiority" requirements. *Id.* at 512. The Settlement Class satisfies each Rule 23 requirement.

## C.      The Settlement Class Satisfies the Requirements of Rule 23(a)

### 1.      The Class Is Sufficiently Numerous

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Courts have routinely found

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Civ. No.: 2:14-cv-00670-RKG(AGRx)

the numerosity requirement satisfied when the class comprises 40 or more members." *Ma v. Covidien Holding, Inc.,* SACV 12-02161-DOC, 2014 WL 360196, at *2 (C.D. Cal. Jan. 31, 2014).   Here, Defendants have admitted that more than 40 different consumers purchased Pure Via products during the Class Period, (Lawrence Decl., ¶3) and it is estimated that the Settlement Class Members number over one million. Declaration of Jeffrey Dahl with respect to Settlement Notice Plan. ("Dahl Decl."), ¶11.   This easily exceeds the threshold for establishing numerosity.

### 2.   Common Questions of Law and Fact Exist

For Plaintiff to maintain a class action, there must be "common questions of law or fact among members of the class." Fed. R. Civ. P. 23(a)(2). "[T]he key inquiry is not whether the plaintiffs have raised common questions, 'even in droves,' but rather, whether class treatment will 'generate common *answers* apt to drive the resolution of the litigation." *Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011)) (emphasis in original).   "This does not, however, mean that *every* question of law or fact must be common to the class; all that Rule 23(a)(2) requires is 'a single *significant* question of law or fact.'" *Id.* (emphasis in original).

Here, the determination of the following common questions will resolve issues central to the validity of Plaintiff's and Settlement Class members' claims: (i) whether Defendants' marketing, advertising, labeling, and selling of Pure Via constitute (a) an unfair, unlawful, or fraudulent practice and (b) false advertising; (ii) whether Defendants materially misrepresented to the Class members that Pure Via is "natural," (iii) whether Defendants' alleged misrepresentations and omissions were material to reasonable consumers, and (iv) whether Defendants' alleged conduct injured consumers and, if so, the extent of the injury.   These

13

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Civ. No.: 2:14-cv-00670-RKG(AGRx)

common issues of law and fact satisfy Rule 23(a)(2)'s commonality test. *See, e.g., Forcellati v. Hyland's, Inc.*, CV 12-1983-GHK(MRWx), 2014 WL 1410264, at *9 (C.D. Cal. Apr. 9, 2014); *Nigh*, 2013 WL 5995382, at *4.

### 3.    Plaintiff's Claims Are Typical of Those of the Class

Rule 23(a)(3) requires "the claims and defenses of the representative parties [to be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Representative claims are typical if they are "reasonably coextensive with those of absent class members; they need not be substantially identical." *Dukes v. Walmart, Inc.*, 509 F.3d 1168, 1184 (9th Cir. 2007). "In determining whether typicality is met, the focus should be 'on the defendants' conduct and the plaintiff's legal theory,' not the injury caused to the plaintiff." *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005). Typicality is met here as Plaintiff and the proposed Class assert the same claims arising from the same factual predicate: that is, Defendants' marketing and labeling of a purportedly "all natural" sugar alternative that Plaintiff alleges contains synthetic ingredients and is heavily chemically processed.

### 4.    Adequate Representation Is Satisfied

Finally, Plaintiff must demonstrate that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit established a two prong test for this requirement: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Absent evidence to the contrary, a proposed class representative's adequacy of representation is presumed. *Californians for Disability Rights, Inc. v. California Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008).

14

Here, Plaintiff is a member of the Class she seeks to represent. Plaintiff's individual and the Settlement Class's claims arise from the same alleged misconduct of Defendants' falsely labeling and advertising Pure Via. Moreover, Plaintiff has sought and obtained remedies equally applicable and beneficial to the Settlement Class as to herself. Thus, Plaintiff shares the same claims and interest in obtaining relief as all other Settlement Class members and has no conflicts of interests with other Settlement Class members. Plaintiff has demonstrated her adequacy by diligently advancing this litigation, including achievement of the proposed Settlement that is presently before the Court. Further, Plaintiff has selected highly experienced complex class action attorneys, who have qualified as lead counsel in other class actions and have a proven track record of successful prosecution of significant class actions. Lawrence Decl., ¶17. Thus, the adequacy of representation requirement is satisfied. As such, Plaintiff respectfully requests she be appointed Class Representative.

**D.    The Settlement Class Satisfies the Requirements of Rule 23(b)(3)**

Plaintiff seeks to have the proposed Settlement Class certified pursuant to Rule 23(b)(3), as: (1) common questions of law or fact will predominate over questions affecting only individual members; and (2) a class action is "superior to other available methods" of adjudicating the case. Fed. R. Civ. P 23(b)(3).

