SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
CHRISTOPHER M. BURKE (214799)
cburke@scott-scott.com
4771 Cromwell Avenue
Los Angeles, CA 90027
Telephone: 213-985-1274
Facsimile: 213-985-1278

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
JOSEPH P. GUGLIELMO (*pro hac vice*)
jguglielmo@scott-scott.com
The Chrysler Building
405 Lexington Avenue
40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile: 212-223-6334

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
AMANDA F. LAWRENCE (*pro hac vice*)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

*Counsel for Plaintiff*

[Additional Counsel on Signature Page.]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL AGUIAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERISANT COMPANY, and WHOLE EARTH SWEETENER COMPANY, LLC,<br><br>Defendants. | Civil No.: 2:14-cv-00670-RGK-AGR<br><br>**DECLARATION OF AMANDA F. LAWRENCE IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE PLAN, AND SCHEDULING DATE FOR FINAL FAIRNESS HEARING**<br><br>Judge:   Hon. R. Gary Klausner<br>Date:    September 15, 2014<br>Time:   9:00 a.m.<br>Ctrm:   850 |

DECLARATION OF AMANDA F. LAWRENCE                Civ. No.: 2:14-cv-00670-RKG(AGRx)

Pursuant to 28 U.S.C. §1746, I, Amanda F. Lawrence, under penalty of perjury, declare that the following is true and correct to the best of my knowledge and belief:

1. I am a partner at the law firm of Scott+Scott, Attorneys At Law, LLP ("Scott+Scott"), and counsel for Plaintiff Angel Aguiar ("Plaintiff" or "Plaintiff Aguiar") in the above captioned case. I have personal knowledge of the matters set forth herein based on my active participation in all material aspects of the prosecution of this Action and submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Certifying Settlement Class, Approving Notice Plan, and Scheduling Date for Final Fairness Hearing ("Motion for Preliminary Approval"). Attached hereto as Exhibit 1 is a true and correct copy of the fully executed Class Action Settlement Agreement with corresponding exhibits. Unless otherwise indicated, capitalized terms used in this declaration have the same meaning as in the Class Action Settlement Agreement.

2. My firm, Scott+Scott, represents Plaintiff Aguiar in this matter and is seeking appointment as one of the Class Counsel for the proposed Settlement Class along with the Wood Law Firm, LLC ("Wood Law"). I, along with my co-counsel, have been responsible for the prosecution of this Action on behalf of Plaintiff Aguiar and have led the negotiations on behalf of her to achieve the proposed Settlement. From the outset of the investigation and filing of the action, through the negotiation and drafting of the Settlement before the Court, Scott+Scott and Wood Law have vigorously represented the interests of their client and the Class Members to obtain the best possible recovery.

3. After filing and serving the complaint in this action, the case proceeded rapidly and, on March 21 and 27, 2014, Scott+Scott caused discovery to be served on Defendants, while Defendants served their discovery requests on

Plaintiff on March 21 and 28, 2014. As a result of these requests, thousands of pages of documents were produced and subsequently reviewed by my firm. Plaintiff additionally received responses to Requests for Admissions that admitted the Proposed Class is made up of more than 40 members.

4. Scott+Scott also issued five subpoenas to third-party marketers and retailers of Pure Via.

5. On May 14, 2014, I took a Rule 30(b)(6) deposition of Defendants in Chicago, Illinois.

6. On May 27, 2014, Plaintiff Aguiar was deposed in Los Angeles, California.

7. In conjunction with the motion for class certification, my firm retained two experts: a damages calculation expert and a marketing expert from the Wharton School at the University of Pennsylvania. Defendants deposed both experts in Los Angeles, California and Philadelphia, Pennsylvania, respectively. I personally defended both depositions.

8. Defendants opposed class certification on June 30, 2014 and in conjunction therewith, submitted two competing expert reports. My firm diligently prepared to depose those experts, scheduled for July 9 and 10, 2014 in Washington, D.C. However, on the eve of the depositions, the Parties were able to reach a resolution in principle of the case.

9. Beginning on April 29, 2014, my firm and counsel for Defendants began a series of telephonic discussions surrounding resolution of the case. During these calls, numerous settlement proposals were exchanged, rejected, and then modified prior to being accepted. Accordingly, the proposed Settlement is the product of extensive, arm's-length, and contested settlement negotiations.

10. Ultimately, on July 8, 2014, my firm was able to reach a resolution in principle with counsel for Defendants and telephoned the Court to inform it of the

1  existence of a Memorandum of Understanding.  Since that time, I have worked
2  extensively with counsel for Defendants to draft the terms of the Settlement
3  Agreement.

4      11.    Through the thorough discovery process, Plaintiff's Counsel obtained
5  a full understanding of the processing of Pure Via ingredients and Defendants'
6  basis for Pure Via's labeling.  In addition, Scott+Scott evaluated the various state
7  consumer protection laws as well as the legal landscape to determine the strength
8  of the claims, the likelihood of success, and the parameters within which courts
9  have assessed settlements similar to the instant proposed Settlement.

10      12.    In my opinion, this Settlement demonstrates that the best practicable
11  result was achieved on behalf of the Class.

12      13.    Plaintiff remains convinced her case has merit, but recognizes
13  substantial risk is involved in continued litigation.  Based on extensive
14  investigation and discovery, including depositions, Plaintiff believes that she could
15  obtain class certification, defeat all dispositive motions filed by Defendants, and
16  proceed to a trial on the merits.

17      14.    All complex class actions are uncertain in terms of ultimate outcome,
18  difficulties of proof, and duration, and this action is no different.  There is always
19  the possibility that Plaintiff may not prevail if this Action continues.  Plaintiff and
20  Plaintiff's Counsel recognize, however, the expense and length of continued
21  proceedings necessary to prosecute the claims through trial and appeal and have
22  taken into account the uncertain outcome and risk of litigation, as well as the
23  difficulties and delays inherent in such litigation.  I believe the monetary,
24  advertising, marketing, and labeling terms set forth in the proposed Settlement
25  confer substantial benefits upon the Settlement Class Members.  Based on the
26  above-described evaluation, I have determined that the proposed Settlement is fair,
27  reasonable, and adequate and in the best interest of the Settlement Class.

28

1   15. Defendants have denied, and continue to deny, any liability and maintain that their current labeling is truthful and not misleading. Defendants have also indicated that, should this matter proceed, they will vigorously oppose certification of a litigation class. In the event Plaintiff seeks certification of a litigation class, Defendants will argue, among other things, that the class is not ascertainable.

16. Throughout the course of investigation, discovery, settlement negotiations, litigation, and filing of the Settlement and accompanying motions with the Court, Plaintiff's Counsel have devoted significant time to the investigation, development, prosecution, and resolution of this action.

17. Both Scott+Scott and Wood Law have substantial experience with consumer class actions in general and with consumer fraud and false advertising. Attached hereto as Exhibits 2 and 3 are true and correct copies of Scott+Scott's Firm Resume and Wood Law's Firm Resume, respectively.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Colchester, Connecticut on August 18, 2014.

*/s/ Amanda F. Lawrence*
Amanda F. Lawrence