1   SCOTT+SCOTT,
    ATTORNEYS AT LAW, LLP
2   CHRISTOPHER M. BURKE (214799)
    cburke@scott-scott.com
3   4771 Cromwell Avenue
    Los Angeles, CA 90027
4   Telephone: 213-985-1274
    Facsimile: 213-985-1278
5
6   SCOTT+SCOTT,
    ATTORNEYS AT LAW, LLP
7   JOSEPH P. GUGLIELMO (*pro hac vice*)
    jguglielmo@scott-scott.com
8   The Chrysler Building
    405 Lexington Avenue
9   40th Floor
10  New York, NY 10174
    Telephone: 212-223-6444
11  Facsimile: 212-223-6334
12  *Counsel for Plaintiff*
13
    [Additional Counsel on Signature Page.]
14

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
AMANDA F. LAWRENCE (*pro hac vice*)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

15              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
16

17  ANGEL AGUIAR, Individually and on
    Behalf of All Others Similarly Situated,
18
19                            Plaintiff,
20        vs.
21  MERISANT COMPANY, and WHOLE
    EARTH SWEETENER COMPANY,
22  LLC,
23
                              Defendants.
24

Civil No.: 2:14-cv-00670-RGK-AGRx

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND REQUEST FOR ENTRY OF FINAL JUDGMENT**

Judge:   Hon. R. Gary Klausner
Date:    February 2, 2015
Time:    9:00 a.m.
Ctrm:    850

25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 2, 2015 at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable R. Gary Klausner, located at 255 East Temple Street, Courtroom 850, Los Angeles, California 90012, Plaintiff Angel Aguiar ("Plaintiff") will, and hereby does, move the Court for an order granting final approval of the Parties' proposed class action settlement and for final certification of a settlement class.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the evidentiary submissions, including the Declaration of Amanda F. Lawrence, and such other evidence and argument as may be presented at or before the hearing.

DATED: December 18, 2014   Respectfully submitted,
              SCOTT+SCOTT,
              ATTORNEYS AT LAW, LLP

        By: */s/* Amanda F. Lawrence
          Amanda F. Lawrence (*pro hac vice*)
          alawrence@scott-scott.com
          156 South Main Street
          P.O. Box 192
          Colchester, CT 06415
          Telephone: 860-537-5537
          Facsimile: 860-537-4432

          *Attorney for Plaintiff*

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................... 1

II.   FACTUAL AND PROCEDURAL HISTORY ........................................... 2

    A.    Summary of Plaintiff's Claims .................................................... 2

    B.    Procedural History ....................................................................... 3

    C.    This Court Preliminarily Approved the Settlement ..................... 3

III.  THE TERMS OF THE PROPOSED SETTLEMENT ............................... 3

    A.    Defendants Agree to Pay a Substantial Sum into a Fund to
         Compensate Consumers Who Purchased Pure Via ...................... 4

    B.    Defendants Agree to Change the Labeling of Pure Via ............... 4

    C.    Defendants Also Agree to Make Significant Additions to
         the Pure Via Website .................................................................... 5

    D.    Defendants Agree to Class Certification for Settlement
         Purposes Only .............................................................................. 5

    E.    Defendants Will Pay Plaintiff's Incentive Award and
         Court-Awarded Attorneys' Fees and Expenses ........................... 5

IV.   THE STANDARDS FOR JUDICIAL APPROVAL OF CLASS
     ACTION SETTLEMENTS ....................................................................... 6

V.    THE SETTLEMENT MEETS THE NINTH CIRCUIT STANDARD
     FOR APPROVAL ..................................................................................... 7

    A.    The Strength of the Plaintiff's Case ............................................ 8

    B.    The Risk, Expense, Complexity, and Likely Duration of
         Further Litigation ........................................................................ 9

    C.    The Risk of Maintaining Class Action Status Through Trial ..... 10

    D.    The Amount Offered in the Settlement ....................................... 10

    E.    The Extent of Discovery Completed and the Stage of Proceedings ... 11

    F.    Experience and Views of Counsel .............................................. 12

    G.    The Reaction of the Class Members to the Settlement ............... 12

VI.   THE COURT SHOULD CONFIRM CERTIFICATION OF THE
     SETTLEMENT CLASS ........................................................................... 13

    A.    The Class Definition ................................................................... 13

    B.    Legal Standard ............................................................................ 14

    C.    The Settlement Class Satisfies the Rule 23(a) Requirements ..... 14

         1.    The Class Is Sufficiently Numerous .......................................... 14

         2.    Common Question of Law and Fact Exist ................................. 14

         3.    Plaintiff's Claims Are Typical of Those of the Class ............... 15

         4.    Adequate Representation Is Satisfied ........................................ 16

    D.    The Settlement Class Satisfies the Rule 23(b) Requirements ..... 17

         1.    Common Legal and Factual Questions Predominate .................. 17

i

2. A Class Action Is the Superior Means to Adjudicate the Claims .............................................................................. 18

VII. THE CLASS NOTICE APPROVED BY THE COURT SATISFIES DUE PROCESS AND HAS BEEN FULLY AND SUCCESSFULLY IMPLEMENTED ................................................................................ 18

