SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
CHRISTOPHER M. BURKE (214799)
cburke@scott-scott.com
4771 Cromwell Avenue
Los Angeles, CA 90027
Telephone: 213-985-1274
Facsimile: 213-985-1278

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
JOSEPH P. GUGLIELMO (*pro hac vice*)
jguglielmo@scott-scott.com
The Chrysler Building
405 Lexington Avenue
40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile: 212-223-6334

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
AMANDA F. LAWRENCE (*pro hac vice*)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

*Counsel for Plaintiff*

[Additional Counsel on Signature Page.]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL AGUIAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERISANT COMPANY, and WHOLE EARTH SWEETENER COMPANY, LLC,<br><br>Defendants. | Civil No.: 2:14-cv-00670-RGK-AGR<br><br>**PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEE AWARD, EXPENSE REIMBURSEMENT, AND INCENTIVE AWARD**<br><br>Judge:   Hon. R. Gary Klausner<br>Date:    February 2, 2015<br>Time:    9:00 a.m.<br>Ctrm:    850 |

## NOTICE OF MOTION AND MOTION FOR APPROVAL OF ATTORNEYS' FEE AWARD, EXPENSE REIMBURSEMENT, AND INCENTIVE AWARD

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 2, 2015 at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable R. Gary Klausner located at 255 East Temple Street, Courtroom 850, Los Angeles, California 90012, Plaintiff Angel Aguiar ("Plaintiff") will, and hereby does, move the Court for an order granting final approval of the Attorneys' Fee Award, Expense Reimbursement, and Incentive Award.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the evidentiary submissions, including the Declaration of Amanda F. Lawrence, and such other evidence and argument as may be presented at or before the hearing.

DATED:  December 18, 2014          Respectfully submitted,
                                   SCOTT+SCOTT,
                                   ATTORNEYS AT LAW, LLP

                         By: */s/* Amanda F. Lawrence
                             Amanda F. Lawrence (*pro hac vice*)
                             alawrence@scott-scott.com
                             156 South Main Street
                             P.O. Box 192
                             Colchester, CT 06415
                             Telephone: 860-537-5537
                             Facsimile: 860-537-4432

                             *Attorneys for Plaintiff*

NOTICE OF MOTION, MOTION, AND          Civ. No.: 2:14-cv-00670-RGK(AGRx)
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

# TABLE OF CONTENTS

I.   INTRODUCTION .......................................................................................... 1

II.  FACTUAL AND PROCEDURAL HISTORY OF THE LITIGATION ........ 2

III. THE REQUESTED ATTORNEYS' FEE AWARD IS
     REASONABLE ............................................................................................ 3

     A.   The Legal Standard Governing Attorneys' Fee Awards in
          Common Fund Cases Supports the Requested Award ..................... 3

          1.   A Reasonable Percentage of the Fund Recovered Is the
               Appropriate Method for Awarding Attorneys' Fees in
               Common Fund Cases ............................................................. 3

          2.   An Award of Thirty Percent of the Recovery Is
               Reasonable ............................................................................. 5

     B.   Consideration of the Relevant Factors Used by Courts in the
          Ninth Circuit Justifies a Fee Award of Thirty Percent in This
          Case ................................................................................................. 6

          1.   The Result Achieved ............................................................. 6

          2.   The Skill Required ................................................................. 7

          3.   The Novelty and Difficulty of the Questions Presented ............. 8

          4.   The Risks of Continued Litigation ......................................... 9

          5.   The Contingent Nature of the Fee and the Financial
               Burden Carried by Plaintiff's Counsel ................................. 10

          6.   The Customary Fee ............................................................... 11

          7.   Plaintiff's Counsel's Percent Fee Award Is Consistent
               with Fee Awards in Similar Consumer Class Action
               Litigation .............................................................................. 11

          8.   Reaction of the Class ........................................................... 12

IV.  THE REQUESTED FEE IS MORE THAN REASONABLE UNDER
     A LODESTAR CROSS-CHECK ............................................................... 13

V.   COUNSEL'S EXPENSES ARE REASONABLE AND WERE
     NECESSARILY INCURRED TO ACHIEVE THE BENEFIT
     OBTAINED ................................................................................................ 14

VI.  THE INCENTIVE AWARD TO PLAINTIFF AGUIAR SHOULD
     BE APPROVED ......................................................................................... 16

VII. CONCLUSION .......................................................................................... 17

i

# TABLE OF AUTHORITIES

Page(s)

CASES

*Abrams v. Lightolier Inc.*,
  50 F.3d 1204 (3d Cir. 1995) ........................................................... 15

*Blum v. Stenson*,
  465 U.S. 886 (1984) .................................................................. 3, 11

*Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens County, Okla.*,
  8 F.3d 722 (10th Cir. 1993) ............................................................ 15

*Brown v. Phillips Petroleum Co.*,
  838 F.2d 451 (10th Cir. 1988) ........................................................... 4

*Camden I Condo. Ass'n v. Dunkle*,
  946 F.2d 768 (11th Cir. 1991) ........................................................... 4

*Carter v. Anderson Merchandisers, LP*,
  No. 08-0025-VAP, 2010 WL 1946757 (C.D. Cal. May 11, 2010) ................... 16

