FILED
CLERK, U.S. DISTRICT COURT

JAN - 8 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

January 2, 2015

Clerk of the U. S. District Court
for the Central District of California, Western Division
Edward R. Roybal Federal Building
255 East Temple Street
Los Angeles, CA 90012-3332

Re: Angel Aguiar, et al. v. Merisant Company, et al.
    Case No. 2: 14-CV-00670-RGK
    Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Class Action Settlement and request for attorney's fees. I am a class member who is not being represented by counsel, and I do not intend to appear at the Final Approval Hearing.

I adopt and incorporate the objections of other class members, and, in addition, the basis of my objection are four fold: 1) There is no adequate showing that the proposed Settlement bears any relationship to the alleged damages inflicted by Defendant on Plaintiffs; 2) The actions of Class Counsel, including improper request for a protective order, are indicia of a consciousness of unfairness and collusion; 3) The amount of the proposed attorney fees of up to $450,000.00 constitute over reaching and represents unjust enrichment; and 4) the *cy pres* provision in the settlement is inappropriate.

In its Settlement Statement published on the case web site, Class Counsel failed to recite what particular discovery results, what particular proceedings, and what particular procedures led up to the proposed Settlement. Members of the class, including myself, need to be able to look through the file, including discovery, and satisfy themselves that the proposed Settlement is adequate, fair, and an arms length transaction, but this is not possible because there is a protective order in place. Instead, we are offered only empty recitations naming types of discovery that could have been copied from a law school hornbook. If the role of an objector is to have any meaning, it must be coupled with the right to scrutinize the case file and verify the details.

Since I am a member of the class, and therefore a client of Class Counsel, there is legal authority to support my right to access and scrutinize Class Counsel's file. Beside the Rules of Professional Conduct, there is **In the Matter of Kaleidoscope, Inc.** 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product

1

privilege against client. And in *Resolution Trust Corp. v. H---, P.C.* 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The confidentiality agreement in place in this case was the result of a joint collaboration between Class Counsel and the Defense, and it raises the specter of collusion. Instead, Class Counsel sought out a protective order. Under Rule 26©, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for *good cause*. For good cause to exist under Rule 26 ©, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)* 187 F.3d 1096, 1103 (9th Cir. 1999). Class Counsel and the Defense obtained a protective order, but they avoided the Court's scrutiny that may have benefited members of the class.

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, Class Counsel may have seen no need to engage in real discovery to determine what the case was worth. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class. Once they discovered what attorney fees were acceptable to the defense, they may have seen no need to discover more.

Rule 23 sets no particular standards for objectors, but it sets high standards, including high ethical standards, for class counsel in class action cases such as this. In *Eubank v. Pella Corp.* (a case decided June 2, 2014) Nos. 13-2091, 13-2133, 13-2136, 13-2162, 13-2202, the Seventh Circuit removed Class Counsel for "demonstrated" lack of integrity in another matter completely independent of the instant case before the Court. And in *Creative Montessori Learning Centers v. Ashford Gear LLC,* 662 F.3rd 913, 918 (7th Cir. 2011) the Court ruled that only slight misconduct by Class Counsel was grounds for removal.

The *cy pres* provision in the Settlement Agreement is inappropriate. The charity that would receive the money has not been injured, and this provision may violate the Rule Against Perpetuities. Therefore, any excess monies should be distributed to class members.

Therefore, I oppose the proposed settlement and demand greater information on how it

represents an adequate result for Class. I request that the protective order be either vacated or modified so that class members may determine whether discovery was adequate. I also oppose the amount of attorney fees requested as being way above what might be considered reasonable, and I contend that the possible award to a charity be removed from the settlement.

I declare, under penalty of perjury, that I purchased at least one Pure Via Consumer Product during the class period.

Very truly yours,

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507
mpilot2001@aol.com

cc  Joseph P. Guglielmo and Amanda F. Lawrence, Scott & Scott, Attorneys at Law, LLP, The Chrysler Building, 405 Lexington Ave., 40th Floor, New York, NY 10174.

cc Pure Via Settlement Administrator c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614