1  SCOTT+SCOTT,
   ATTORNEYS AT LAW, LLP
2  CHRISTOPHER M. BURKE (214799)
3  cburke@scott-scott.com
   4771 Cromwell Avenue
4  Los Angeles, CA 90027
   Telephone: 213-985-1274
5  Facsimile: 213-985-1278

6  SCOTT+SCOTT,
7  ATTORNEYS AT LAW, LLP
   JOSEPH P. GUGLIELMO (*pro hac vice*)
8  jguglielmo@scott-scott.com
   The Chrysler Building
9  405 Lexington Avenue, 40th Floor
   New York, NY 10174
10 Telephone: 212-223-6444
11 Facsimile: 212-223-6334

12 *Counsel for Plaintiff*

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
AMANDA F. LAWRENCE (*pro hac vice*)
alawrence@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

13

14 **UNITED STATES DISTRICT COURT**
15 **CENTRAL DISTRICT OF CALIFORNIA**

16

17 ANGEL AGUIAR, Individually and on
   Behalf of All Others Similarly Situated,

18                          Plaintiff,

19        vs.

20

21 MERISANT COMPANY, and WHOLE
   EARTH SWEETENER COMPANY,
22 LLC,

23                          Defendants.

24

25

26

Civil No.: 2:14-cv-00670-RGK-AGRx

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND REQUEST FOR ENTRY OF FINAL JUDGMENT AND MOTION FOR APPROVAL OF ATTORNEYS' FEE AWARD, EXPENSE REIMBURSEMENT AND INCENTIVE AWARD AND IN RESPONSE TO OBJECTION**

Judge:   Hon. R. Gary Klausner
Date:    February 2, 2015
Time:    9:00 a.m.
Ctrm:    850

27

28 REPLY IN SUPPORT OF PLAINTIFF'S MOTION
   FOR FINAL APPROVAL OF CLASS ACTION
   SETTLEMENT AND REQUEST FOR ENTRY OF
   FINAL JUDGMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

Plaintiff Angel Aguiar ("Plaintiff") respectfully submits this reply memorandum in support of her Motion for Final Approval of Class Action Settlement and Request for Entry of Final Judgment ("Final Approval Motion") and Motion for Approval of Attorneys' Fee Award, Expense Reimbursement, and Incentive Award ("Fee Motion") (collectively, the "Motions") (ECF Nos. 117, 118) and in response to the objection by Michael Narkin ("Narkin").[1]

## I.   INTRODUCTION

The Settlement before the Court represents an outstanding result and should be granted final approval.[2]  More than 31,000 claims have been filed, which is in line with the projected claims rate.  ECF No. 122, Supplemental Decl. of Jeffrey D. Dahl with Respect to Implementation of the Notice Plan and Performance of Required Settlement Administration Activities ("Supp. Dahl Decl."), ¶22.  Only three consumers seek to opt out of the Settlement.  *Id.*, ¶20.  Moreover, only one objection (which as set forth herein is utterly meritless) remains.  Notably, no governmental entity that received Notice has objected to the Settlement.  Where there are an estimated two million Class Members, this represents an opt-out/objection rate of 0.000002%, which is an overwhelmingly positive response to this Settlement.  Accordingly, Plaintiff requests that the Motions be granted and that the objection be overruled.

## II.   THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT

In making a determination as to whether a settlement is "fair, reasonable,

---

[1]   The objection of Barbara Cochran (ECF No. 120) has been withdrawn on January 21, 2015. *See* Supp. Dahl Decl., ¶21; ECF No. 123.  Therefore, there is only one objector in this case.  As discussed herein, he is a serial objector with tainted credentials whose objection (duplicated from other cases in which he has objected) lacks merit.

[2]   All capitalized terms not otherwise defined are defined in the Class Settlement Agreement.  ECF No. 109-1.