**1.    Common Legal and Factual Questions Predominate**

With regard to Rule 23(b)(3) predominance, the court analyzes whether the "proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. As stated by the Supreme Court, the "[p]redominance is a test readily met in certain cases alleging consumer . . . fraud . . . ." *Id.* at 625.

The central issues in this litigation with respect to the Settlement Class arise out of Plaintiff's efforts to remedy a common legal grievance concerning

15

Defendants' marketing and sale of Pure Via.  Common, predominant questions include whether Defendants are responsible for one or more of the violations of law of which Plaintiff complains and whether Plaintiff is entitled to injunctive and monetary relief.  Because these overriding questions focus on Defendants' conduct – and not on Plaintiff's conduct – and because they concern the core question of liability, they are predominant.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).  The proposed Settlement accomplishes Plaintiff's goal – namely, it resolves and settles with finality all of the claims asserted against Defendants.  Thus, predominance is satisfied.  *See, e.g.,  Weeks v. Kellogg Co.*, CV 09-08102 (MMM)(RZX), 2013 WL 6531177, at *9 (C.D. Cal. Nov. 23, 2013); *Nigh*, 2013 WL 5995382, at *5.

## 2.    A Class Action Is the Superior Means to Adjudicate the Claims

Rule 23(b)(3) sets forth factors for determining whether "a class action [is] superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Rule 23(b)(3)'s four "superiority" factors weigh heavily in favor of class certification here.  Defendants have made clear that should this settlement not be approved, they intend to vigorously defend against the claims, making individual actions difficult.  Liability in this Action will turn on whether Defendants' labeling message is likely to deceive the reasonable consumer.  Because establishing this for one Class member is the same as for any other, judicial efficiency weighs in favor of a class action.  Likewise, it is not economically feasible for the many thousands of Settlement Class members to pursue their claims against Defendants on an individual basis given the average retail price of Pure Via compared to the expense of establishing these claims. *Hanlon*, 150 F.3d at 1023.  Here, a class action is superior to individual suits.  *See,*

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Civ. No.: 2:14-cv-00670-RKG(AGRx)

*e.g.*, *Weeks*, 2013 WL 6531177, at *9.  In sum, the Court should conditionally certify the Settlement Class under Rule 23(a) and (b)(3).

### E.    The Court Should Appoint Class Counsel for the Settlement Class

Rule 23(g)(1) requires the Court to appoint counsel to represent the interests of the class.  For the reasons stated above in connection with the adequacy requirements of Rule 23(a)(4), and as has been demonstrated thus far in this litigation, the law firms retained by Plaintiff to prosecute this class action are "well equipped" to vigorously, competently, and efficiently represent the Settlement Class.  Lawrence Decl., ¶17.  Accordingly, the Court should appoint Scott+Scott, Attorneys at Law, LLP and the Wood Law Firm, LLC as Class Counsel for the Settlement Class.

## V.    THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN

Rule 23(e) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement.  Fed. R. Civ. P. 23(e)(1).  In addition, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).

### A.    The Notice Plan

The Parties have developed a robust notice program that includes: (a) published notice through the use of paid print media; (b) web-based notice using paid banner ads on targeted websites; (c) additional web-based notice using "keyword" searches displaying banner ads; (d) social media ads targeting relevant interest areas; (e) national media through the issuing of a press release distributed nationwide through PR Newswire; (f) a dedicated, informational website through which Settlement Class Members can obtain more detailed information about the Settlement and access case documents; (g) direct mail notice to individuals who

17

have previously contacted Defendants about Pure Via Consumer Products for whom Defendants have a mailing address; and (h) a toll-free telephone helpline by which Settlement Class Members can obtain additional information about the Settlement and request a Class Notice and/or Claim Form.   Dahl Decl., ¶14. Further, pursuant to CAFA, notice of the Settlement will be mailed to state Attorneys General, the United States Attorney General, and the United States CAFA Coordinator.  (§5.1(b)).  The Notice Plan has been designed to obtain over 82 million individual print and digital impressions targeted to approximately 40 million persons in order to achieve sufficient scale and impression frequency to target the over one million class members.  (Dahl Aff., ¶15).

**B.     The Proposed Method of Notice is Appropriate**

The method proposed for providing notice to Class members is "reasonable" and should be approved.  Notice to the Class will be commenced seven days after entry of the Preliminary Approval Order.  The Notice will be provided to Class members so that they have sufficient time to decide whether to participate in the settlement, object, or opt out.  Courts routinely find that similar comprehensive notice programs meet the requirements of due process and Rule 23.  *See, e.g., Arnold v. Fitflop USA, LLC*, 11-CV-0973 W (KSC), 2014 WL 1670133, at *4-5 (S.D. Cal. Apr. 28, 2014).