VIII. CONCLUSION ................................................................................... 20

ii

# TABLE OF AUTHORITIES

**Page(s)**

C**ASES**

*Abdullah v. U.S. Sec. Assoc., Inc.*,
  731 F.3d 952 (9th Cir. 2013) ............................................................. 15

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ................................................................. 14, 17

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) ....................................................... 9

*Californians for Disability Rights, Inc. v. California Dep't of Transp.*,
  249 F.R.D. 334 (N.D. Cal. 2008) ........................................................ 16

*Churchill Vill., LLC v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ........................................................... 6, 9

*Dukes v. Wal-mart, Inc.*,
  509 F.3d 1168 (9th Cir. 2007) ........................................................... 15

*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980) .......................................................... 12

*Fisher Bros. v. Cambridge-Lee Indus., Inc.*,
  630 F. Supp. 482 (E.D. Pa. 1985) ....................................................... 12

*Forcellati v. Hyland's, Inc.*,
  CV 12-1983-GHK(MRWx), 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ....... 15

*Girsh v. Jepson*,
  521 F.2d 153 (3d Cir. 1975) ............................................................. 9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................... 6, 17, 18

*Hughes v. Microsoft Corp.*,
  No. C98-1646C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ................. 7

iii

*In re Mego Fin. Sec. Litig.*,
   213 F.3d 1011 (9th Cir. 1998) .......................................................... 6, 9

*In re Pac. Enters. Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) ................................................................ 6

*In re Portal Software, Inc. Sec. Litig.*,
   No. C-03-5138 VRW, 2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) ............... 8

*Leyva v. Medline Indus. Inc.*,
   716 F.3d 510 (9th Cir. 2013) ............................................................. 14

*Ma v. Covidien Holding, Inc*
   12-02161-DOC, 2014 WL 360196 (C.D. Cal. Jan. 31, 2014) .......................... 14

*Martin v. AmeriPride Servs., Inc.*,
   No. 08CV440-MMA JMA, 2011 WL 2313604 (S.D. Cal. June 9, 2011) ......... 13

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ...................................................... 6, 8, 10, 11

*Nigh v. Humphreys Pharmacal, Inc.*,
   No. 12cv2714, 2013 WL 5995382 (S.D. Cal. Oct. 23, 2013) ............... 12, 15, 17

*Officers for Justice v. Civil Service Com'n of city and County of San Francisco*,
   688 F.2d 615, (9th Cir. 1982) ........................................................... 7, 10

*Rodriguez v. W. Pub. Corp.*,
   No. CV05-3222 R (MCX), 2007 WL 2827379 (C.D. Cal. Sept. 10, 2007)
   *aff'd in part, rev'd in part sub nom. Rodriguez v. W. Publ'g Corp.*, 563
   F.3d 948 (9th Cir. 2009) ...................................................................... 9

*Simpson v. Fireman's Fund Ins. Co.*,
   231 F.R.D. 391 (N.D. Cal. 2005) ....................................................... 16

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ............................................................. 16

*Util. Reform Project v. Bonneville Power Admin.*,
   869 F.2d 437 (9th Cir. 1989) ............................................................... 6

iv

NOTICE OF MOTION, MOTION, AND                    Civ. No.: 2:14-cv-00670-RGK(AGRx)
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) ................................................................. 6

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ........................................ 15

*Weeks v. Kellogg Co.*,
  CV 09-08102 (MMM)(RZX), 2013 WL 6531177 (C.D. Cal. Nov. 23,
  2013) ............................................................................................... 17, 18

*Williams v. First Nat'l Bank of Pauls Valley*,
  216 U.S. 582 (1910) ............................................................................. 6

STATUTES, RULES, AND REGULATIONS

**Federal Rules of Civil Procedure**
  23 .................................................................................................... 13, 14
  23(a) .......................................................................................... 5, 14, 18
  23(a)(1) .............................................................................................. 14
  23(a)(2) ........................................................................................ 14, 15
  23(a)(4) .............................................................................................. 16
  23(b) ............................................................................................ 14, 17
  23(b)(3) ................................................................................ 5, 15, 17, 18
  23(c)(2)(B) ......................................................................................... 18
  23(e) ...................................................................................... 1, 5, 18
  23(e)(1) .............................................................................................. 18
  26 ...................................................................................................... 11

**California Code**
  California Business & Professions Code § 17200, *et seq.* ................... 2
  California Business & Professions Code § 17500, *et seq.* ............... 2, 3
  California Civil Code § 1750, *et seq.* .................................................. 2

OTHER AUTHORITIES

5 Moore Federal Practice, §23.85[2][b] (Matthew Bender 3d. ed.) ............... 8, 11

v

**MEMORANDUM**

Plaintiff Angel Aguiar ("Plaintiff"), by and through her undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of her unopposed Motion for Final Approval of Class Action Settlement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiff seeks the entry of an Order: (i) granting final approval of the Class Settlement Agreement,[1] ECF No. 109-1; (ii) certifying the Settlement Class; and (iii) entering a Final Judgment and Order in this Action.

## I.   INTRODUCTION

Following numerous arm's-length settlement negotiations and having the benefit of Class Counsel's investigation and prosecution of this class action litigation, Plaintiff Aguiar, on behalf of the Class, and Merisant Company ("Merisant") and Whole Earth Sweetener Company LLC ("Whole Earth") (collectively, "Defendants") reached a Class Settlement Agreement ("Settlement" or "Agreement"). *See* ECF No. 109-1. The proposed Settlement presents a fair and reasonable compromise between the Parties, and if approved, will result in dismissal of this Action with prejudice and a release of all claims by Settlement Class Members.