*Cent. R.R. & Banking Co. of Ga. v. Pettus*,
  113 U.S. 116 (1885) ...................................................................... 3

*Chavel v. Netflix, Inc.*,
  162 Cal. App. 4th 43 (2008) ........................................................... 14

*Garner v. State Farm Mut. Auto Ins. Co.*,
  No. cv 08 1365, 2010 WL 1687829 (N.D. Cal. April 22, 2010) ..................... 12

*Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  741 F. Supp. 84 (S.D.N.Y. 1990) ..................................................... 16

*Goldberger v. Integrated Res., Inc.*,
  209 F.3d 43 (2d Cir. 2000) .............................................................. 4

*Gottlieb v. Barry*,
  43 F.3d 474 (10th Cir. 1994) ............................................................ 4

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)

*Harman v. Lyphomed, Inc.*,
   945 F.2d 969 (7th Cir. 1991) ................................................................. 4

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994) ................................................................... 14

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ....................................................................... 6, 13

*Hopson v. Hanesbrand Inc.*,
   CV-08-0844, 2009 WL 928133 (N.D. Cal. Apr. 3, 2009) ................................. 16

*In re Activision Sec. Litig.*,
   723 F. Supp. 1373 (N.D. Cal. 1989) ....................................................... 12

*In re Am. Bus. Fin. Servs. Inc. Noteholders Litig.*,
   No. 05-232, 2008 WL 4974782 (E.D. Pa. Nov. 21, 2008) ............................... 15

*In re Heritage Bond Litig.*,
   No. 02-ML-1475, 2005 WL 1594389 (C.D. Cal. June 10, 2005).............. *passim*

*In re Ikon Office Solutions, Inc., Sec. Litig.*,
   194 F.R.D. 166 (E.D. Pa. 2000) .......................................................... 11

*In re McDonnell Douglas Equip. Leasing Sec. Litig.*,
   842 F. Supp. 733 (S.D.N.Y. 1994) ....................................................... 16

*In re Media Vision Tech. Sec. Litig.*,
   913 F. Supp. 1362 (N.D. Cal. 1996)................................................. 14, 15

*In re Mego Fin. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000)............................................................ 6, 12

*In re Pacific Enterprises Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) ............................................................. 12

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) ............................................................ 13

*In re Synthroid Mktg. Litig.*,
   264 F.3d 712 (7th Cir. 2001) ........................................................... 14

iii

NOTICE OF MOTION, MOTION, AND                    Civ. No.: 2:14-cv-00670-RGK(AGRx)
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) ("*WPPSS*") ..................................................*passim*

*Johnson v. Gen. Mills, Inc*
   10-00061-CJC, 2013 WL 3213832 (C.D. Cal. June 17, 2013) ...........................8

*Larsen v. Trader Joe's Co.*,
   11-cv-05188, 2014 WL 3404531 (N.D. Cal. July 11, 2014) ...............................7

*Matter of Cont'l Ill Sec. Litig.*,
   962 F.2d 566 (7th Cir. 1992) ..........................................................................14

*Mexican Workers v. Ariz. Citrus Growers*,
   904 F.2d 1301 (9th Cir. 1990) ..........................................................................4

*Miltland Raleigh-Durham v. Myers*,
   840 F. Supp. 235 (S.D.N.Y. 1993) ..................................................................15

*New England Health Care Employees Pension Fund v. Fruit of the Loom*,
   234 F.R.D. 627 (W.D. Ky. 2006) ....................................................................15

*Paul, Johnson*, *Alston & Hunt v. Graulty*,
   886 F.2d 268 (9th Cir. 1989) ....................................................................4, 6, 9

*Rigo v. Kason Indus., Inc.*,
   11-CV-64, 2013 WL 3761400 (S.D. Cal. July 16, 2013) ..................................12

*Rodriguez v. West Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ..........................................................................16

*Rose v. Bank of Am. Corp.*,
   5:11-CV-02390, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) ........................7

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ............................................................................7

*Stuart v. RadioShack Corp.*,
   No. C-07-4499, 2010 WL 3155645 (N.D. Cal. Aug. 9, 2010) ..........................12

*Swedish Hosp. Corp. v. Shalala*,
   1 F.3d 1261 (D.C. Cir. 1993) ............................................................................4

iv

*Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993) ................................................................. 4

*Trustees v. Greenough*,
  105 U.S. 527 (1881) ........................................................................... 3

*Van Vranken v. Atlantic Richfield Co.*,
  901 F. Supp. 294 (N.D. Cal. 1995) ..................................................... 11

*Vandervort v. Balboa Capital Corp.*,
  8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) ........................................ 11

*Vasquez v. Coast Valley Roofing, Inc.*,
  266 F.R.D. 482 (E.D. Cal. 2010) ........................................................ 11

*Vincent v. Hughes Air W., Inc.*,
  557 F.2d 759 (9th Cir. 1977) ............................................................... 3

*Vizcaino v. Microsoft Corp.*,
  142 F. Supp. 2d 1299 (W.D. Wash. 2001) .......................................... 8

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) .................................................. *passim*

*Wershba v. Apple Computer, Inc.*,
  91 Cal. App. 4th 224 (2001) .............................................................. 14

STATUTES, RULES, AND REGULATIONS

Federal Rules of Civil Procedurel
  Rule 23(f) ........................................................................................... 9