1

1   and adequate" under Rule 23(e)(2), a court should consider the factors in *Churchill*

2   *Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004).[3]   While these

3   factors were fully addressed in the memorandum in support of the Final Approval

4   Motion ("Final Approval Mem.") (ECF No. 117), Plaintiff provides the Court with

5   further detail as to the last factor, the reaction of the class to the proposed

6   settlement, now that the objection and opt-out deadlines have passed.

7         Where, as here, the reaction of the Class is overwhelmingly positive, "the

8   absence of a large number of objections to a proposed class action settlement raises

9   a strong presumption that the terms of a proposed class settlement action are

10   favorable to the class members." *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,

11   221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Rodriguez v. W. Publ'g Corp.*, 563

12   F.3d 948, 967 (9th Cir. 2009) (affirmed approval of a settlement where 52,000

13   class members submitted claims and 44 objected); *In re Mego Fin. Corp. Sec.*

14   *Litig.*, 213 F.3d 454 (9th Cir. 2000) (affirmed approval of settlement of 5400 class

15   members where one opted out). "A court 'may appropriately infer that a class

16   action settlement is fair, adequate, and reasonable when few class members object

17   to it.'" *Larsen v. Trader Joe's Co.*, 11-cv-05188-WHO, 2014 WL 3404531, at \*5

18   (N.D. Cal. July 11, 2014).[4]

19         To date, over 31,000 Class Members have submitted claims, while only

20   three Class Members have opted out, Supp. Dahl Decl., ¶¶20-22, and only one has

21   objected.   As the Supplemental Dahl Declaration details, the Notice Plan has

22   resulted in the distribution of the Notice to millions of consumers.   *Id.*, ¶14.

23   Accordingly, the overwhelmingly positive reaction of the Class further supports

24

25   [3]      Unless otherwise indicated, all citations are omitted and emphasis is added.

26   [4]      As discussed below, Mr. Narkin – the sole objector in this case – made a
very similar objection in *Larsen*.   The Court there rejected Mr. Narkin's objection.

27

28   REPLY IN SUPPORT OF PLAINTIFF'S  MOTION       Civ. No.: 2:14-cv-00670-RGK(AGRx)
FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND REQUEST FOR ENTRY OF
FINAL JUDGMENT

1    that the Settlement is fair, reasonable, and adequate.[5]

2    **III.    THE COURT SHOULD GRANT THE FEE MOTION**

3            As discussed in the memorandum in support of the Fee Motion ("Fee

4    Mem.") (ECF No. 118), consideration of the relevant factors used by courts in this

5    Circuit demonstrates the requested fee award is reasonable under the percentage of

6    the recovery and lodestar methods and should be approved.  Fee Mem. at 3-14.

7    Notably, although Plaintiff's Counsel have requested a total of 30% of the

8    Settlement Fund, this amount represents ***both*** attorneys' fees as well as expenses.

9    The attorneys' fee portion of the request amounts to only 23% of the Settlement

10   Fund, well within the range of reasonableness in similar cases in this Circuit.[6]  Fee

11   Mem. at 5-6.  The total lodestar, including expenses, applying Plaintiff's Counsel's

12   customary hourly rates is $1,090,595.  This represents a multiplier of 0.45, which

13   is clearly within the range of multipliers awarded in this Circuit.  Fee Mem. at 13-

14   14.    The meritless objection notwithstanding, the requested attorneys' fee and

15   expenses award is reasonable and the Fee Motion should be granted.[7]

16   **IV.    THE COURT SHOULD OVERRULE THE OBJECTION**

17           The sole objection before this Court comes from Michael Narkin: a serial

18

19   _____

     [5]      No Class Member objected to class certification or the Court-approved

20   Notice Plan.  Accordingly, Plaintiff requests that the Court grant final certification

21   of the Settlement Class and find that the Notice Plan satisfied Rule 23 and due
     process requirements.  Final Approval Mem. at 13-18.