**C.     The Proposed Content of Notice Is Adequate**

The contents of the notice to class members "'is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."'"  *Rodriguez v. West*, 563 F.3d 948, 962 (9th Cir. 2009).

Here, the proposed Notices provide this "sufficient detail."  Together, they define the Class, explain all Settlement Class Member rights, releases, and applicable deadlines, and describe in detail the injunctive and monetary terms of

18

the settlement, including the procedures for allocating and distributing settlement funds among the Settlement Class Members. They plainly indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to or opting out of the settlement. They detail the provisions for payment of attorneys' fees and incentive awards to the class representatives, and provide contact information for the putative Class Counsel. This comports with settlement notices upheld in other cases. *See, e.g., In re Wells Fargo Loan Processor Overtime Pay Litig.*, MDL Docket No. C-07-1841(EMC), 2011 WL 3352460, at *4 (N.D. Cal. Aug. 2, 2011).

## VI.  PROPOSED SCHEDULE OF EVENTS

The last step in the settlement approval process is to hold a final fairness hearing at which the Court may hear all evidence and arguments necessary to make the settlement evaluation. Proponents of the settlement may explain the terms and conditions of the settlement and offer argument in support of final approval. In addition, settlement class members, or their counsel, may be heard in support of or in opposition to the Settlement Agreement. The Court will determine after the Final Approval Hearing whether the settlement should be approved, and whether to enter a final order and judgment under Rule 23(e). Plaintiff proposes the schedule of events set forth in the proposed Preliminary Approval Order submitted herewith. That schedule is reasonable and provides due process for Settlement Class Members with respect to their Settlement rights.

## VII.  CONCLUSION

For the foregoing reasons, the Court should preliminarily approve Plaintiff's Settlement with Defendants; conditionally certify the Settlement Class and appoint Plaintiff as representative of the proposed Settlement Class; approve the manner and form of notice to be furnished to conditional Settlement Class members; approve Plaintiff's selection of Class Counsel; and schedule a fairness hearing

19

1  under Federal Rule of Civil Procedure 23(e)(1)(C) for the purpose of determining

2  whether the Settlement is fair, reasonable, and adequate and, therefore, deserving

3  of final approval.

4  DATED:  August 18, 2014                SCOTT+SCOTT,
5                                         ATTORNEYS AT LAW, LLP

6                                   By: /s/ Amanda F. Lawrence
7                                         Amanda F. Lawrence (*pro hac vice*)
                                          alawrence@scott-scott.com
8                                         156 South Main Street
                                          P.O. Box 192
9                                         Colchester, CT 06415
10                                        Telephone: 860-537-5537
11                                        Facsimile: 860-537-4432

12                                        Joseph P. Guglielmo (*pro hac vice*)
13                                        jguglielmo@scott-scott.com
                                          SCOTT+SCOTT,
14                                        ATTORNEYS AT LAW, LLP
15                                        The Chrysler Building
                                          405 Lexington Avenue
16                                        40th Floor
                                          New York, NY 10174
17                                        Telephone: 212-223-6444
18                                        Facsimile: 212-223-6334

19
                                          Christopher M. Burke (214799)
20                                        cburke@scott-scott.com
21                                        SCOTT+SCOTT,
                                          ATTORNEYS AT LAW, LLP
22                                        4771 Cromwell Avenue
                                          Los Angeles, CA 90027
23                                        Telephone: (213) 985-1274
24                                        Facsimile:  (213) 985-1278

25
                                          E. Kirk Wood
26                                        WOOD LAW FIRM, LLC
27                                        P.O. Box 382434

                                          20
28  MEMORANDUM OF LAW IN SUPPORT OF                Civ. No.: 2:14-cv-00670-RKG(AGRx)
    PLAINTIFF'S MOTION FOR PRELIMINARY
    APPROVAL OF CLASS ACTION SETTLEMENT

1   Birmingham, AL 35238-2434
    Telephone: 205-908- 4906
2   Facsimile: 866-747-3905
3   ekirkwoodl@bellsouth.net

4   Greg L. Davis
    DAVIS & TALIAFERRO
5   7031 Halcyon Park Drive
6   Montgomery, AL 36117
    Telephone: 334-832-9080
7   Facsimile: 334-409-7001
8   gldavis@knology.net

9   *Counsel for Plaintiff*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                  21

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify that the foregoing is true and correct.  Executed on August 18, 2014.

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

*/s/* Amanda F. Lawrence
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

22

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Civ. No.: 2:14-cv-00670-RKG(AGRx)