By filing the present case, Plaintiff sought to remedy the allegedly deceptive business practices relating to Defendants' sale and labeling of Pure Via® Stevia products ("Pure Via" or "Pure Via Consumer Products"). Under the terms of the Settlement, Defendants agreed to partially reimburse consumers for the purchase of Pure Via Consumer Products in the form of cash refunds paid from a $1.65 million Settlement Fund. Defendants also agreed to modify the packaging of Pure Via

---

[1]   Unless otherwise defined herein, all capitalized terms have the meaning ascribed to them in the Class Settlement Agreement, ECF No. 109-1.

1

NOTICE OF MOTION, MOTION, AND                              Civ. No.: 2:14-cv-00670-RGK(AGRx)
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

Consumer Products as well as the Pure Via website so that consumers are more fully apprised of the nutritional content and the origin and nature of Pure Via ingredients.

The terms of the Settlement were negotiated in good faith and at arm's-length by sophisticated counsel thoroughly familiar with the merits of the claims and the risks associated with continued litigation. As discussed more fully below, the Settlement is fair, reasonable, adequate, and meets all the relevant criteria for final approval in the Ninth Circuit. Accordingly, Plaintiff now seeks Final Approval and entry of a Final Judgment and Order in this Action.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Summary of Plaintiff's Claims

This class action arises from alleged unfair, deceptive, and unlawful business practices with respect to the marketing, advertising, labeling, and sales of Pure Via. ¶1.[2] On behalf of herself and other putative Class members, Plaintiff alleges that Merisant and Whole Earth deceptively labeled and marketed Pure Via products and ingredients as "all natural," derived predominantly from the stevia plant, when in fact, Plaintiff alleged, Pure Via consisted primarily of synthetic bulking agents and only a minute amount of stevia-derived extract and was manufactured through a multi-step, chemical extraction. ¶¶20, 25. To remedy the allegedly misleading business practices, Plaintiff asserts claims on behalf of a multi-state class for breach of express and implied warranties, and in violation of California's Unfair Competition Law ("UCL") (California Business & Professions Code §17200, *et seq*.), Consumer Legal Remedies Act ("CLRA") (California Civil Code §1750, *et seq*.), False Advertising Law ("FAL") (California Business &

---

[2] All "¶__" and "¶¶__" references are to the Complaint filed Jan. 28, 2014, ECF No. 1.

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

Professions Code §17500, *et seq*.), and the consumer protection laws of various states.  ¶¶60-148.

### B.  Procedural History

The Declaration of Amanda F. Lawrence ("Lawrence Decl.") is an integral part of this submission.  Plaintiff respectfully refers the Court to that Declaration for a detailed description of the factual and procedural history of the litigation, the claims asserted, the extensive investigation and discovery undertaken, the settlement negotiations, Plaintiff's Counsel's experience and the numerous risks and uncertainties presented in this Action.

### C.  This Court Preliminarily Approved the Settlement

On October 17, 2014, the Court preliminarily approved the Settlement, allowing notice to be disseminated to the Class Members.  *See* ECF No. 115.  By the same order, the Court appointed Scott+Scott, Attorneys at Law, LLP and the Wood Law Firm as counsel for the Settlement Class.  *Id.*  The Court appointed Plaintiff Angel Aguiar as the Class Representative.  *Id.*

## III.  THE TERMS OF THE PROPOSED SETTLEMENT

Defendants deny any wrongdoing.  Lawrence Decl., ¶48.  Instead, Defendants maintain that Pure Via Consumer Products are properly labeled as "all natural" since each of its ingredients exists in nature or have been extracted from plant material through biological processes, and thus, is not synthetic or artificial. *Id.*  Defendants also contend that the labeling of Pure Via does not deceptively imply that Pure Via products consist primarily of unprocessed crude stevia, and thus Pure Via's packaging is not misleading to a reasonable consumer.  *Id.* Against this backdrop, and in the interest of avoiding protracted and uncertain litigation, the Parties have agreed to a proposed settlement with the following basic terms:

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

**A.  Defendants Agree to Pay a Substantial Sum into a Fund to Compensate Consumers Who Purchased Pure Via**

Settlement Class Members who submit valid Claims will receive cash in an amount ranging from $5.00 to $30.00, based on the dollar amount, or the number, of their purchases during the Class Period.  (§§4.3, 4.4).[3]  Should any funds remain in any Residual Fund at the close of the claims period, those funds will be distributed by increasing each claim proportionately on a pro rata basis up to one hundred percent (100%) of the eligible Settlement Class Member's Initial Claim Amount.  (§4.5(a)).  Conversely, if the Settlement Fund is insufficient to cover all valid Claims and all other costs and fees, each Claim shall be reduced on a pro rata basis.  (§4.5(b)).  If any funds remain in the Settlement Fund following the initial distribution, upon motion by Plaintiff and upon approval by the Court pursuant to the *cy pres* doctrine, the Settlement Administrator shall distribute the Residual Fund to the American Diabetes Association (§4.5(c)).  The Residual Fund will not revert to Defendants.  (*Id.*).