OTHER AUTHORITIES

Charles Silver, *Class Actions in the Gulf South Symposium: Due Process
  and the Lodestar Method: You Can't Get There from Here*, 74 TUL. L.
  REV. 1809, 1819-20 (June, 2000) ......................................................... 5

ECONOMIC ANALYSIS OF LAW §21.9 ................................................... 10

Report of the Third Circuit Task Force, *Court Awarded Attorney Fees*, 108
  F.R.D. 237, 254 (Oct. 8, 1985) ........................................................... 4

v

NOTICE OF MOTION, MOTION, AND                    Civ. No.: 2:14-cv-00670-RGK(AGRx)
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

**MEMORANDUM**

Plaintiff Angel Aguiar ("Plaintiff") hereby respectfully moves the Court for the entry of an Order approving: (i) Plaintiff's Counsel's requested fee award of 23% of the Settlement Fund, plus reimbursement of $118,854.00 in expenses Plaintiff's Counsel incurred in the prosecution of this action; and (ii) payment of an incentive award of $4,000.00 to the named Plaintiff.

**I.     INTRODUCTION**

As set forth in Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Final Approval of Class Action Settlement and Request for Entry of Final Judgment ("Final Approval Memorandum"),[1] the Settlement is the result of substantial and vigorous advocacy and hard-fought, arm's-length, negotiations conducted by skilled and experienced counsel.  The Settlement is an outstanding resolution of this high-risk, complex litigation and provides substantial monetary and injunctive relief to a nationwide Class of purchasers of Pure Via Consumer Products.  Through Plaintiff's Counsel's efforts, a Settlement Fund of $1,650,000 has been created where eligible Class members may receive up to a $30.00 cash refund.  The Settlement also requires Defendants Merisant Company ("Merisant") and Whole Earth Sweetener Company LLC ("Whole Earth") (collectively, "Defendants") to make substantive changes to the Pure Via Consumer Product packaging and amendments to the purevia.com website (the "Injunctive Relief") that resolve Plaintiff's claims that labeling and marketing of the Pure Via Consumer Products were false and misleading.  For their efforts in achieving this result, Plaintiff's Counsel seek an award of attorneys' fees in the amount of 23% of the Settlement Fund, plus reimbursement of $118,854 in

---

[1]     Plaintiff incorporates by reference the Final Approval Memorandum.  All capitalized terms not otherwise defined are defined in the Class Settlement Agreement.  ECF No. 109-1.

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)

1    expenses, for a total fee and expense award of $495,000.  Therefore, although the

2    Settlement Agreement provided that Plaintiff's Counsel could have asked for up to

3    30% of the Settlement Fund, the amount of attorneys' fees requested is lower and

4    the total amount sought, $495,000, represents **both** attorneys' fees **and** expenses.[2]

5    Plaintiff's Counsel also seek an award of $4,000 to the named Plaintiff for her

6    time, effort and contributions to the prosecution of this action.  Defendants do not

7    oppose this award request.

8        As discussed below, the fee requested is reasonable when considered under

9    the applicable standards and is well within the normal range of awards made in

10   contingent-fee consumer class actions in the Ninth Circuit.  This is particularly true

11   given the excellent result achieved and the considerable risks attendant in bringing

12   and pursuing this Action.  Plaintiff's objective in filing this lawsuit was to remedy

13   the alleged deception in Defendants' marketing and labeling of the Pure Via

14   Consumer Products.  Plaintiff's Counsel reached a Settlement of the Action that

15   achieves this goal.  The expenses requested by Plaintiff's Counsel are likewise

16   reasonable in amount and they were necessarily incurred in the successful

17   prosecution of the litigation.  Accordingly, reimbursement of expenses also should

18   be approved.  Finally, the requested incentive fee award for Plaintiff is reasonable,

19   as well as standard, for this type of action and should be approved.

20   **II.      FACTUAL AND PROCEDURAL HISTORY OF THE LITIGATION**

21       The Declaration of Amanda F. Lawrence ("Lawrence Decl.") is an integral

22   part of this submission.  Plaintiff respectfully refers the Court to that Declaration

23   for a detailed description of the factual and procedural history of the litigation, the

24   extensive investigation and discovery undertaken, the settlement negotiations,

25   _____

26   [2]      $1,650,000 Settlement Fund x 30% = $495,000.  $495,000 - $118,854 in
     expenses = $376,146, which represents 23% of the Settlement Fund.  Also, the
27   final percentage will be even less, as the final lodestar does not include the attorney
     time spent subsequent to submission of the billing records.

28                                                    2

Plaintiff's Counsel's experience, and the numerous risks and uncertainties presented in this Action.

## III.   THE REQUESTED ATTORNEYS' FEE AWARD IS REASONABLE

### A.   The Legal Standard Governing Attorneys' Fee Awards in Common Fund Cases Supports the Requested Award

#### 1.   A Reasonable Percentage of the Fund Recovered Is the Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases

For their efforts in creating a common fund for the benefit of the Class, Plaintiff's Counsel seek a reasonable percentage of the Fund recovered as attorneys' fees.  The percentage method of awarding fees has become an accepted, if not the prevailing, method for awarding fees in common fund cases in this Circuit and throughout the United States.  Indeed, the fee requested here is approximately a 0.45 multiplier, and Plaintiff's Counsel are actually receiving a fee lower than their lodestar, as discussed below.