22   [6]      $1,650,000 Settlement Fund x 30% = $495,000.  $495,000 − $118,854 in
     expenses = $376,146 which represents 23% of the Settlement Fund. Also, the final

23   percentage will be even less, as the final lodestar does not include the attorney time
     spent subsequent to submission of the billing records, including, but not limited to,

24   work on this brief, preparing for the final approval hearing, travel to Court for the
     final approval hearing, and the final approval hearing.

25   [7]      No Class Member objected to the reasonableness of either the requested
     expenses or the incentive award.  Therefore, Plaintiff requests that the Court

26   approve reimbursement of the requested expenses and the incentive award.  Fee
     Mem. at 14-17.

27

28
     REPLY IN SUPPORT OF PLAINTIFF'S  MOTION              Civ. No.: 2:14-cv-00670-RGK(AGRx)
     FOR FINAL APPROVAL OF CLASS ACTION
     SETTLEMENT AND REQUEST FOR ENTRY OF
     FINAL JUDGMENT

1   objector with a history of questionable motives.  In assessing an objection, a court
2   should endeavor "to distinguish between meritorious objections and those
3   advanced for improper purposes." *Manual for Complex Litigation (Fourth),*
4   21.643, p. 326. *See also In re Hydroxycut Mktg. & Sales Practices Litig.,* No. 09-
5   md-2087, 2013 U.S. Dist. LEXIS 61674, at *68-69 (S.D. Cal. Apr. 29, 2013).

6          With sparse authority, Narkin's objection addresses four points, each of
7   which is discussed below:  (1) the relationship between the settlement and the
8   damages; (2) the existence of a protective order; (3) the amount of attorneys' fees;
9   and (4) the *cy pres* award.  It is important to note, however, that Narkin's objection
10  is almost a carbon copy of his "usual" objection in cases that courts have routinely
11  rejected.  *See, Rosales v. FitFlop USA, LLC,* 3:11-cv-00973-W-KSC, ECF No.
12  119, filed Apr. 24, 2014 (S.D. Cal.) (objection attached as Exhibit A to the
13  Declaration of Amanda F. Lawrence ("Lawrence Decl.")); *Larsen v. Trader Joe's*
14  *Co.,,* 3:11-cv-05188-WHO, ECF No. 102, filed June 6, 2014 (N.D. Cal.) (objection
15  attached as Exhibit B to Lawrence Decl).  It is therefore clear he objects not to
16  further the class action process, but to frustrate it.  *Shaw v. Toshiba Am. Info. Sys.,*
17  *Inc.,* 91 F. Supp. 2d 942, 973 (E.D. Tex. 2000) (courts should be on alert for
18  lawyers who lodge objections to otherwise proper settlements for the sole purpose
19  of obtaining "a fee by lodging generic, unhelpful protests").

20         This is not surprising given Mr. Narkin's history.  As the Northern District
21  of California court recently noted:

22         Michael Narkin is a former attorney who resigned from the California
23         Bar facing 16 counts of misconduct.  According to the San Jose
24         Mercury News, after resigning from the Bar, Mr. Narkin set up the
25         Saratoga University School of Law, "an Internet correspondence
26         program where he served as dean and, from all appearances, faculty

27

28
                                              4

1   and administration."  The newspaper article details complaints made

2   by students that "Narkin took tuition up front and then did little in

3   return."  The law school was eventually stripped of its license by the

4   State of California.  Mr. Narkin has objected to other class action

5   settlements in the past.

6   *Larsen,* 2014 WL 3404531, at *7 n.5.[8]   Narkin's objection should therefore be

7   viewed with extreme caution.