**B.  Defendants Agree to Change the Labeling of Pure Via**

The Settlement requires Defendants to modify the labeling of Pure Via and to modify the Pure Via website.  (§§4.6, 4.7).  Specifically, Defendants will add an asterisk on Pure Via packaging, along with adding the following statement, or something substantially similar, below the ingredients panel or somewhere of equal or greater prominence: either "*For more information about our ingredients go to PureVia.com" or "*For more information about our natural standard go to PureVia.com" (§4.6).

---

[3]  "§" or "§§" shall refer to the corresponding section(s) in the Agreement.

4

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

### C. Defendants Also Agree to Make Significant Additions to the Pure Via Website

The www.purevia.com FAQ website modifications will include significant additions that will provide information regarding Pure Via, the processes for making it, its ingredients, and why Defendants believe it is natural.  (*See* §4.7).  With these additions, consumers will be further able to obtain information regarding the source and processing of the ingredients in Pure Via.  The injunctive relief provides consumers with significant additional information to make their own determination as to whether they deem Pure Via to be "natural."

### D. Defendants Agree to Class Certification for Settlement Purposes Only

Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23(a), (b)(3), and (e), and Defendants agree to certification of the proposed Settlement Class for purposes of achieving this Settlement.  Defendants have reserved all of their objections to class certification for litigation purposes and have reserved all rights to challenge certification of a class in this case in the event Final Approval of the Settlement does not occur.

### E. Defendants Will Pay Plaintiff's Incentive Award and Court-Awarded Attorneys' Fees and Expenses

In exchange for the release of her individual claims and for her efforts in prosecuting the Action, the Agreement provides that Plaintiff's Counsel may apply for an award of reasonable Attorneys' Fees and Expenses not to exceed 30% of the total sum of the Settlement Fund, and an Incentive Award to the Plaintiff of up to $4,000.00. (§§8.1, 8.5).[4]   Defendants agree not to oppose these applications. (§8.4).

---

[4]   Plaintiff is concurrently submitting a memorandum of law in support of her motion for approval of Plaintiff's incentive award and Plaintiff's Counsels' attorneys' fees and expenses.

5

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

## IV.    THE STANDARDS FOR JUDICIAL APPROVAL OF CLASS ACTION SETTLEMENTS

The Ninth Circuit has repeatedly recognized that "there is an overriding public interest in settling and quieting litigation," particularly class actions where substantial resources can be conserved by avoiding the time, costs, and rigors of prolonged litigation. *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).[5]  "'[The] decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants, and their strategies, positions, and proof.'"  *In re Mego Fin. Sec. Litig.*, 213 F.3d 1011, 1026 (9th Cir. 1998).  In determining whether to grant final approval of a class action settlement, the court should ask whether the settlement is "fundamentally fair, adequate, and reasonable." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).  In making this determination, a court should consider:

(1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).[6]

---

[5]    The law always favors the compromise of disputed claims. *Williams v. First Nat'l Bank of Pauls Valley*, 216 U.S. 582, 595 (1910); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

[6]    Unless otherwise noted, all citations are omitted and emphasis is added.

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

A strong initial presumption of fairness attaches to the proposed settlement if the settlement is reached by experienced counsel after arm's-length negotiations, and great weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation. *Hughes v. Microsoft Corp.*, No. C98-1646C, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001). Therefore, in exercising its discretion, "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Service Com'n of city and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).   The Ninth Circuit defines the limits of the inquiry to be made by the Court in the following manner:

> Therefore, the settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits.  Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.  The proposed settlement is not to be judged against a hypothetical or speculative measure of what ***might*** have been achieved by the negotiators.

*Id*.

As explained below and in the Lawrence Declaration filed herewith, application of these criteria demonstrates that the Settlement in this Action warrants Court approval.

## V.     THE SETTLEMENT MEETS THE NINTH CIRCUIT STANDARD

7

**FOR APPROVAL**

**A.     The Strength of the Plaintiff's Case**

"'An important consideration in judging the reasonableness of a settlement is the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement.'"  *Nat'l Rural Telecommunications Coop.*, 221 F.R.D. at 526 (citing 5 Moore Federal Practice, §23.85[2][b] (Matthew Bender 3d. ed.)).

Here, although Plaintiff believes in the strength of her claims, she acknowledges that substantial risk is associated with continued litigation.  Plaintiff remains confident that she could obtain class certification, prevail on all dispositive motions, and that at trial, she could meet her burden of demonstrating that reasonable consumers are misled by Defendants' advertising of Pure Via as "all natural."  Lawrence Decl., ¶46.  Nevertheless, Plaintiff recognizes that Defendants have raised several factual and legal defenses that, if successful, could substantially impair the value of Plaintiff's claims.  *Id.*, ¶¶47-48.  For example, Plaintiff would have to prove damages on a nation-wide class basis, something Defendants have vigorously disputed.  *Id.*

The proposed Settlement eliminates the risk of an unfavorable outcome and conserves the expense of continued proceedings necessary to prosecute the claim through trial and appeal.  Accordingly, the strength of Plaintiff's case favors final approval.  *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *3 (N.D. Cal. Nov. 26, 2007) ("[T]he strength of plaintiffs' case, somewhat favors settlement because plaintiffs' remaining claims are tenuous. Plaintiffs assert that establishing liability and damages at trial would be difficult because of the uncertainties associated with proving its claims, which are 'exacerbated by the unpredictability of a lengthy and complex jury trial.'").