It has long been recognized in equity that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).  The purpose of this doctrine is to avoid unjust enrichment so that "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*").  This rule, known as the common fund doctrine, is firmly rooted in American case law.  *See, e.g.*, *Trustees v. Greenough*, 105 U.S. 527 (1881); *Cent. R.R. & Banking Co. of Ga. v. Pettus*, 113 U.S. 116 (1885).

In *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984), the Supreme Court recognized that "under the 'common fund doctrine'" a reasonable fee may be

3

based "on a percentage of the fund bestowed on the class."[3]  In this Circuit, the district court has discretion to award fees in common fund cases based on either the so-called lodestar/multiplier method or the percentage-of-the-fund method. *WPPSS*, 19 F.3d at 1296.  In *Paul, Johnson*, *Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989); *Six* (6) *Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993); and *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002), the Ninth Circuit expressly approved the use of the percentage method in common fund cases.  Moreover, supporting authority for the percentage method in other circuits is overwhelming.[4]

Since *Paul*, *Johnson* and its progeny, district courts in this Circuit have almost uniformly shifted to the percentage method in awarding fees in representative actions.  The rationale for compensating counsel in common fund cases on a percentage basis is sound.  First, it is consistent with the practice in the private marketplace where contingent-fee attorneys are customarily compensated by a percentage of the recovery.  Second, it more closely aligns the lawyers' interest in being paid a fair fee with the interest of the class in achieving the maximum possible recovery in the shortest amount of time.  Indeed, one of the nation's leading scholars in the field of class actions and attorneys' fees, Professor

---

[3]   Unless otherwise noted, citations are omitted and emphasis is added.

[4]   Courts in other circuits favor the percentage-of-recovery approach for the award of attorneys' fees in common fund cases.  Two circuits have ruled that the ***percentage method is mandatory in common fund cases***.  *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261 (D.C. Cir. 1993); *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991).   Other circuits and commentators have expressly approved the use of the percentage method.  *Gottlieb v. Barry*, 43 F.3d 474 (10th Cir. 1994); *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988) (citing *Blum*, 465 U.S. at 900 n.16, recognizing both "implicitly" and "explicitly" that a percentage recovery is reasonable in common fund cases); *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 975 (7th Cir. 1991); *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); Report of the Third Circuit Task Force, *Court Awarded Attorney Fees*, 108 F.R.D. 237, 254 (Oct. 8, 1985).

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)

Charles Silver, of the University of Texas School of Law, has concluded that the percentage method of awarding fees is the only method of fee awards that is consistent with class members' due process rights.  Professor Silver notes:

> ***The consensus that the contingent percentage approach creates a closer harmony of interests between class counsel and absent plaintiffs than the lodestar method is strikingly broad.***  It includes leading academics, researchers at the RAND Institute for Civil Justice, and many judges, including those who contributed to the Manual for Complex Litigation, the Report of the Federal Courts Study Committee, and the report of the Third Circuit Task Force. Indeed, it is difficult to find anyone who contends otherwise.  No one writing in the field today is defending the lodestar on the ground that it minimizes conflicts between class counsel and absent claimants.
>
> ***In view of this, it is as clear as it possibly can be that judges should not apply the lodestar method in common fund class actions.*** The Due Process Clause requires them to minimize conflicts between absent claimants and their representatives.  The contingent percentage approach accomplishes this.

Charles Silver, *Class Actions in the Gulf South Symposium: Due Process and the Lodestar Method: You Can't Get There from Here*, 74 TUL. L. REV. 1809, 1819-20 (June, 2000) (emphasis added).  Therefore, application of the percent of the Fund is entirely appropriate here.

### 2.  An Award of Thirty Percent of the Recovery Is Reasonable

The guiding principle in this Circuit is that a fee award be "'reasonable under the circumstances.'"  *WPPSS*, 19 F.3d at 1295 n.2.  The Ninth Circuit has established 25% of the fund as the "benchmark" award for attorneys' fees, but has

5

held that an award of attorneys' fees up to 33 1/3% of the fund can be reasonable. *Paul, Johnson,* 886 F.2d at 272.  Here, when the expenses are considered in the attorneys' fee request, the requested fee award is 23%, or **below the 25% benchmark**.  The requested attorneys' fees are thus reasonable and should be approved, as they are within – indeed below – the range of fee awards approved by Courts in the Ninth Circuit, and are especially appropriate when considered in relation to the efforts of Plaintiff's Counsel, the complexity of the issues, and the substantial litigation risks in the case.  *See, e.g.*, *In re Mego Fin. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) (upholding award of 33 1/3% of settlement fund); *In re Heritage Bond Litig.*, No. 02-ML-1475, 2005 WL 1594389, at *14 (C.D. Cal. June 10, 2005) (awarding 33 1/3% of the settlement fund).  As discussed below, consideration of the relevant factors used by Courts in this Circuit demonstrates that the requested fee award is reasonable under the circumstances, and should be approved.

**B.     Consideration of the Relevant Factors Used by Courts in the Ninth Circuit Justifies a Fee Award of Thirty Percent in This Case**

Plaintiff's Counsel submit that, as the factors discussed below demonstrate, the requested attorneys' fees here is reasonable under the circumstances of this case and should be approved.