8       **A.    Narkin Lacks Standing to Object to the Fee Motion.**

9       Before even addressing the (lack of) merits of Narkin's objection, it should

10   be noted that he does not even have standing.  Simply being a class member does

11   not automatically confer standing to challenge an attorneys' fee award – the

12   objecting class member must be "aggrieved" by the fee award.  *In re First Capital*

13   *Holdings Corp. Financial Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994).  If

14   modifying the fee award would not "actually benefit the objecting class member,"

15   the class member lacks standing.  *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123,

16   1126 (9th Cir. 2002); *cf. Rodriguez v. Disner*, 688 F.3d 645, 660 n.11 (9th Cir.

17   2012) (addressing appellate standing) ("'objectors who do not participate in a

18   settlement lack standing to challenge class counsel's . . . fee award because,

19   without a stake in the common fund pot, a favorable outcome would not redress

20   their injury'").  Here, Narkin has not filed a claim.  Supp. Dahl Decl., ¶21.  Thus, a

21   reduction in the requested fee award would not redress any injury to Narkin.

22

23   [8] Indeed, there are numerous articles discussing Narkin's questionable history, noting a "track record that also includes a litany of malpractice suits against him." Lawrence Decl., Exh. C.  http://www.lawschool.com/narkin.htm   After surrendering his law license rather than face disciplinary charges for "ripping of his clients and botching their cases," Narkin started a correspondence "law school" wherein he gave students a "crash course in fraud." *Id.*  In a five year time span alone, there were more than 30 complaints made against his law school concerning false advertising and fraud. *Id.*

27

28   REPLY IN SUPPORT OF PLAINTIFF'S MOTION          Civ. No.: 2:14-cv-00670-RGK(AGRx)
     FOR FINAL APPROVAL OF CLASS ACTION
     SETTLEMENT AND REQUEST FOR ENTRY OF
     FINAL JUDGMENT

5

1    Accordingly, Narkin does not have standing to object to the Fee Motion.  *See, e.g.*,

2    *City of Livonia Employees' Ret. System v. Wyeth*, 07 CIV. 10329 (RJS), 2013 WL

3    4399015, at *1-2 (S.D.N.Y. Aug. 7, 2013).  Narkin's objection therefore should be

4    overruled.

5         **B.     Narkin's Objection Lacks Merit.**

6         Objectors bear the burden of proving any challenges to the reasonableness of

7    a class action settlement. *See United States v. Oregon,* 913 F.2d 576, 581 (9th Cir.

8    1990).  Narkin's canned objection fails to meet this burden.

9         To begin with, his first argument regarding the relationship between the

10   settlement and damages has already been rejected in *Arnold v. FitFlop USA, LLC*,

11   No. 11-CV-0973 W(KSC), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014)

12   where the court found that "the settlement bears a close relationship to the Class

13   Members' damages."   That case also involved claims of false advertising and

14   benefits that FitFlop footwear allegedly did not provide, causing customers to pay

15   a premium.   The settlement provided for injunctive relief and cash payments,

16   including the possibility of receiving up to a complete refund.  The exact same is

17   true here:   the Settlement calls for Defendants to change their marketing of

18   PureVia and to make payments to class members.   In fact, refunds to class

19   members from the Settlement will be at least $5.00, which is more than the average

20   price of certain Pure Via Consumer Products.

21        The majority of Narkin's objection is spent arguing that somehow the

22   existence of a protective order in this case weighs against the fairness of the

23   Settlement – a nonsensical proposition since protective orders are routine in

24   complex civil litigation.  The crux of his complaint seems to be that he was unable

25   to see any of the documents produced in this case.  The *Larsen* Court faced this

26   verbatim argument from Narkin and held that "'[c]lass members who object to a

27

28        6

1  class action settlement do not have an absolute right to discovery.'" 2014 WL
2  3404531, at *7.  *See also In re Wachovia Corp. Pick-A-Payment Mortgage Mktg.*
3  *& Sales Practices Litig.,* No. 09-cv-02015 PSG, 2011 WL 1496342, at *1 (N.D.
4  Cal. Apr. 20, 2011) ("'While objectors are entitled to meaningful participation in
5  the settlement proceedings, and leave to be heard, they are not automatically
6  entitled to discovery or to question and debate every provision of the proposed
7  compromise.'"); *Hemphill v. San Diego Ass'n of Realtors,* 225 F.R.D. 616, 619
8  (S.D. Cal. 2004) (class members who object to a class action settlement do not
9  have an absolute right to discovery).[9]