8

**B.     The Risk, Expense, Complexity, and Likely Duration of Further Litigation**

To determine whether the proposed Settlement is fair, reasonable and adequate, the Court must balance the continuing risks of litigation against the benefits afforded to Class Members and the immediacy and certainty of a substantial recovery. *Mego Fin.*, 213 F.3d at 458; *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 616-17 (N.D. Cal. 1979); *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004).

Plaintiff's claims involve numerous complex legal issues, and the costs and risks associated with litigating this action would require extensive resources and Court time. Lawrence Decl., ¶47. "Avoiding a trial and inevitable appeals in this complex . . . suit strongly weigh in support of approval of the Settlement, rather than prolonged and uncertain litigation." *Rodriguez v. W. Pub. Corp.*, No. CV05-3222 R (MCX), 2007 WL 2827379, at *8 (C.D. Cal. Sept. 10, 2007) *aff'd in part, rev'd in part sub nom. Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009). Indeed, absent the Settlement, in order to prevail on her claims, Plaintiff would have had the burden of establishing a number of elements to the satisfaction of the jury and the Court. Lawrence Decl., ¶¶47, 77. Plaintiff would have had to prove that Defendants' advertising was untrue, that Class Members read or even relied on those advertisements in making purchases, that the advertisements and statements were uniform and universal, and that Class Members suffered damages, and if they did, the amount thereof on a class-wide basis. Plaintiff was also faced with demonstrating that Class members were ascertainable and that a nation-wide class of non-California consumers was certifiable. *Id.*, ¶70.

Clearly, in the absence of a settlement now, the Parties will continue to expend a great deal of time and money to litigate the case. *Id.*, ¶47. Such litigation could include a lengthy trial and appeals, especially considering how Defendants vehemently opposed class certification. *Id.*, ¶¶47, 70. "Avoiding such a trial and

9

the subsequent appeals in this complex case strongly militates in favor of settlement rather than further protracted and uncertain litigation." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 527.

Approval of the Settlement will mean a present recovery for eligible claimants. Delay, not just at the trial stage, but through post-trial motions and the appellate process as well, could force Class members to wait many more months, if not years, for any recovery, further reducing its value. By contrast, settlement of this litigation will ensure an instant recovery, and eliminate the risk of no recovery at all. In this respect, "[i]t has been held proper to take the bird in hand instead of a prospective flock in the bush.'" *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 526.

### C.    The Risk of Maintaining Class Action Status Through Trial

Before the Action settled, the Parties briefed class certification, which Defendants actively contested. Lawrence Decl., ¶48. Plaintiff acknowledges that there is no guarantee that class certification could be obtained on the scope agreed to in the Settlement and that class certification might not occur at all if the issue were fully briefed and presented to the Court. *Id.*, ¶¶45-47. Moreover, even if Plaintiff obtained a certified class, there is no guarantee certification would survive Defendants' appeal.

### D.    The Amount Offered in the Settlement

"[T]he very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624. Thus, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Id.* at 628. "This is particularly true in cases, such as this, where monetary relief is but one form of the relief requested by the plaintiffs." *Id.* "It is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Id.*

10

1      Here, the Settlement has secured a refund to each Class member of at least

2  $5.00 to $30.00 depending on the number packages purchased during the Class

3  Period, which is more than the average price of certain Pure Via Consumer

4  Products. (§4.4(c)). Lawrence Decl., ¶3. This amount is particularly substantial in

5  light of the additional delay in securing any payment that would occur were the

6  Settlement not approved. Given the uncertainty and risks faced by the Parties to

7  this litigation, it is reasonable for the Court to grant final approval of the

8  $1.65 million settlement.

9      In addition to the monetary relief, Defendants agreed to modify the

10  packaging of Pure Via products with respect to the "all natural" representation, as

11  well as the Pure Via website, including the addition of detailed explanation of how

12  Pure Via is made and how the stevia leaf extract is produced. (§4.6). These are

13  the exact changes Plaintiff sought when she first filed this lawsuit. Clearly, the

14  changes to the packaging and website set forth in the settlement represents

15  meaningful injunctive relief providing consumers with immediate labeling

16  changes, and is therefore unquestionably superior to the potential outcome of no

17  relief at all.

18     **E.**    **The Extent of Discovery Completed and the Stage of Proceedings**

19      "'A court is more likely to approve a settlement if most of the discovery is

20  completed because it suggests that the parties arrived at a compromise based on a

21  full understanding of the legal and factual issues surrounding the case.'" *Nat'l*

22  *Rural Telecomms. Coop.,* 221 F.R.D. at 527 (quoting 5 W. Moore, Moore's

23  Federal Practice, § 23.85[2][e] (Matthew Bender 3d ed.)).

24      Here, the Parties have conducted significant motion practice and discovery.

25  As discussed above, thousands of pages of documents have been exchanged and

26  reviewed as a result of the Rule 26 disclosures and from formal requests for

27  production and third party subpoenas. Lawrence Decl., ¶45. Through the review

28

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT                Civ. No.: 2:14-cv-00670-RGK(AGRx)

1   of these documents as well as depositions of Defendants and expert witnesses,
2   Class Counsel has gained a thorough understanding of the factual issues involved
3   in the case. *Id.*, ¶46. Thus, this factor also weights in favor of final approval. *See*
4   *Nigh v. Humphreys Pharmacal, Inc.*, No. 12cv2714, 2013 WL 5995382, at *7
5   (S.D. Cal. Oct. 23, 2013).