**1.     The Result Achieved**

Courts consistently have recognized that the result achieved is an important factor to be considered in making a fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success obtained").  Here, Plaintiff's Counsel achieved a tremendous result – a Settlement Fund of $1,650,000 where Class members can obtain up to $30.00 in cash and Injunctive Relief which modifies and clarifies the alleged false and misleading advertising and marketing statements.  The Settlement Fund represents a certain, present return

6

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)

for the Class to a litigation that would undoubtedly pose substantial risks to recovery. Indeed, certain Class members have the ability to obtain over 100% of the purchase price of Pure Via, as $5.00 (the minimum cash recovery amount) exceeds the average cost of some Pure Via Consumer Products, up to a maximum recovery of $30.00. Lawrence Decl., ¶3. Furthermore, the presence of non-quantifiable injunctive relief is "a 'relevant circumstance' in determining what percentage of the common fund class counsel should receive as attorneys' fees." *Staton v. Boeing Co*., 327 F.3d 938, 946 (9th Cir. 2003); *see also Larsen v. Trader Joe's Co.,* 11-cv-05188, 2014 WL 3404531, at *9 (N.D. Cal. July 11, 2014). The Injunctive Relief obtained will benefit each and every Class member through the corrective labeling, regardless of whether the Class member submits a claim. Given the inherent litigation risks in this putative nationwide class action, the Settlement is highly significant as it provides tangible benefits without the risks and delays of continued litigation. Thus, it is clear that Plaintiff's Counsel delivered a significant benefit to Pure Via consumers nationwide. *See, e.g.*, *Vizcaino*, 290 F.3d at 1049 (affirming fee award where settlement generated benefits beyond cash settlement fund).

### 2. The Skill Required

The successful prosecution of these complex claims required the participation of attorneys experienced in national class action litigation with knowledge of all states' consumer protection laws. *See Rose v. Bank of Am. Corp*., 5:11-CV-02390, 2014 WL 4273358, at *12 (N.D. Cal. Aug. 29, 2014) ("The 'prosecution and management of a complex national class action requires unique legal skills and abilities' that are to be considered when evaluating fees."); *Heritage Bond*, 2005 WL 1594389, at *12 ("The experience of counsel is also a factor in determining the appropriate fee award."). From the outset, Plaintiff's Counsel engaged in a significant effort to obtain the maximum recovery for the

7

Class.   Lawrence Decl., ¶69.   This included a detailed factual and legal investigation, formal discovery as well as extensive motion practice (motion to dismiss and class certification) and expert discovery and depositions.   *Id.*  The skill demonstrated by Plaintiff's Counsel in undertaking these actions and in engaging Defendants in settlement talks supports the requested fee.   *See Vizcaino*, 290 F.3d 1050 n.5 (noting that timely early resolution may be a relevant circumstance).

### 3.   The Novelty and Difficulty of the Questions Presented

The novelty and difficulty of the issues in a case are significant factors to be considered in making a fee award. *See, e.g., Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1306 (W.D. Wash. 2001).   This case was novel and difficult in light of the scientific background required to understand the complex chemical composition and processing of the Pure Via ingredients.   Lawrence Decl., ¶71. The issue in this case concerned the marketing of a sugar alternative containing allegedly artificial and synthetic ingredients with various suggestive, but not necessarily explicit, claims that the product was "all natural" and made predominantly from the stevia plant.   There is no established statutory or regulatory definition of what constitutes a natural product.   Moreover, the statements challenged appeared in a variety of media, including on the Pure Via Consumer Products' labels and website, all of which included different variations and combinations of phrases so that Plaintiff was tasked with the particularly difficult challenge of demonstrating a common message or theme.   For these reasons, this factor weighs in favor of the requested fee award.   *Cf. Johnson v. Gen. Mills, Inc.*, SACV 10-00061-CJC, 2013 WL 3213832, at *6 (C.D. Cal. June 17, 2013) (finding that action involving complex scientific evidence supported requested fee award).

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)

### 4.    The Risks of Continued Litigation

Numerous cases have recognized that risk is an important factor in determining a fair fee award.  *See, e.g.*, *WPPSS*, 19 F.3d at 1299-1301; *Vizcaino*, 290 F.3d at 1048 (risk of dismissal or loss on class certification is relevant to evaluation of a requested fee).  Uncertainty that an ultimate recovery would be obtained is highly relevant in determining risk.  *WPPSS*, 19 F.3d at 1300; *see also Heritage Bond*, 2005 WL 1594389, at *14 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.").  Here, as set forth in the Lawrence Declaration, substantial risks and uncertainties were present from the outset of this litigation that made it far from certain that any recovery for the Class would be obtained.  As a complex consumer class action on behalf of a putative nationwide Class, this case would entail hard-fought and lengthy litigation.  This case has already involved extensive discovery, motion practice, and depositions.  If litigation were to continue, further party and non-party discovery would be sought, requiring time-consuming review.  The case also would require further extensive expert analysis of the Pure Via ingredients, as well as the consumer impact of Defendants' representations regarding the products' purported attributes.  The case likely would (and indeed, had already) shape up to be a battle of the experts, and thus, expert expenses would be even more substantial.  *See, e.g., Johnson*, 2013 WL 3213832, at *6 (finding that action involving complex scientific evidence, which necessitated expensive experts, supported requested fee award).