10       Narkin also claims that, due to the protective order, Plaintiff's Counsel may
11  have seen "no need to engage in real discovery."  This recycled argument has also
12  been rejected specifically as to Narkin.  *See, e.g. Larsen*, 2014 WL 3404531, at*8.
13  Furthermore, it is clear that Narkin did not even read the settlement papers in this
14  case, because, if he had, he would have seen that extensive discovery occurred
15  here, including lengthy expert depositions.    Fee Mem. at 7-8.  Therefore, his
16  objection on the grounds of the mere existence of a protective order is
17  unsubstantiated.

18       Narkin's blanket objection to the amount of the proposed attorneys' fees as
19  being "over reaching and represent[ing] unjust enrichment," aside from being
20  another one of his routine objections, once again also shows his failure to read the
21  papers in this case.    The Fee Memorandum outlines how the requested fee is
22  actually 23% of the Settlement Fund, thus falling below the 25% benchmark
23  established in this Circuit.  *Id.* at 5-6.  *See also Powers v. Eichen,* 229 F.3d 1249,
24  1256 (9th Cir. 2000) (25% is the benchmark).   It furthermore shows that the

_____

[9] Conveniently overlooking strong case law against his argument, Narkin cites to a case from a bankruptcy court in Georgia from 1981.

REPLY IN SUPPORT OF PLAINTIFF'S  MOTION          Civ. No.: 2:14-cv-00670-RGK(AGRx)
FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND REQUEST FOR ENTRY OF
FINAL JUDGMENT

1   requested fee results in a fractional multiplier (of under 0.5) when the lodestar
2   crosscheck is applied.  *Id.* at 13-14.  Indeed, this Court approved a very similar fee
3   request in *Arnold* over the same (word for word) objection to the attorneys' fees
4   from Narkin, ultimately finding that the fees (25% of the fund and a fractional
5   multiplier of 0.44) were reasonable.  2014 WL 1670133, at*8.

6   ### C.   *Cy Pres*

7   Finally, Narkin objects that the proposed *cy pres* relief and beneficiary are
8   somehow inappropriate because the American Diabetes Association (the "ADA")
9   has not been injured.  This, however, is not the standard in the Ninth Circuit.
10  Contrary to Narkin's baseless argument, the ADA has a sufficient nexus with the
11  underlying claims and is a highly appropriate *cy pres* beneficiary.  All the Ninth
12  Circuit requires is that there be a "nexus [between the *cy pres* distribution and] the
13  interests of the class members."  *Lane v. Facebook Inc.*, 696 F.3d 811, 821 (9th
14  Cir. 2012).  The *cy pres* remedy simply "'must account for the nature of the
15  plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the
16  silent class members[.]'"  *Id.* at 821.

17  Here, the Action alleges consumer protection claims concerning the sale of
18  artificial sweeteners.  The ADA declaration clearly sets forth how "its mission
19  conforms with the underlying objectives and purposes" of this case.  *See,* ECF No.
20  109-10.  The Action alleges that consumers were misled while attempting to
21  purchase a "natural" sugar alternative in seeking a healthy and nutritious lifestyle.
22  The ADA clearly has an interest in ensuring that members of the public can rely on
23  the representations of alternative sweetener products, especially as some
24  individuals selecting those products are doing so to assist in managing their
25  diabetes.  Accordingly, the Court should find that the ADA is an appropriate *cy*
26  *pres* beneficiary and overrule Narkin's objection.  *See, e.g. Mirakay v. Dakota*
27
28

8

1    *Growers Pasta Co., Inc.,* No. 13-cv-4429 (JAP), 2014 WL 5358987, at *2 (D.N.J.