6       **F.    Experience and Views of Counsel**

7           It has long been accepted that the view of the attorneys actively conducting
8   the litigation, while not conclusive, "is entitled to significant weight" when
9   evaluating a settlement. *Fisher Bros. v. Cambridge-Lee Indus., Inc*., 630 F. Supp.
10  482, 488 (E.D. Pa. 1985); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18
11  (N.D. Cal. 1980) ("the fact that experienced counsel involved in the case approved
12  the settlement after hard-fought negotiations is entitled to considerable weight").

13          This Action has been litigated and settled by experienced and competent
14  counsel on both sides of the case. Lawrence Decl., ¶57. Class Counsel are well
15  known for their experience and success in complex and class action litigation. *Id.*
16  Defense counsel are, likewise, sophisticated and experienced consumer class action
17  litigators. *Id..* It is the collective opinion of Class Counsel that the Settlement is in
18  the best interest of the Settlement Class. *Id.*, ¶47. Thus, this factor weighs in favor
19  of final approval of the Settlement.

20      **G.    The Reaction of the Class Members to the Settlement**

21          On November 7, 2014, the Class was notified of the Settlement by First-
22  Class U.S. Mail, publication, and the Internet. *See* Declaration of Jeffrey D. Dahl
23  with Respect to Implementation of the Notice Plan and Performance of Required
24  Settlement Administration Activities (attached to the Lawrence Decl. as Exhibit A)
25  ("Dahl Decl."), ¶11. Notices of the Settlement were sent to over 1,800 potential
26  Class Members and a Summary Notice was published in *People Magazine* and
27  *USA Today* on November 7 and October 30, respectively, with a combined
28

readership of over 45 million.  *Id.*, ¶13.  Moreover, a dedicated website, www.Pure ViaSweetenerSettlement.com, was created and all relevant documents and dates were posted thereon.  *Id.*, ¶25.

The reaction of the Class to this Settlement has been entirely positive. Lawrence Decl., ¶¶43-44.  To date, no Class Members have objected and only two have requested exclusion.  Dahl Decl., ¶¶32-33.  Although objections are not due until January 2, 2014, "the absence of any objector [to date] strongly supports the fairness, reasonableness, and adequacy of the settlement."  *Martin v. AmeriPride Servs., Inc.*, No. 08CV440-MMA JMA, 2011 WL 2313604, at *7 (S.D. Cal. June 9, 2011).  Accordingly, the Court should finally approve the Settlement.

## VI.  THE COURT SHOULD CONFIRM CERTIFICATION OF THE SETTLEMENT CLASS

In the preliminary approval order, the Court conditionally held that, for settlement purposes, the Settlement Class satisfies the class certification criteria of Fed. R. Civ. P. Rule 23.  ECF No. 113.  For the reasons discussed herein, the certification of the Settlement Class for settlement purposes should be confirmed in a final approval order.

### A.    The Class Definition

For settlement purposes only, the Parties have agreed and the Court has preliminarily approved the certification of the following Class:

> All persons who, during the Class Period, both resided in the United States and purchased in the United States any of the Pure Via Consumer Products for their household use or personal consumption and not for resale.[7]

---

[7]    Excluded from the Settlement Class and Settlement Class Members are: (a) Merisant's board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

13

NOTICE OF MOTION, MOTION, AND                                    Civ. No.: 2:14-cv-00670-RGK(AGRx)
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

1    *See* §§2.12, 2.29 of the Settlement Agreement.

2        As discussed below, the proposed Settlement Class satisfies all of the Rule

3    23 certification requirements.

4    **B.    Legal Standard**

5        To certify the Settlement Class, the criteria for Rule 23(a), and at least one

6    prong of Rule 23(b), need to be satisfied.  *See Amchem Prods., Inc. v. Windsor*,

7    521 U.S. 591, 614 (1997); see *Leyva v. Medline Indus. Inc*., 716 F.3d 510, 512 (9th

8    Cir. 2013).  Rule 23(a) provides that an action may be maintained as a class action

9    if: "(1) the class is so numerous that joinder of all members is impracticable,

10   (2) there are questions of law or fact common to the class, (3) the claims or

11   defenses of the representative parties are typical of the claims or defenses of the

12   class, and (4) the representative parties will fairly and adequately protect the

13   interests of the class."  Fed. R. Civ. P. 23(a); see, *Leyva,* 716 F.3d at 512.

14   **C.    The Settlement Class Satisfies the Rule 23(a) Requirements**

15   **1.    The Class Is Sufficiently Numerous**

16       Rule 23(a)(1) requires that the class be "so numerous that joinder of all

17   members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "'Courts have routinely

18   found the numerosity requirement satisfied when the class comprises 40 or more

19   members.'"  *Ma v. Covidien Holding, Inc*., SACV 12-02161-DOC, 2014 WL

20   360196, at *2 (C.D. Cal. Jan. 31, 2014).  According to Defendant's records,

21   significantly more than 40 consumers purchased Pure Via products during the

22   Class Period.  Lawrence Decl., ¶51.  Indeed, it is estimated that the Settlement

23   Class Members number over 1.2 million.  Dahl Decl., ¶34.  This number easily

24   exceeds the threshold for establishing numerosity.