As a putative nationwide class action, complex legal and factual issues were, and would continue to be, the subject of pretrial motions, including those for class certification.  The class-certification decision likely would lead to the inevitable Rule 23(f) interlocutory appeal, potentially delaying prosecution of the case should a stay pending appeal be granted.  Given the prospect of protracted litigation,

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)

engendering enormous time and monetary expenditure, this factor weighs in favor of Plaintiff's Counsel's application.

### 5. The Contingent Nature of the Fee and the Financial Burden Carried by Plaintiff's Counsel

The Ninth Circuit has long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis to compensate them for the risk that they might be paid nothing at all for their work. *WPPSS*, 19 F.3d at 1299 ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose."); *Vizcaino*, 290 F.3d at 1051 (courts reward successful class counsel in contingency cases "for taking the risk of nonpayment by paying them a premium over their normal hourly rates"). It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases. *See* Richard A. Posner, ECONOMIC ANALYSIS OF LAW §21.9, at 534-35 (3d ed. 1986). Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless of whether they win or lose. *See WPPSS*, 19 F.3d at 1299.

Plaintiff's Counsel undertook this action on an entirely contingent-fee basis, assuming a substantial risk that the litigation would yield no, or very little, recovery and leave them uncompensated for their time, as well as for their substantial out-of-pocket expenses. Lawrence Decl., ¶73. Indeed, Plaintiff's Counsel have received no compensation for their efforts and costs during the course of this litigation. *Id.*, ¶75. Absent this settlement, there was a sizeable risk

10

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)

1   that, at the end of the day, Class members, as well as their counsel, would obtain

2   no recovery.  Despite the litigation risks, Plaintiff's Counsel were able to forge a

3   resolution that provides significant monetary relief to the Class as well as a

4   cessation of the alleged actionable statements on the Pure Via packaging and

5   advertising.   Thus, there is little doubt that Plaintiff's Counsel undertook a

6   significant risk here and the fee award, respectfully, should reflect that risk.

### 6.      The Customary Fee

7

8       If this were a non-representative litigation, the customary fee arrangement

9   would be contingent, on a percentage basis, and in the range of 30% to 40% of the

10  recovery.  *See, e.g., Blum*, 465 U.S. at 904 ("In tort suits, an attorney might receive

11  one-third of whatever amount the plaintiff recovers.") (Brennan, J., concurring); *In

12  re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000)

13  (citing sources indicating private contingent-fee arrangements are in the range of

14  30%-40% of the recovery).   Accordingly, the customary contingent fee in the

15  private marketplace supports a finding that the fee requested in this case is

16  reasonable.

### 7.      Plaintiff's Counsel's Percent Fee Award Is Consistent with Fee Awards in Similar Consumer Class Action Litigation

17

18      Courts often look at fees awarded in comparable cases to determine if the fee

19  requested is reasonable.  *Vizcaino*, 290 F.3d at 1050 n.4.  "[I]n 'most common fund

20  cases, the award exceeds [the 25%] benchmark.'"   *Vasquez v. Coast Valley

21  Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010).   As described *supra*, the

22  requested fee in this case is below that 25% benchmark.  Further, cases of under

23  $10 million will often result in fees above 25%.  *See Van Vranken v. Atlantic

24  Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995) (citing cases).  The fees

25  paid in comparable cases, as well as empirical research, support the fee award

26  requested here.  *See, e.g., Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200,

27

28

NOTICE OF MOTION, MOTION, AND                              Civ. No.: 2:14-cv-00670-RGK(AGRx)
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

1210 (C.D. Cal. 2014) (finding 33% attorneys' fee award of a $3.3 million settlement "reasonable" in a consumer class action for violation of the Telephone Consumer Protection Act); *Rigo v. Kason Indus., Inc.*, 11-CV-64, 2013 WL 3761400, at *7 (S.D. Cal. July 16, 2013) (remarking that "the request for attorneys' fees in the amount of 30% of the common fund falls below the 31.71% average awarded in cases with common funds"); *Stuart v. RadioShack Corp.*, No. C-07-4499, 2010 WL 3155645, at *2 (N.D. Cal. Aug. 9, 2010) (in a consumer class action concerning defendant's failure to reimburse employees for expenses incurred, the court approved a fee award of 1/3 of the total maximum settlement amount of $4.5 million); *see also In re Mego Fin. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) (upholding award of 33 1/3% of fund); *In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming fee award equal to 33% of fund); *Heritage Bond*, 2005 WL 1594389, at *14 (33 1/3% fee award); *Garner v. State Farm Mut. Auto Ins. Co.*, No. cv 08 1365, 2010 WL 1687829, at *2 (N.D. Cal. April 22, 2010) (30% fee award); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989) (32.8% fee award).