2    Oct. 20, 2014) (ADA selected as *cy pres* beneficiary).

3      For the reasons stated herein, Narkin's meritless objection should be

4    overruled.

5        **D.**     **Narkin's Objection Was Not Timely Filed.**

6      Additionally, Narkin's objection is untimely.  The Stipulation Regarding

7    Dates for Final Approval of Settlement (ECF No. 114) (granted by this Court on

8    October 17, 2014) (ECF No. 115) states that any Class Member wishing to object

9    "must file any objections to the Settlement and the Motion for Attorneys' Fees,

10   Costs, and Expenses and/or for Incentive Awards **by no later than January 2,**

11   **2015**." ECF No. 114 at 2.  This directive was repeated in the Court-approved long-

12   form notice.  ECF No. 109-3 at 7.  The Clerk's date stamp indicates that Narkin's

13   objection was not received until January 8, 2014, **six days after** the objection

14   deadline.   ECF No. 121.   Thus, Narkin's objection should be overruled as

15   untimely. *See, e.g.*, *Nwabueze v. AT & T Inc.*, C-09-01529-SI, 2013 WL 6199596,

16   at *7 (N.D. Cal. Nov. 27, 2013).

17 **V.**     **CONCLUSION**

18      For the foregoing reasons, Plaintiff respectfully requests that the Court grant

19   the Final Approval Motion and the Fee Motion, overrule the objection of Narkin,

20   and enter orders substantially in the form previously filed with the Court.

21   DATED:  January 26, 2015       Respectfully submitted,

22                             SCOTT+SCOTT,

                                ATTORNEYS AT LAW, LLP

23

24                       By: */s/* Amanda F. Lawrence

                            Amanda F. Lawrence (*pro hac vice*)

25                           alawrence@scott-scott.com

26                           156 South Main Street

                          P.O. Box 192

27                           Colchester, CT 06415

                                         9

28 REPLY IN SUPPORT OF PLAINTIFF'S  MOTION         Civ. No.: 2:14-cv-00670-RGK(AGRx)
FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND REQUEST FOR ENTRY OF
FINAL JUDGMENT

1

2

Telephone: 860-537-5537
Facsimile: 860-537-4432

3

4

5

6

7

8

Joseph P. Guglielmo (*pro hac vice*)
jguglielmo@scott-scott.com
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue
40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile: 212-223-6334

9

10

11

12

13

Christopher M. Burke (214799)
cburke@scott-scott.com
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
4771 Cromwell Avenue
Los Angeles, CA 90027
Telephone: (213) 985-1274
Facsimile:  (213) 985-1278

14

15

16

17

18

E. Kirk Wood
WOOD LAW FIRM, LLC
P.O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-908- 4906
Facsimile: 866-747-3905
ekirkwoodl@bellsouth.net

19

20

21

22

23

Greg L. Davis
DAVIS & TALIAFERRO
7031 Halcyon Park Drive
Montgomery, AL 36117
Telephone: 334-832-9080
Facsimile: 334-409-7001
gldavis@knology.net

24

*Attorneys for Plaintiff*

25

26

27

28

10

REPLY IN SUPPORT OF PLAINTIFF'S  MOTION
FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND REQUEST FOR ENTRY OF
FINAL JUDGMENT

Civ. No.: 2:14-cv-00670-RGK(AGRx)

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on January 26, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

     I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 26, 2015.


                    /s/ Amanda F. Lawrence

                    AMANDA F. LAWRENCE (*pro hac vice*)
                    SCOTT+SCOTT,
                    ATTORNEYS AT LAW, LLP
                    156 South Main Street
                    P.O. Box 192
                    Colchester, CT 06415
                    Telephone: 860-537-5537
                    Facsimile: 860-537-4432
                    alawrence@scott-scott.com

11