25   **2.    Common Question of Law and Fact Exist**

26       For Plaintiff to maintain a class action, there must be "common questions of

27   law or fact among members of the class."  Fed. R. Civ. P. 23(a)(2).  "[T]he key

28

14

inquiry is not whether the plaintiffs have raised common questions, 'even in droves,' but rather, whether class treatment will 'generate common *answers* apt to drive the resolution of the litigation.'" *Abdullah v. U.S. Sec. Assoc., Inc*., 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011)) (emphasis in original).  "This does not, however, mean that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is 'a single *significant* question of law or fact.'" *Id*. (emphasis in original).

Here, the determination of the following common questions will resolve issues central to the validity of Plaintiff's and Settlement Class members' claims: (i) whether Defendants' marketing, advertising, labeling, and selling of Pure Via constitute (a) an unfair, unlawful, or fraudulent practice and (b) false advertising; (ii) whether Defendants materially misrepresented to the Class members that Pure Via is "natural"; (iii) whether Defendants' alleged misrepresentations and omissions were material to reasonable consumers; and (iv) whether Defendants' alleged conduct injured consumers and, if so, the extent of the injury.  Lawrence Decl., ¶55.   These common issues of law and fact satisfy Rule 23(a)(2)'s commonality test.   *See, e.g.*, *Forcellati v. Hyland's, Inc*., CV 12-1983-GHK(MRWx), 2014 WL 1410264, at *9 (C.D. Cal. Apr. 9, 2014); *Nigh*, 2013 WL 5995382, at *4.

### 3.      Plaintiff's Claims Are Typical of Those of the Class

Rule 23(a)(3) requires "the claims and defenses of the representative parties [to be] typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3). Representative claims are typical if they are "reasonably coextensive with those of absent class members; they need not be substantially identical." *Dukes v. Wal-mart, Inc.*, 509 F.3d 1168, 1184 (9th Cir. 2007).   "In determining whether typicality is met, the focus should be 'on the defendants' conduct and the

15

plaintiff's legal theory,' not the injury caused to the plaintiff." *Simpson v. Fireman's Fund Ins. Co*., 231 F.R.D. 391, 396 (N.D. Cal. 2005). Typicality is met here as Plaintiff and the proposed Class assert the same claims arising from the same factual predicate: that is, Defendants' marketing and labeling of a purportedly "all natural" sugar alternative that Plaintiff alleges contains non-natural ingredients and is heavily chemically processed.

### 4. Adequate Representation Is Satisfied

Finally, Plaintiff must demonstrate that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit established a two prong test for this requirement: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003). Absent evidence to the contrary, a proposed class representative's adequacy of representation is presumed. *Californians for Disability Rights, Inc. v. California Dep't of Transp*., 249 F.R.D. 334, 349 (N.D. Cal. 2008).

Here, Plaintiff is a member of the Class she seeks to represent. Lawrence Decl., ¶53. Plaintiff's individual and the Settlement Class's claims arise from the same alleged misconduct of Defendants' falsely labeling and advertising Pure Via. Moreover, Plaintiff has sought and obtained remedies equally applicable and beneficial to the Settlement Class as to herself. Thus, Plaintiff shares the same claims and interest in obtaining relief as all other Settlement Class members and has no conflicts of interests with other Settlement Class members. *Id.*, ¶54. Plaintiff has demonstrated her adequacy by diligently advancing this litigation, including achievement of the proposed Settlement that is presently before the Court. *Id.*, ¶¶82-85. Further, Plaintiff has selected highly experienced complex

16

class action attorneys, who have qualified as Class Counsel in other class actions and have a proven track record of successful prosecution of significant class actions. *Id.*, ¶57. Thus, the adequacy of representation requirement is satisfied here.

### D.   The Settlement Class Satisfies the Rule 23(b) Requirements

The Settlement Class also meets the requirements of Rule 23(b)(3), which requires that (1) common questions of law or fact will predominate over questions affecting only individual members; and (2) a class action is "superior to other available methods" of adjudicating the case. Fed. R. Civ. P 23(b)(3).

### 1.   Common Legal and Factual Questions Predominate

With regard to Rule 23(b)(3) predominance, the court analyzes whether the "proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. As stated by the Supreme Court, the "[p]redominance is a test readily met in certain cases alleging consumer . . . fraud . . . ." *Id.* at 625.

The central issues in this Action with respect to the Settlement Class arise out of Plaintiff's efforts to remedy a common legal grievance concerning Defendants' marketing and sale of Pure Via. Common, predominant questions include whether Defendants are responsible for one or more of the violations of law of which Plaintiff complains and whether Plaintiff is entitled to injunctive and monetary relief. Because these overriding questions focus on Defendants' conduct – and not on Plaintiff's conduct – and because they concern the core question of liability, they are predominant. *See Hanlon*, 150 F.3d at 1022. The proposed Settlement accomplishes Plaintiff's goal – namely, it resolves and settles with finality all of the claims asserted against Defendants. Thus, predominance is satisfied. *See, e.g., Weeks v. Kellogg Co.*, CV 09-08102 (MMM)(RZX), 2013 WL 6531177, at *9 (C.D. Cal. Nov. 23, 2013); *Nigh*, 2013 WL 5995382, at *5.