### 8. Reaction of the Class

A robust notice program was implemented in connection with the Settlement.  Combining the mailed notice, published notice, web-based banner-style notice campaign with the keyword search, and social media notice campaigns, the overall web-based notice campaign delivered more than an estimated 25.3 million web impressions and was displayed to over 45 million readers via the print publications in *People Magazine* and *USA Today*.  *See* Declaration of Jeffrey D. Dahl ("Dahl Decl."), ¶¶13-14, 23, attached to the Lawrence Declaration as Exhibit A.  To date, no objections to the requested

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)

amount of attorneys' fees and expenses have been received.[5]  *Id.*, ¶33.  The Third Circuit has noted that a low level of objections is a "rare phenomenon."  *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005).  The reaction of the Class, therefore, weighs heavily in favor of approving the fee request.  *See, e.g.*, *Heritage Bond*, 2005 WL 1594403, at *21.

## IV.   THE REQUESTED FEE IS MORE THAN REASONABLE UNDER A LODESTAR CROSS-CHECK

The first step in applying the lodestar cross-check is to determine the dollar value of the proposed percentage fee award.  Here, Counsel requests a fee and expense award of $495,000.  The next step requires the Court to ascertain the lodestar figure by multiplying the number of hours worked by the hourly rate of counsel.  The Court can then determine an implied multiplier that may be assessed for reasonableness by taking into account the contingent nature and risks of the litigation, the results obtained, and the nature and quality of the services rendered by plaintiffs' counsel.  *See, e.g.*, *Hensley*, 461 U.S. 424.  In so doing, "'courts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases.'"  *Vizcaino*, 290 F.3d at 1051.

Here, the cumulative number of hours expended by Plaintiff's Counsel is 2,275, and the resulting lodestar for the services performed is $1,090,595.[6]  The requested fee is, therefore, much less than the lodestar.  A multiplier of less than one-half (*i.e.*, 0.45) demonstrates that the requested fee is within the range of reasonableness, because that it is common for courts to even enhance the lodestar

---

[5]   The deadline to object is January 2, 2015.  Plaintiff will be able to apprise the Court in her reply brief as to the final tally of any objections.

[6]   *See* Declaration of Daryl F. Scott ("Scott Decl."), a true and correct copy of which is attached as Exhibit D to the Lawrence Decl. and the Declaration of E. Kirk Wood ("Wood Decl."), a true and correct copy of which is attached as Exhibit E to the Lawrence Decl.

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)

in complex litigation.[7]  In wholly contingent consumer class actions like this one, California courts have approved fee awards with multipliers of 2 and even higher. *See, e.g.*, *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 225 (2001) ("Multipliers can range from 2 to 4 or even higher"); *Chavel v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 (2008) (same).  Again, in this case, no multiplier is being applied and instead, the multiplier is fractional (0.45).  Consequently, the attorneys' fees sought are plainly reasonable using a lodestar cross-check.

## V.  COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED

In addition to an award of attorneys' fees, attorneys who create a common fund for the benefit of a class are also entitled to payment of reasonable litigation expenses and costs from the fund.  *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001); *Matter of Cont'l Ill Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992).  Plaintiff's Counsel in this case have incurred expenses in the aggregate amount of $118,854 while prosecuting the action, and these expenses are set forth in the Scott Decl. and the Wood Decl.  *See* Lawrence Decl., Exs. D and E.

The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'"); *see also In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).  Therefore, it is proper to reimburse reasonable expenses even though they are greater than taxable costs.  *Id.*; *see also*

---

[7]     In fact, the multiplier is even lower when expenses are considered.  The total lodestar plus expenses is $1,209,449.  When $495,000 is divided by that number, the fractional multiplier is actually 0.41, or 41% of the attorneys' actual fees and expenses.

14

1    *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens County, Okla.*, 8 F.3d

2    722, 725-26 (10th Cir. 1993) (expenses reimbursable if they would normally be

3    billed to client); *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995)

4    (expenses recoverable if customary to bill clients for them); *Miltland Raleigh-*

5    *Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be

6    compensated for reasonable out-of-pocket expenses incurred and customarily

7    charged to their clients, as long as they 'were incidental and necessary to the

8    representation' of those clients.").   The categories of expenses for which counsel

9    seeks reimbursement are the type of expenses routinely charged to hourly paying

10   clients and should, therefore, be reimbursed out of the common Fund.

11          A significant component of Plaintiff's Counsel's expenses is the cost of

12   experts.   Counsel retained experts in the fields of damages and consumer

13   perception of "natural."   These experts were integral to class certification, issuing

14   comprehensive expert reports and sitting for all-day depositions.   They also

15   worked closely with Plaintiff's Counsel and were instrumental in assisting

16   Plaintiff's Counsel in achieving the result obtained for the Class.

17          Plaintiff's Counsel also incurred costs while performing computerized

18   research.   These are the charges for computerized factual and legal research

19   services such as LexisNexis and Westlaw.   It is standard practice for attorneys to

20   use LexisNexis and Westlaw to assist them in researching legal and factual issues

21   and reimbursement is proper.   *See Media Vision*, 913 F. Supp. at 1371; *In re Am.*

22   *Bus. Fin. Servs. Inc. Noteholders Litig.*, No. 05-232, 2008 WL 4974782 (E.D. Pa.

23   Nov. 21, 2008) (online legal research reimbursable); *New England Health Care*

24   *Employees Pension Fund v. Fruit of the Loom*, 234 F.R.D. 627 (W.D. Ky. 2006)

25   (electronic database and computer research charges are reimbursable).