17

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

## 2.  A Class Action Is the Superior Means to Adjudicate the Claims

Rule 23(b)(3) sets forth factors for determining whether "a class action [is] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  Rule 23(b)(3)'s four "superiority" factors weigh heavily in favor of class certification here.  Defendants have made clear that should this Settlement not be approved, they intend to vigorously defend against the claims, making individual actions difficult.  Lawrence Decl., ¶77.  Liability in this Action will turn on whether Defendants' labeling message is likely to deceive the reasonable consumer.  *Id.*, ¶47.  Because establishing this for one Class member is the same as for any other, judicial efficiency weighs in favor of a class action.  Likewise, it is not economically feasible for the numerous Settlement Class Members to pursue their claims against Defendants on an individual basis given the average retail price of Pure Via compared to the expense of establishing these claims.  *Hanlon*, 150 F.3d at 1023.  Here, a class action is superior to individual suits.  *See, e.g.*, *Weeks*, 2013 WL 6531177, at *9.  In sum, the Court should confirm its certification of the Settlement Class under Rule 23(a) and (b)(3).

## VII.  THE CLASS NOTICE APPROVED BY THE COURT SATISFIES DUE PROCESS AND HAS BEEN FULLY AND SUCCESSFULLY IMPLEMENTED

Rule 23(e) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement.  Fed. R. Civ. P. 23(e)(1).  In addition, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).

The Parties have implemented the Notice Plan set forth in the Agreement. The Parties designed the Notice Plan to inform the greatest number of Settlement

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

Class members practicable, thereby maximizing the opportunity for Settlement Class members to review and understand the Settlement, and to respond appropriately if they so choose.  The Notice Plan included: (a) direct mail notice to individuals who have previously contacted Defendants about Pure Via Consumer Products for whom Defendants have a mailing address; (b) published notice through the use of paid print media; (c) web-based notice using paid banner ads on targeted websites; (d) additional web-based notice using "keyword" searches displaying banner ads; (e) social media ads targeting relevant interest areas; (f) national media through the issuing of a press release distributed nationwide through PR Newswire; (g) a dedicated, informational website through which Settlement Class members could obtain more detailed information about the Settlement and access case documents; and (h) a toll-free telephone helpline by which Settlement Class members could obtain additional information about the Settlement and request a Class Notice and/or Claim Form.  *See* Dahl Decl.

The Notice Plan has resulted in the following:

- Mailed notice to 1,899 records provided by Defendants, *id.*, ¶11.
- Publication in *People Magazine* and *USA Today* with a combined readership of over 45 million, *id.*, ¶13.
- An overall web-based notice campaign that delivered more than 25.3 million web impressions, *id.*, ¶23.
- Almost 35,000 visits to the settlement website, *id.*, ¶27.
- Phone calls, emails and correspondence regarding the Settlement, i*d., ¶¶*30-31.

Furthermore, the notices disseminated to potential Class members described the nature, history, and status of the Action, set forth the Settlement Class definitions, the Class claims and issues, disclosed the rights of people who fall within the Settlement Class definitions to exclude themselves from it, as well as

19

the deadline and procedure for doing so and warned of the binding effect of the Settlement approval proceedings on people who stay in the Settlement Classes.  In addition, they set forth the benefits Plaintiff is proposing to distribute among the Settlement Class, set out the amount of attorneys' fees and expenses that Plaintiff's Counsel intend to seek in connection with final settlement approval, provided contact information for Counsel, and summarized the reasons the Parties are proposing the Settlement.  The Notices likewise disclosed the date, time and place of the Fairness Hearing, and the procedures for commenting on the Settlement and appearing at the Fairness Hearing.  The contents of the Class Notice program therefore satisfy all applicable requirements.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (i) grant final approval of the Class Action Settlement; (ii) confirm certification of the Settlement Class; (iii) and enter a Final Judgment and Order in this Action.

DATED:  December 18, 2014

Respectfully submitted,
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP

By: /s/ Amanda F. Lawrence
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

Joseph P. Guglielmo (*pro hac vice*)
jguglielmo@scott-scott.com
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Chrysler Building

20

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

405 Lexington Avenue
40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile: 212-223-6334

Christopher M. Burke (214799)
cburke@scott-scott.com
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
4771 Cromwell Avenue
Los Angeles, CA 90027
Telephone: (213) 985-1274
Facsimile:  (213) 985-1278

E. Kirk Wood
WOOD LAW FIRM, LLC
P.O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-908- 4906
Facsimile: 866-747-3905
ekirkwoodl@bellsouth.net

Greg L. Davis
DAVIS & TALIAFERRO
7031 Halcyon Park Drive
Montgomery, AL 36117
Telephone: 334-832-9080
Facsimile: 334-409-7001
gldavis@knology.net

*Attorneys for Plaintiff*

21

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

_s/_ Amanda F. Lawrence
Amanda F. Lawrence (_pro hac vice_)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF SETTLEMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)