26          In addition, Counsel were required to travel in connection with this case.

27   The expenses in this category are reasonable in amount, and are properly charged

28
15

1   against the Fund created.  *See In re McDonnell Douglas Equip. Leasing Sec. Litig.*,

2   842 F. Supp. 733, 746 (S.D.N.Y. 1994); *Genden v. Merrill Lynch, Pierce, Fenner*

3   *& Smith, Inc.*, 741 F. Supp. 84, 86 (S.D.N.Y. 1990).

4          Photocopying costs are also customarily reimbursed in common fund cases.

5   *See McDonnell Douglas*, 842 F. Supp. at 746.  Duplication of documents and

6   pleadings was necessary for the effective prosecution of this case.

7          Other significant expenses that were necessarily incurred in the prosecution

8   of this Action include expenses for the transcription of four separate all-day

9   depositions, electronic document storage and review costs, postage, overnight

10  delivery, telephone and facsimile expenses.  Because these expenses were all

11  necessarily incurred by Plaintiff's Counsel in the course of prosecuting this Action,

12  they should be paid from the Settlement Fund.  Again, notably, Plaintiff's Counsel

13  are not asking for a separate award of expenses, but that their expenses be

14  approved as a part of the total payment to Plaintiff's Counsel or, in other words, as

15  part of the award of fees and expenses from the $1,650,000.

16  **VI.   THE INCENTIVE AWARD TO PLAINTIFF AGUIAR SHOULD BE APPROVED**

17         Upon the conclusion of a successful class action case, the Court has

18  discretion to award the representative plaintiff(s) incentive payments as

19  compensation for the work they did on behalf of the class.  *See Rodriguez v. West*

20  *Publ'g Corp.,* 563 F.3d 948, 958-59 (9th Cir. 2009) ("Incentive awards are fairly

21  typical in class action cases.")  Here, Plaintiff seeks an incentive award in the

22  amount of $4,000, which is well within the range of incentive awards that have

23  been approved in class action litigation.  *See, e.g., Hopson v. Hanesbrand Inc.*,

24  CV-08-0844, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3, 2009) ("In general,

25  courts have found that $5,000 incentive payments are reasonable."); *Carter v.*

26  *Anderson Merchandisers, LP*, No. 08-0025-VAP (OPx), 2010 WL 1946757, at *4

27

28
16

1  (C.D. Cal. May 11, 2010) ("Given the relatively small size of the proposed

2  [$5,000] recognition payments, the Court thus approves the recognition payments

3  requested for [plaintiffs].").   The amount of the requested incentive award was

4  arrived at through negotiations with Defendants, and thus, reflects a realistic

5  assessment by both sides of the effort expended by the named Plaintiff and the

6  amount likely to be awarded had the Parties not reached an agreement.   Aguiar

7  invested considerable time in the Action as described in her declaration.  *See*

8  Lawrence Decl., Ex. F (Declaration of Angel Aguiar).  She took personal time to

9  speak with her attorneys, search for relevant documents, review and approve the

10  Complaint for filing, respond to discovery requests, and prepare and sit for a

11  lengthy deposition. *Id.*, ¶8.  This commitment of personal time to support a case

12  that has provided benefits to numerous Class members and the general public

13  nationwide warrants the Court's approval of the requested incentive award.

14  **VII.   CONCLUSION**

15       Plaintiff's Counsel pursued this challenging litigation to an excellent

16  conclusion for the Class.  In light of the significant risks of the case and the

17  extensive and hard-fought motion practice and discovery, the Settlement presented

18  to the Court stands as a testament to the diligent efforts of Plaintiff's Counsel.

19  Accordingly, Plaintiff's Counsel respectfully request that the Court award them

20  $495,000, which include attorneys' fees of $376,146 and expenses of $118,854 as

21  contemplated by the Settlement, to which no one has objected.  A modest incentive

22  award of $4,000 should also be awarded to Plaintiff for her contributions to the

23  case and the Settlement on behalf of the Class.

24  DATED:  December 18, 2014         Respectfully submitted,

25                                     SCOTT+SCOTT,

26                                     ATTORNEYS AT LAW, LLP

27                                By: */s/* Amanda F. Lawrence

28
17

NOTICE OF MOTION, MOTION, AND                              Civ. No.: 2:14-cv-00670-RGK(AGRx)
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

Joseph P. Guglielmo (*pro hac vice*)
jguglielmo@scott-scott.com
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile: 212-223-6334

Christopher M. Burke (214799)
cburke@scott-scott.com
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
4771 Cromwell Avenue
Los Angeles, CA 90027
Telephone: (213) 985-1274
Facsimile:  (213) 985-1278

E. Kirk Wood
ekirkwoodl@bellsouth.net
WOOD LAW FIRM, LLC
P.O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-908- 4906
Facsimile: 866-747-3905

Greg L. Davis
gldavis@knology.net
DAVIS & TALIAFERRO
7031 Halcyon Park Drive
Montgomery, AL 36117

18

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone: 334-832-9080
Facsimile: 334-409-7001

*Attorneys for Plaintiff*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 18, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*s/* Amanda F. Lawrence
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
alawrence@scott-scott.com

20

NOTICE OF MOTION, MOTION, AND
MEMORANDUM OF LAW IN SUPPORT
OF FEE AWARD

Civ. No.: 2:14-cv-00670-RGK(AGRx)